IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIAN ARRINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and NCAA FOOTBALL,<br><br>Defendants. | Case No. 11-cv-06356<br><br>Honorable Sharon Johnson Coleman |
| DEREK OWENS and ALEX RUCKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>Defendant. | Case No. 11-cv-06816<br><br>Honorable Sharon Johnson Coleman |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A.     Proposed Interim Lead Counsel Has Thoroughly Investigated the Potential Claims in This Matter .................................................................................................. 3

    B.     Proposed Interim Lead Counsel Is Experienced in Handling Class Actions and Other Complex Litigation ............................................................................... 4

            1.     Hagens Berman should be appointed Interim Lead Counsel ..................... 4

            2.     Siprut PC should be appointed Interim Lead Counsel .............................. 6

    C.     Plaintiff's Counsel Is Well Versed in the Applicable Law ........................................ 7

    D.     Proposed Interim Lead Counsel Have the Resources Necessary to Represent the Class ................................................................................................... 9

III. CONCLUSION ................................................................................................................... 9

# I. INTRODUCTION

Plaintiffs respectfully request that this Court grant their motion for appointment of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Siprut PC ("Siprut") as Plaintiffs' Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g).

Hagens Berman and Siprut (collectively, "Proposed Interim Lead Counsel") have identified and thoroughly investigated the potential claims in this action against Defendants NCAA and NCAA Football for having engaged in a long-established pattern of negligence and inaction with respect to concussions and concussion-related maladies sustained by the NCAA's student-athletes, all the while profiting immensely from those same student-athletes. Thus, Proposed Interim Lead Counsel initiated the litigation on behalf of the putative class of former NCAA football players who sustained a concussion(s) or suffered concussion-like symptoms while playing football at an NCAA school and who have, since ending their NCAA careers, developed chronic headaches, chronic dizziness or dementia or Alzheimer's disease and/or other physical and mental problems as a result of the concussion(s) suffered while a player (the "Class").

Both Hagens Berman and Siprut have exemplary knowledge and experience in handling class actions, complex litigation, and the types of claims asserted in the action. For the reasons discussed herein, Hagens Berman and Siprut will best represent the interests of the putative class as Interim Lead Counsel. Accordingly, Plaintiffs respectfully request that their Motion be granted.

# II. ARGUMENT

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class

action." Section 20.22 of the MANUAL FOR COMPLEX LITIGATION (3d ed. 1995) ("MANUAL") explains when a court should appoint lead counsel:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and conducts witness examinations, may result in waste of time and money, in confusion and indirection, and in unnecessary burden on the court. Special procedures for coordination of counsel are therefore needed and should be instituted early in the litigation to avoid unnecessary costs and duplicative activity.

Manual, § 20.22.

Rule 23(g)(1) provides, in relevant part, that in appointing class counsel the Court:

(A) must consider:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)    counsel's knowledge of the applicable law; and

    (iv)    the resources that counsel will commit to representing the class;

(B)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g)(1).

A class is fairly and adequately represented where counsel is "experienced, competent, qualified, and able to conduct the litigation vigorously." *Murray v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 397 (N.D. Ill. 2006). The considerations set forth below in detail support the designation of Hagens Berman and Siprut as Interim Lead Counsel for the putative Class here.

### A. Proposed Interim Lead Counsel Has Thoroughly Investigated the Potential Claims in This Matter

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. *All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.*

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added). The work of Proposed Interim Lead Counsel to identify and investigate the claims in this case demonstrates that they have, and will continue to, fairly and adequately represent the Class.

Proposed Interim Lead Counsel conducted a thorough investigation of potential claims arising from the NCAA's historical treatment of on-field head injuries and concussions; the NCAA's recently-promulgated concussion management plan; and the latest medical and scientific data on head injuries and their treatment. Proposed Interim Lead Counsel also interviewed class members, and researched and documented the nature and extent of their injuries. These investigative efforts represent a high standard of professionalism and dedication which have been marshaled to identify, develop and demonstrate the claims alleged in Plaintiffs' Complaints.

The Advisory Committee Notes to Rule 23 also contemplate that the appointment of interim class counsel may be necessary to permit the appointed class counsel to conduct the discovery required for the filing of a motion for class certification pursuant to Rule 23. Fed. R.

Civ. P. 23, Advisory Committee Notes (2003). The Notes further state that "[o]rdinarily such work is handled by the lawyer who filed the action." *Id.*

Here, a significant amount of discovery and related motion practice is expected to take place prior to the determination of certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Here, the class certification motion has not yet been briefed, and extensive discovery likely will be necessary first. Moreover, NCAA has yet to respond to the Plaintiffs' Complaints and may move to dismiss. Proposed Interim Lead Counsel's prior thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

B. **Proposed Interim Lead Counsel Is Experienced in Handling Class Actions and Other Complex Litigation**

Hagens Berman and Siprut PC have the experience in class actions and complex litigation necessary to support their appointment as Interim Lead Counsel. Copies of their respective firm résumés are attached as Exhibits A and B.

1. **Hagens Berman should be appointed Interim Lead Counsel.**

Hagens Berman is one of the nation's preeminent and most experienced plaintiff-side class action firms in the country, and possesses the background, experience, and requisite legal knowledge to manage and prosecute this litigation. With 10 offices, including one in Chicago, Hagens Berman has been repeatedly recognized as one of the nation's leading plaintiffs' law firms by the National Law Journal and, since its founding, has represented plaintiffs in class actions and other complex, large-scale litigation across the country. To give just a few representative examples:

• *New England Carpenters Benefits Fund, et al. v. First DataBank Inc. and McKesson Corporation*, Case No. 05-11148 (D. Mass.). Hagens Berman was lead counsel representing

- 4 -

479438V1 - 10270.11

consumers and third-party payers against healthcare services giant McKesson for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) for conspiring to fraudulently inflate the Average Wholesale Price of most common prescription medicines. Hagens Berman settled the case for $350 million on November 21, 2008.

• *In re Pharmaceutical Industry Average Wholesale Price Litigation.* Since 2001, Hagens Berman has led the *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.) against 20 pharmaceutical companies. Serving as lead counsel, Hagens Berman has participated in all phases of the case, including a successful eight-week trial. To date, approximately $210 million has been recovered and the remainder of the case is still pending. The case is considered at the top of the scale in terms of complexity of discovery and motion practice.

• *In re Charles Schwab Corp. Sec. Litig.*, No. 08-cv-01510 (N.D. Cal.). In 2010, the court granted final approval to a $235 million settlement in this action, led by Hagens Berman, arising from investments in mortgage-backed securities. As a condition of the deal, Schwab agreed to allow individual investors outside California to sue it as individuals.

• *In re Expedia Hotel Taxes and Fees Litig.*, No. 05-2-02060-1 (King Co. Super. Ct., Wash.). Led by Hagens Berman, this case alleged that Expedia, the online travel site, charged hotel guests taxes against the retail value of their rooms but was remitting taxes against the wholesale price. The litigation was settled in 2010 for $134 million.

Of particular note, Hagens Berman is sole counsel in *George v. NCAA*, No. 08-03401 (C.D. Cal.), a putative class action against the NCAA that alleges breaches of state lottery laws in connection with the NCAA's men's basketball tournament.

Steve Berman is Hagens Berman's managing partner and is regarded as one of the country's top civil litigators. Recognized as one of the "Top 100 Influential Lawyers in America" by the National Law Journal, Mr. Berman served as a special assistant attorney general for 13 states in the tobacco litigation which resulted in the largest settlement in history. He is an experienced trial lawyer in large-scale cases. He was in the eighth week of trial of the Washington tobacco trial when tobacco settled on a global basis. He has experience in multidistrict litigation trials. He was part of the trial team in the WPPS Litigation (a four-month trial) and is the lead trial lawyer for several classes in claims against twenty-two pharmaceutical companies in *In re Average Wholesale Price Litigation*, MDL 1456 (D. Mass.). In recognition of his prominence, Mr. Berman was also retained by Microsoft to be part of the core national team representing the company in antitrust class actions resulting from Judge Jackson's Findings of Fact in the U.S. Department of Justice's antitrust case against the company.

### 2. Siprut PC should be appointed Interim Lead Counsel.

Mr. Siprut, with his law firm, Siprut PC, is likewise qualified to serve as Interim Lead Counsel. The firm is based in Chicago, where this litigation is pending. Siprut PC focuses exclusively on complex and class action litigation, and has served or is currently serving as sole or co-counsel in numerous high-profile cases. As demonstrated in the Siprut PC firm résumé submitted herewith, Siprut PC has extensive experience in the litigation, trial and settlement of complex litigation matters. Some examples of class actions that the firm is currently prosecuting include:

- *Garavito v. Suntrust Mortgage, et al.* (Case No. 11-cv-06056, N.D. Ill.): Nationwide class action relating to Suntrust's home loan modification practices.

- *Heiman v. Bank of America, NA, and BAC Home Loans Servicing, LP* (Case No. 11-cv-04285, N.D. Ill.): Nationwide class action relating to Bank of America's home loan modification practices.

- *Yuncker v. Bayer ProBiotics* (Case No. 11-3299-ES, U.S. District Court N.J.): Nationwide class action relating to the false marketing and advertising of Bayer's ProBiotic product.

- *Kruse, et al. v. Citigroup, Inc.* (Case No. 11-cv-01003-AG-AN, C.D. Cal.): Nationwide class action relating to the data breach and exposure of Citigroup customers' financial information.

- *Marazzi v. The Dial Corporation* (MDL No. 2263): Nationwide class action relating to the false marketing and advertising of Dial antibacterial hand-soap.

Mr. Siprut is the founder of Siprut PC. He is an Adjunct Professor at Northwestern University School of Law, where he teaches in the Trial Advocacy program, and is a member of the Illinois ARDC Hearing Board. Prior to founding Siprut PC, Mr. Siprut spent his career practicing at some of the top litigation firms in the country. He has first-chair experience in all aspects of litigation, including trial, arbitration, and mediation. He is a frequent author and speaker, having published over 25 articles in the nation's leading law reviews and legal journals. Mr. Siprut is a graduate of Northwestern University School of Law, and is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois (including its Trial Bar), the Seventh Circuit Court of Appeals, and the United States Supreme Court.

Finally, Proposed Interim Lead Counsel have already established and intend to maintain professional working relationships with all counsel for Defendants in this action. In light of the above, there can be no doubt that Proposed Interim Lead Counsel have the requisite skills and experience to efficiently litigate this action.

## C. Plaintiff's Counsel Is Well Versed in the Applicable Law

Proposed Interim Lead Counsel are knowledgeable about the law applicable to the claims herein, as demonstrated by their experience litigating other multi-state class actions and, in particular, complex class actions.

Moreover, Hagens Berman has specific, extensive experience in litigating medical monitoring claims. For example, Hagens Berman represented several individuals in Illinois in a class action case against Kerr-McGee, alleging that it was responsible for poisoning the community of West Chicago with a blanket of industrial waste products that contained radioactive thorium and other hazardous substances, including lead-212. Thousands of proposed class members were continuously exposed to the Kerr-McGee's waste. The proposed classes included a continuing tort/residential property class as well as a medical monitoring class on behalf of the children of West Chicago. In December 1996, Hagens Berman filed a class action complaint against Kerr-McGee in the United States District Court for the Northern District of Illinois, Case No. 96-C-8583. Plaintiffs' medical monitoring claims brought on behalf of children and their claims for punitive damages survived both a motion to dismiss and a motion for summary judgment. In August 2000, the Court granted final approval of settlement, which provided for the establishment of a $20 million medical monitoring fund for the children of West Chicago.

Similarly, Hagens Berman's expertise in medical monitoring is further supported by its work with experts in *In re Asarco/Vashon-Maury Island Litig.*, No. C00-0695Z (W.D. Wash.). That case involved hazardous concentrations of lead and arsenic that remained on plaintiffs' Vashon-Maury Island properties that were left behind by Asarco's 95-year legacy of toxic air emissions from its smelter across the Puget Sound. The work of Hagens Berman on such cases makes the firm well qualified to serve as class counsel in this litigation, which similarly concerns medical monitoring claims.

### D. Proposed Interim Lead Counsel Have the Resources Necessary to Represent the Class

Proposed Interim Lead Counsel have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of the Class members. Their firms have thoroughly investigated, developed and gathered evidence of class members' claims against the NCAA, and the findings of that investigation are clearly set forth in the allegations of their Complaints. Going forward, Proposed Interim Lead Counsel will continue to staff this case with experienced lawyers to prepare pleadings, write memoranda, conduct discovery and assist in trial preparation. As Interim Lead Counsel, Hagens Berman and Siprut will continue to commit the same resources and effort to this case as they have committed to their other, successful litigations.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Hagens Berman Sobol Shapiro LLP and Siprut PC as Plaintiffs' Interim Lead Counsel on behalf of the putative Class, and grant such other and further relief as this Court deems appropriate.

Date: October 17, 2011

By:/s/ Elizabeth A. Fegan
Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Suite 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com

479438V1 - 10270.11

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Robert B. Carey
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, AZ 85003
602.840.5900
602.840.3012 (F)
rob@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois 60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com

**Proposed Interim Lead Counsel**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Brief In Support of Joint Motion for Appointment of Interim Class Counsel** was filed in both cases on this 17th day of October, 2011, via the electronic filing system of the Northern District of Illinois, which will automatically serve counsel of record in both actions.

/s/ Elizabeth A. Fegan
Elizabeth A. Fegan
