**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Civil Action No. 1:11-cv-06356 |
| Plaintiffs, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) | **JURY DEMAND** |
| Defendant. | ) ) | |

**JOINT MOTION FOR
ENTRY OF STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Adrian Arrington, Derek Owens, Mark Turner and Angela Palacios along with Defendant National Collegiate Athletic Association (collectively, the "Parties"), by and through their respective counsel, hereby jointly request that the Court enter the Stipulated Qualified HIPAA Protective Order attached hereto as Exhibit A. In support of this motion, the Parties state as follows:

1.      The Parties anticipate that discovery will involve the production of confidential medical information ("Protected Health Information") by non-parties qualifying as "Covered Entities" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified primarily at Sections 18, 26 and 42 of the United States Code.

2.      Pursuant to 45 C.F.R. § 164.512(e), Covered Entities may disclose Protected Health Information where such information is protected by a qualified protective order.

3.     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties have discussed and agreed to present to the Court for approval and entry a Stipulated Qualified HIPAA Protective Order, a copy of which is attached hereto as Exhibit A.

Wherefore, for the foregoing reasons, and for good cause shown, the Parties respectfully request that the Court enter the attached Stipulated Qualified HIPAA Protective Order and grant such other relief as it may deem appropriate.

Date:  March 6, 2012

COUNSEL FOR PLAINTIFFS

By: /s/ Daniel J. Kurowski

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Suite 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA  98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Joseph J. Siprut
Aleksandra M. S. Vold
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois  60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com

COUNSEL FOR DEFENDANT

By: /s/ Johanna M. Spellman

Sean M. Berkowitz
Mark S. Mester
B. John Casey
Johanna M. Spellman
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
Phone:  (312) 876-7700
Facsimile:  (312) 993-9767
john.casey@lw.com
mark.mester@lw.com
sean.berkowitz@lw.com
johanna.spellman@lw.com

*Attorneys for Defendant National
Collegiate Athletic Association*

2

avold@siprut.com

*Interim Lead Counsel for Plaintiffs*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Civil Action No. 1:11-cv-06356 |
| Plaintiffs, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) | **JURY DEMAND** |
| Defendant. | ) ) | |

<u>**STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER**</u>

To facilitate the production and receipt of information in this action, Plaintiffs Adrian Arrington, Derek Owens, Mark Turner and Angela Palacios (collectively "Plaintiffs") and Defendant National Collegiate Athletic Association ( "Defendant") have stipulated and agreed, through their respective counsel, to the entry of an Order pursuant to Federal Rule of Civil Procedure 26(c) for the protection of protected health information that may be produced or otherwise disclosed during the course of this action by any party or non-party to this proceeding. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1.      "HIPAA" is defined herein as the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26 and 42 of the United States Code, and "Privacy Standards" is defined herein as the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

2.      Confidentiality is required by HIPAA for all medical and mental health records

and is necessary to protect private medical information of the Plaintiffs and/or members of the putative classes.

3.      As used in this Order, "Protected Health Information" has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501.

4.      As used in this Order, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

5.      This Court authorizes any Covered Entity who is served with a subpoena or discovery request in this litigation to disclose Protected Health Information in response to such request or subpoena.  This Order is intended to authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA.

6.      Further, pursuant to 45 C.F.R. § 164.512(e)(1)(v), the parties agree and the Court orders that this Order is also a Qualified Protective Order and all parties and their attorneys are hereby:

(a)      Prohibited from using or disclosing the Protected Health Information for any purpose other than this litigation for which the Protected Health Information was requested, including any appeal thereof; and

(b)      Required to return to the Covered Entity or to destroy the Protected Health Information (including all copies made) obtained in this litigation within thirty (30) days of the entry of final judgment not subject to further appeal, except that counsel are not required to secure the return or destruction of Protected Health Information submitted to the Court.

7.      A producing party may designate a document as Protected Health Information for protection under this Order by placing or affixing the words "PROTECTED HEALTH

2

INFORMATION - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Health Information.

8.     Protected Health Information may be disclosed only to the named Plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

9.     The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Health Information obtained in this litigation to any third person or entity except as set forth in subparagraphs (1)-(8).  Subject to these requirements, the parties and their attorneys shall be permitted to use or disclose Protected Health Information to the following categories of persons:

(1)  Counsel.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2)  Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)  The Court and its personnel;

(4)  Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)  Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

3

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Protected Health Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and

(8) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

10. Except as otherwise provided in this Order, documents designated as Protected Health Information shall be treated as Confidential Information in accordance with the Agreed Confidentiality Order in this proceeding.

11. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

12. This Order does not control or limit the use of Protected Health Information pertaining to Plaintiff or a member of the putative classes that comes into the possession of the parties or their attorneys from a source other than a Covered Entity.

13. Nothing in this Order authorizes counsel for the Defendants to obtain medical

4

records or information through means other than formal discovery requests, subpoenas,

depositions, pursuant to a patient authorization, or other lawful process.

14.     This Order does not authorize either party to seal court filings or court

proceedings.  The Court will make a good cause determination for filing under seal if and when

the parties seek to file Protected Health Information under seal.

15.     Nothing in this Order is intended to indicate or suggest that Protected Health

Information is in fact relevant to this litigation.  Further, this Order does not limit any party's

ability to challenge the relevance of Protected Health Information.


***So Ordered.***

Dated:                                           _____

                                                         U.S. Magistrate Judge Geraldine Soat Brown


**WE SO MOVE**                                   **WE SO MOVE**
**and agree to abide by the**                    **and agree to abide by the**
**terms of this Order**                          **terms of this Order**


COUNSEL FOR PLAINTIFFS                           COUNSEL FOR DEFENDANT

By: /s/ Daniel J. Kurowski                       By: /s/ Johanna M. Spellman

Elizabeth A. Fegan                                   Sean M. Berkowitz
Daniel J. Kurowski                                   Mark S. Mester
HAGENS BERMAN SOBOL SHAPIRO LLP                      B. John Casey
1144 W. Lake St., Suite 400                          Johanna M. Spellman
Oak Park, IL 60301                                   LATHAM & WATKINS LLP
708.628.4960                                         233 South Wacker Drive, Suite 5800
708.628.4950 (F)                                     Chicago, IL  60606
beth@hbsslaw.com                                     Phone:  (312) 876-7700
dank@hbsslaw.com                                     Facsimile:  (312) 993-9767
                                                     john.casey@lw.com
                                                     mark.mester@lw.com

5

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA  98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois  60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com

*Interim Lead Counsel for Plaintiffs*

sean.berkowitz@lw.com
johanna.spellman@lw.com

*Attorneys for Defendant National
Collegiate Athletic Association*

6