**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. 1:11-cv-06356 |
| | ) | |
| Plaintiffs, | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | Magistrate Judge Geraldine Soat Brown |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR**
**ENTRY OF AGREED CONFIDENTIALITY ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Adrian Arrington, Derek Owens, Mark Turner and Angela Palacios along with Defendant National Collegiate Athletic Association (collectively, the "Parties"), by and through their respective counsel, hereby jointly request that the Court enter the Agreed Confidentiality Order attached hereto as Exhibit A. In support of this motion, the Parties state as follows:

1. The Parties anticipate that discovery will involve the production of documents, by parties and non-parties, and answers to interrogatories that may require the disclosure of confidential information, including medical, commercial and financial information. The Parties also anticipate that they will participate in oral depositions of both party and non-party witnesses, which may require the disclosure of confidential information.

2. To ensure that confidential information will not be used for any purpose other than to prepare for and to conduct discovery and trial in this action, the Parties believe that the

entry of a protective order is necessary to sufficiently protect confidential information, while facilitating open discovery.

3.      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and in accordance with the form provided by the Court, the Parties have discussed and agreed to present to the Court for approval and entry a Proposed Agreed Confidentiality Order, a copy of which is attached hereto as Exhibit A.

4.      Pursuant to the Court's case management procedures, a redline showing any changes made to the model confidentiality order form is attached hereto as Exhibit B.

Wherefore, for the foregoing reasons, and for good cause shown, the Parties respectfully request that the Court enter the attached Agreed Confidentiality Order and grant such other relief as it may deem appropriate.


Date:  March 6, 2012


COUNSEL FOR PLAINTIFFS

By: /s/ Daniel J. Kurowski

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Suite 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA  98101
206.623.7292
206.623.0594 (F)

COUNSEL FOR DEFENDANT

By: /s/ Johanna M. Spellman

Sean M. Berkowitz
Mark S. Mester
B. John Casey
Johanna M. Spellman
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
Phone:  (312) 876-7700
Facsimile:  (312) 993-9767
john.casey@lw.com
mark.mester@lw.com
sean.berkowitz@lw.com
johanna.spellman@lw.com

*Attorneys for Defendant National Collegiate Athletic Association*

steve@hbsslaw.com

Joseph J. Siprut
Aleksandra M. S. Vold
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois  60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com
avold@siprut.com

*Interim Lead Counsel for Plaintiffs*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Civil Action No. 1:11-cv-06356 |
| Plaintiffs, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | Magistrate Judge Geraldine Soat Brown |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) | **JURY DEMAND** |
| Defendant. | ) ) | |

## AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records of a person who is not a party to the case.

Information or documents that are available to the public may not be designated as Confidential Information.

### 3. Designation.

**(a)**  Subject to the terms of the separately negotiated protocol for the production of electronically stored information, a party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)**  A party may designate a document as Confidential Information only after review of the document by an attorney or a party appearing *pro se* who has in good faith determined that the document contains Confidential Information as defined in this order.[1]

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of fourteen (14) days after receipt of the deposition transcript. No later than the fourteenth day after receipt of the deposition transcript, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless (a) the parties agree to a different time for serving a Notice of Designation or (b) the party seeking a late designation seeks and obtains relief from the deadline from the Court for good cause shown.

5. **Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

---

practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

**(b)  Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs (1)-(8).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

> **(1)  Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;
>
> **(2) Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;
>
> **(3)  The Court and its personnel;**
>
> **(4) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;
>
> **(5)  Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;
>
> **(6)  Consultants and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;
>
> **(7)  Witnesses at depositions.**  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the

transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(8)  **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)  **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.  **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (a) provisionally file the document electronically under seal; (b) file electronically at the same time a public-record version of the document with the Confidential Information excluded; and (c) move the Court for leave to file the Confidential Information under seal. That sealing motion must be filed before or simultaneously with the provisional filing of the Confidential Information under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential Information has the burden of demonstrating the need for sealing. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

**8. No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a)** Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity

6

to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within thirty days of the entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be destroyed and the party in possession shall certify to the producing party that it has done so. Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**(c) Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection

under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Attorney-Client Privilege And Work Product Protections**. If information that is subject to a claim of privilege or of protection as trial-preparation material is disclosed in discovery, the party making the claim of privilege may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although all parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege or protection.

**18. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**19. Designations by Non-Parties**. Non-parties to the litigation may designate documents containing Confidential Information for protection under this Order.

*So Ordered.*

Dated: _____          _____
                                 U.S. Magistrate Judge Geraldine Brown

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

COUNSEL FOR PLAINTIFFS

By: /s/ Daniel J. Kurowski

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Suite 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois 60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com

*Interim Lead Counsel for Plaintiffs*

COUNSEL FOR DEFENDANT

By: /s/ Johanna M. Spellman

Sean M. Berkowitz
Mark S. Mester
B. John Casey
Johanna M. Spellman
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Phone: (312) 876-7700
Facsimile: (312) 993-9767
john.casey@lw.com
mark.mester@lw.com
sean.berkowitz@lw.com
johanna.spellman@lw.com

*Attorneys for Defendant National
Collegiate Athletic Association*

**ATTACHMENT A**


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**


| | | |
|---|---|---|
| ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. 1:11-cv-06356 |
| | ) | |
| Plaintiffs, | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | Magistrate Judge Geraldine Soat Brown |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

<u>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as Confidential Information in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____  _____

Signature

# EXHIBIT B

| | |
|---|---|
| **ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated,** | ) ) ) ) ) |
| | ) **Civil Action No. 1:11-cv-06356** |
| **Plaintiffs,** | ) |
| **v.** | ) **Judge Sharon Johnson Coleman** ) |
| | ) **Magistrate Judge Geraldine Soat Brown** |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,** | ) ) ) **JURY DEMAND** |
| | ) |
| **Defendant.** | ) |
| | ) |

~~Form LR 26.2~~

## ~~MODEL~~ AGREED CONFIDENTIALITY ORDER

~~UNITED STATES DISTRICT COURT~~
~~NORTHERN DISTRICT OF ILLINOIS~~

| | | |
|---|---|---|
| | ) | |
| | ) | |
| ~~Plaintiff~~ | ) | |
| | ) | |
| ~~v.~~ | ) | ~~Civil No.~~ |
| | ) | ~~District Judge~~ |
| | ) | ~~Magistrate Judge~~ |
| | ) | |
| ~~Defendant~~ | ) | |

~~[Agreed]‡~~ ~~Confidentiality Order~~

~~[if by agreement]~~ The parties to this Agreed Confidentiality Order have agreed to the

terms of this Order; accordingly, it is ORDERED:

---

~~‡ Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text.~~

~~[if not fully agreed] A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:~~

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records of a person who is not a party to the case. [2] Information or documents that are available to the public may not be designated as Confidential Information.

**3. Designation.**

---

[2] ~~If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.~~

(a) ~~A~~ **Subject to the terms of the separately negotiated protocol for the production of electronically stored information, a** party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time ~~of~~ the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall ~~be~~ also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)  A party may designate a document as Confidential Information only after review of the document by an attorney or a party appearing *pro se* who has in good faith determined that the document contains Confidential Information as defined in this order.[3][1]

    **4.  Depositions.** [4]

---

[3][1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

~~Alternative A. Deposition testimony is protected by this Order only if designated as~~ ~~"CONFIDENTIAL~~ — *SUBJECT TO PROTECTIVE ORDER"* ~~on the record at the time the~~ ~~testimony is taken. Such designation shall be specific as to the portions that contain~~ ~~Confidential Information. Deposition testimony so designated shall be treated as~~ ~~Confidential Information protected by this Order until fourteen days after delivery of the~~ ~~transcript by the court reporter. Within fourteen days after delivery of the transcript, a~~ ~~designating party may serve a Notice of Designation to all parties of record identifying the~~ ~~specific portions of the transcript that are designated Confidential Information, and~~ ~~thereafter those portions identified in the Notice of Designation shall be protected under~~ ~~the terms of this Order. The failure to serve a timely Notice of Designation waives any~~ ~~designation of deposition testimony as Confidential Information that was made on the~~ ~~record of the deposition.~~

~~Alternative B.~~ Unless all parties agree on the record at **the** time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of fourteen **(14)** days after ~~the conclusion~~**receipt** of the deposition **transcript**. No later than the fourteenth day after ~~the conclusion~~**receipt** of the deposition **transcript**, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated **"**~~Confidential~~**ONFIDENTIAL** ~~Information,~~ — *SUBJECT TO PROTECTIVE ORDER"* and thereafter those portions identified in the Notice of Designation shall be protected **under** the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information**, unless (a) the**

---

[4] ~~The parties or movant seeking the order shall select one alternative for handling~~ ~~deposition testimony and delete by redlining the alternative provision that is not chosen.~~

**parties agree to a different time for serving a Notice of Designation or (b) the party seeking a late designation seeks and obtains relief from the deadline from the Court for good cause shown.**

~~5. Protection of Confidential Material.~~

**5.  Protection of Confidential Material.**

**(a)  General Protections.**   Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. ~~[INCLUDE IN PUTATIVE CLASS ACTION CASE:~~ In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.~~]~~

**(b)  Limited ~~Third-Party~~Third Party Disclosures.**   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information **designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"** to any third person or entity except as set forth in subparagraphs (1)-(~~6~~**8**).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1)  Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3)  The Court and its personnel;**

**(4) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

**(5)  Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

**(6)  Consultants and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; ~~and~~

**(7)  Witnesses at depositions.**  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.~~.~~**; and**

**(8)  Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)  Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall

maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (a) provisionally file the document electronically under seal; (b) file electronically at the same time a public-record version of the document with the Confidential Information excluded; and (c) move the Court for leave to file the Confidential Information under seal. That sealing motion must be filed before or simultaneously with the provisional filing of the Confidential Information under seal, and must be noticed for presentment promptly thereafter. Any document filed under seal without such a sealing motion may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential

Information has the burden of demonstrating the need for sealing.  Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

       **8.  No Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

       **9.  Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

       **(a)**  Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

       **(b)**  Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10.  Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11.  Use of Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the ~~use~~**admissibility** of any document, material, or information at any trial or hearing.  A party that intends to present or which anticipates that another party may present Confidential ~~i~~**I**nformation at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.  Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three **(3)** court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within thirty days ~~after dismissal or~~<u>of the</u> entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be ~~returned to~~<u>destroyed and</u> the ~~producing~~ party ~~unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental~~<u>in impr</u>~~e~~<u>oss</u>ession~~s of the receiving party, that party elects to destroy the documents and~~<u>shall</u> certifie~~s~~<u>y</u> to the producing party that it has done so. Notwithstanding the

above requirements to ~~return or~~ destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**(c)  Deletion of Documents Filed under Seal from ECF System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15.  Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16.  No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.  Attorney-Client Privilege And Work Product Protections.  If information that is subject to a claim of privilege or of protection as trial-preparation material is disclosed in discovery, the party making the claim of privilege may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not**

**use or disclose the information until the claim is resolved.  Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although all parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege or protection.**

  **1~~7~~8.  Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

  **19.  Designations by Non-Parties.  Non-parties to the litigation may designate documents containing Confidential Information for protection under this Order.**

  *So Ordered.*

  Dated:         _____  _____
             ~~U.S. District Judge~~

             U.S. Magistrate Judge **Geraldine Brown**

~~[Delete signature blocks if not wholly by agreement]~~
**WE SO MOVE**            **WE SO MOVE**
**and agree to abide by the**        **and agree to abide by the**
**terms of this Order**          **terms of this Order**
_____    _____

~~Signature~~              ~~Signature~~

_____    _____

~~Printed Name~~           ~~Printed Name~~

~~Counsel for:~~ _____    ~~Counsel for:~~
_____

~~Dated:~~              ~~Dated:~~

**COUNSEL FOR PLAINTIFFS**

By: /s/ Daniel J. Kurowski

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO
LLP
1144 W. Lake St., Suite 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois 60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com

*Interim Lead Counsel for Plaintiffs*

**COUNSEL FOR DEFENDANT**

By: /s/ Johanna M. Spellman

Sean M. Berkowitz
Mark S. Mester
B. John Casey
Johanna M. Spellman
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Phone: (312) 876-7700
Facsimile: (312) 993-9767
john.casey@lw.com
mark.mester@lw.com
sean.berkowitz@lw.com
johanna.spellman@lw.com

*Attorneys for Defendant National
Collegiate Athletic Association*

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | |
|---|---|
| **ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated,** ) ) ) ) ) | **Civil Action No. 1:11-cv-06356** |
| **Plaintiffs,** ) | **Judge Sharon Johnson Coleman** |
| **v.** ) ) | |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,** ) ) | **Magistrate Judge Geraldine Soat Brow** |
| ) | **JURY DEMAND** |
| **Defendant.** ) ) ) | |

| | | | |
|---|---|---|---|
| ~~Plaintiff~~ | ~~)~~ | | |
| | ~~)~~ | | |
| | ~~)~~ | | |
| ~~v.~~ | ~~)~~ | ~~Civil No.~~ | |
| | ~~)~~ | ~~District Judge~~ | |
| | ~~)~~ | ~~Magistrate Judge~~ | |
| | ~~)~~ | | |
| ~~Defendant~~ | ~~)~~ | | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the United States District Court for the Northern District of Illinois in matters

relating to the Confidentiality Order and understands that the terms of the Confidentiality Order

obligate him/her to use materials designated as Confidential Information in accordance with the

Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential Information to any other person, firm or concern.

     The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name:      _____

Job Title:      _____

Employer:      _____

Business Address:      _____

     _____

     _____

Date: _____      _____

                            Signature