**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER,** and **ANGELA PALACIOS, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| | ) | **Civil Action No. 1:11-cv-06356** |
| **Plaintiffs,** | ) ) | **Judge Sharon Johnson Coleman** |
| **v.** | ) ) | |
| | ) | **Magistrate Judge Geraldine Soat Brown** |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,** | ) ) | |
| **Defendant.** | ) | |

**RESPONSE IN OPPOSITION TO THE MOTION
TO VOLUNTARILY DISMISS THE CLAIMS OF MARK TURNER**

Defendant National Collegiate Athletic Association ("NCAA") responds as follows to Plaintiff Mark Turner's Motion to Voluntarily Dismiss (Dkt. #58):

1.     On March 30, 2012, counsel for Plaintiffs Adrian Arrington, Derek Owens, Mark Turner and Angela Palacios (collectively, "Plaintiffs") filed a motion to dismiss the claims of Plaintiff Mark Turner on the grounds that "Turner informed Counsel that he does not wish to be a named plaintiff in this case." Motion to Dismiss at 1. Also on March 30, 2012, Plaintiffs' counsel filed a motion to withdraw as counsel for Plaintiff Turner on the grounds that "Turner has not responded to Movants' multiple and repeated attempts to communicate." Motion to Withdraw (Dkt. #60) at 1. Although Plaintiffs' counsel filed the motions virtually simultaneously, the motions do not operate in conjunction and granting both may create an improper and unjust result.

2.     Plaintiffs' counsel assert that they have been unable to contact Turner. See id. at 1. Although "[t]he breakdown of the relationship between Plaintiff and counsel is sufficient ground for granting the motion to withdraw," it does not justify dismissal of a plaintiff's claims,

regardless of whether dismissal is with or without prejudice. <u>GZ Gourmet Food & Bevs. v. Radioactive Energy of Ill.</u>, No. 07-C-7110, 2010 U.S. Dist. LEXIS 91735, at *2 (N.D. Ill. Aug. 31, 2010). Rather, Plaintiff Turner's apparent lack of response to unspecified inquiries by Plaintiffs' counsel actually undermines any justification for granting the motion to dismiss, because "[w]hile decisions on litigation conduct and tactics may be made by counsel alone, an attorney does not have the power to dismiss and settle a case without the client's *express approval*." <u>Burton v. Estrada</u>, 149 Ill. App. 3d 965, 974, 501 N.E.2d 254, 261 (Ill. App. Ct. 1986) (emphasis added; internal citations omitted). <u>See</u> <u>also</u> Model Rules of Prof'l Conduct R. 1.2(a), 1.4(a) (noting both the role of the client in making critical case management decisions and the obligation of counsel to communicate with the client); <u>Fox Valley Constr. Co. v. G.M. Randa, Inc.</u>, No. 09-C-3038, 2010 U.S. Dist. LEXIS 96785, at *2-4 (N.D. Ill. Sept. 15, 2010) (denying the plaintiff's motion for a default order in a case where "Defendant's lack of communication and cooperation over an extended period of time rendered it impossible for counsel to represent [the defendant];" instead conditioning the withdrawal of the defendant's counsel on "counsel's serving a copy of the Court's minute order on Defendant . . ." and cautioning the defendant that "failure to obtain substitute counsel may lead to the entry of an order of default and ultimately to an entry of a default judgment against Defendant.").

3.     Despite these clear directives and precepts, Plaintiffs' counsel now move to dismiss Plaintiff Turner's claims, while simultaneously conceding that they lack the requisite communication with their client to demonstrate his clear intent. Instead of the requisite consent to dismiss Plaintiff Turner's claims, the instant motion is based on a single, ambiguous statement made by Plaintiff Turner that he no longer wishes to be a named plaintiff. <u>See</u> Motion to Compel at 1 ("Turner informed Counsel that he does not wish to be a named plaintiff in this

case."). One court, when faced with an attorney's motion to voluntarily dismiss his client's claims due to the client's unresponsiveness, explained:

> [C]ounsel for Plaintiff Paden states that he moved for dismissal without prejudice because he had been unable to contact Paden or to obtain his cooperation in discovery. *This begs the question then as to how counsel obtained Paden's authorization to dismiss his claims. An attorney may not voluntarily dismiss a client's case without permission.*

Addison v. Asplundh Tree Expert Co., No. 04-C-521, 2005 U.S. Dist. LEXIS 35518, at *2 (N.D. Fla. June 30, 2005) (emphasis added) (applying Florida law).

4. The fact that Turner at some point expressed his reluctance to continue as a named plaintiff does not necessarily indicate that he consented to the dismissal of his underlying claims -- with or without prejudice -- or understood the implications of dismissal. Moreover, Plaintiff Turner can obviously continue to pursue his individual claims in this case without also serving as a representative of the proposed class. As such, the apparent indication by Plaintiff Turner that he no longer wishes to be a named plaintiff is not (as Plaintiffs' counsel would otherwise suggest) an indication of his desire to dismiss individual claims, let alone the sort of unambiguous expression of intent that is required by governing law. See, e.g., Burton, 149 Ill. App. 3d at 974, 501 N.E.2d at 261.

5. Notice and consent concerns have led other courts within the Northern District to delay dismissal of non-responsive plaintiffs' claims when counsel withdraws, in order to ensure that plaintiffs have the opportunity to obtain new counsel and fully appreciate the potential consequences of failing to do so. For example, in Fox Valley, the court granted the plaintiff's counsel's motion for leave to withdraw and explained:

> To ensure that [the party] (1) has notice of the Court's ruling on the motion for leave to withdraw, (2) understands its obligation to obtain substitute counsel, and (3) is apprised of the consequences of failing to obtain new counsel, the Court directs withdrawing counsel to serve a copy of the Court's [orders] on [the party]

by registered mail and file a document confirming compliance with the Court's order.

Fox Valley, 2010 U.S. Dist. LEXIS 96785, at *3-4. In the present case, Plaintiff Turner's unresponsiveness may provide a basis on which to grant the motion to withdraw filed by Plaintiffs' counsel, but that very unresponsiveness raises the concerns referenced by the court in Fox Valley and only underscores the lack of any basis for dismissing Plaintiff Turner's claims. See Burton, 149 Ill. App. 3d at 974, 501 N.E.2d at 261; Addison, 2005 U.S. Dist. LEXIS 35518, at *2.

WHEREFORE, NCAA respectfully requests that the Court deny the motion to dismiss the claims of Plaintiff Turner.[1] NCAA further requests whatever other relief the Court deems appropriate.

Date: April 4, 2012                    Respectfully submitted,

                                       /s/Johanna M. Spellman
                                       One of the Attorneys for Defendant
                                       National Collegiate Athletic Association

---

[1] If the Court grants both of the pending motions, NCAA respectfully requests that the Court enter an order requiring Turner to comply with NCAA's outstanding discovery requests and make himself available, through counsel of his choosing, for a deposition. See, e.g., In re Polyurethane Foam Antitrust Litig., 799 F. Supp. 2d 777, 788 (N.D. Ohio 2011) (refusing to vacate Notices of Voluntarily Dismissal of named plaintiffs that were filed prior to consolidation, and stating "[t]his Court will permit the existing Federal Civil Rule 41(a)(1) dismissals to stand, and will allow future motions to be filed by parties not named in the CAC or the ICAC. *However, parties that choose to follow this route will be required to remain available, through counsel, for deposition and discovery purposes as part of the MDL.*") (emphasis added); Dysthe v. Basic Research, L.L.C., 273 F.R.D. 625, 629 (C.D. Cal. 2011) ("Hall's unique status in this litigation provides a sufficient ground to justify his deposition *even if, at some later date, he will no longer be a named plaintiff.* Hall has been a named plaintiff since the filing of the original Complaint, through several amendments of the Complaint, and he did not move to dismiss his claims until after Plaintiffs filed their motion for class certification . . . . *Hall's claims regarding his experiences with the Relacore products have formed one of the bases of Plaintiffs' action from the outset of this litigation. As such, Hall's testimony is therefore likely to be relevant to class certification issues.*") (emphasis added); Alliance For Global Justice v. District of Columbia, No. 01-0811 PLF/JMF, 2005 U.S. Dist. LEXIS 2855, at *8-10 (D.D.C. Feb. 7, 2005) (suggesting that district judge condition a former named plaintiff's voluntary dismissal on that party's responding to discovery requests because "[i]t is simply unfair to allow plaintiffs to walk away from these obligations when it appears that they have information pertinent to the case that they initiated and that defendants must continue to defend").

Sean M. Berkowitz
    sean.berkowitz@lw.com
Mark S. Mester
    mark.mester@lw.com
B. John Casey
    john.casey@lw.com
Johanna M. Spellman
    johanna.spellman@lw.com
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER, and ANGELA PALACIOS, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| | ) | **Civil Action No. 1:11-cv-06356** |
| **Plaintiffs,** | ) ) | **Judge Sharon Johnson Coleman** |
| **v.** | ) ) | |
| | ) | **Magistrate Judge Geraldine Soat Brown** |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,** | ) ) | |
| **Defendant.** | ) | |

**APPENDIX OF UNPUBLISHED CASES TO
DEFENDANT'S RESPONSE IN OPPOSITION TO
THE MOTION TO VOLUNTARILY DISMISS
THE CLAIMS OF MARK TURNER**

1. GZ Gourmet Food & Bevs. v. Radioactive Energy of Ill., 2010 U.S. Dist. LEXIS 91735 (N.D. Ill. 2010)
2. Fox Valley Constr. Co. v. G.M. Randa, Inc., 2010 U.S. Dist. LEXIS 96785 (N.D. Ill. 2010)
3. Addison v. Asplundh Tree Expert Co., 2005 U.S. Dist. LEXIS 35518 (N.D. Fla. 2005)
4. Alliance For Global Justice v. District of Columbia, 2005 U.S. Dist. LEXIS 2855 (D.D.C. 2005)

1



**GZ Gourmet Food & Beverages vs. Radioactive Energy of Illinois, et al.**

**07 C 7110consolidated for all purposes with08 C 311**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*2010 U.S. Dist. LEXIS 91735*

**August 31, 2010, Decided**
**August 31, 2010, Filed**

**SUBSEQUENT HISTORY:** Motion granted by, Complaint dismissed at *GZ Gourmet v. Radioactive Energy, 2010 U.S. Dist. LEXIS 131008 (N.D. Ill., Dec. 7, 2010)*

**PRIOR HISTORY:** *Radioactive Energy of Ill., LLC v. GZ Gourmet Foods & Bev., Inc., 2009 U.S. Dist. LEXIS 14029 (N.D. Ill., Feb. 24, 2009)*

**COUNSEL:** [*1] For GZ Gourmet Food and Beverage, Inc., a California Corporation, Plaintiff: Peter Ordower, LEAD ATTORNEY, Law Offices of Peter Ordower, Chicago, IL.

For Radioactive Energy of Illinois, LLC, an Illinois Limited Liability Company, Walter Ascher, an Individual, Defendant: Michael Alexander Cotteleer, LEAD ATTORNEY, Michael A. Cotteleer & Associates, Wheaton, IL.

**JUDGES:** Robert M. Dow, Jr, Judge.

**OPINION BY:** Robert M. Dow, Jr.

**OPINION**

For the reasons stated below, Defendant's motion for sanctions [69] is denied without prejudice, Plaintiff's motion for extension of time to complete discovery is denied without prejudice [70], and the motion of counsel

for Plaintiff to withdraw as attorney [72] is granted, contingent upon counsel serving on Plaintiff by registered mail a copy of this minute order and then placing on the docket the return slip as evidence of compliance with the Court's directive. Plaintiff is given until the next status date, 10/5/2010 at 9:00 a.m., to retain counsel in this matter. In view of the record of delay attributable to Plaintiff's inaction in this case, failure to retain and appear at the next status hearing through counsel may lead to sanctions, up to and including the dismissal of Case No. [*2] 07-cv-7110 for want of prosecution and the entry of default judgment in Case No. 08-cv-311. Please see below for further explanation.

[#x25a0] [For further details see text below.]

Docketing to mail notices.

**STATEMENT**

Before the Court are several related motions: Defendants' motion for sanctions [69], Plaintiff's motion for extension of time to complete discovery [70], and the motion of counsel for Plaintiff to withdraw as attorney [72]. It is evident from the motions and from the discussions on the record in open court at the recent status and motion hearings that Plaintiff has not communicated with counsel in recent months and that Plaintiff is several months overdue in responding to outstanding discovery requests. In short, Plaintiff has not

indicated any willingness to properly move this case forward. The breakdown of the relationship between Plaintiff and counsel is sufficient ground for granting the motion to withdraw, contingent upon counsel serving on Plaintiff by registered mail a copy of this minute order and then placing on the docket the return slip as evidence of compliance with the Court's directive.

As the Court noted at the August 24 motion hearing, this is in some respects an [*3] instance of "deja vu all over again," except that the prior period of delay in this case was attributable to *Defendant*'s inaction. However, after the Court expressly warned Defendant of the consequences of continued failure to respond to court orders and properly litigate a case [see 60], Defendant retained substitute counsel [see 62] who is now trying to move the case forward. The time has now come for another round of warnings.

Rather than imposing sanctions at this time, as Defendant has requested, in an abundance of caution and cognizant of the Seventh Circuit's preference for litigation on the merits and reluctance to see district judges employ the drastic sanction of a default judgment, the Court will give Plaintiff one additional opportunity to obtain substitute counsel, respond to the outstanding discovery requests, and indicate a willingness to properly litigate this case. In regard to counsel, as the Court previously has explained, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993)*. Plaintiff thus may not litigate without retaining licensed counsel. Plaintiff [*4] is given until the next status date, 10/5/2010 at 9:00 a.m., to retain counsel in this matter. The Court denies Plaintiff's motion

for extension of time to complete discovery at this time [70], but the denial is without prejudice. The Court will take up the matter of further discovery at the next status conference if Plaintiff complies with the remainder of this order.

Failure to retain and appear at the next status hearing through counsel may lead to sanctions, up to and including the dismissal of Case No. 07-cv-7110 for want of prosecution and the entry of default judgment in Case No. 08-cv-311. When parties to litigation disregard deadlines and fail to properly litigate a case in a timely fashion, the resulting delay in the prosecution and disposition of cases imposes significant costs and hardships on their litigation adversaries and on the judicial system. Where, as here, the delays and disregard are sufficiently severe, the Seventh Circuit has held that a default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co., 472 F.3d 967, 968 (7th Cir. 2007)*; [*5] see also *Harrington v. City of Chicago, 433 F.3d. 542, 549-50 (7th Cir. 2006)* (explaining that (1) district courts should not dismiss a case on failure to prosecute grounds without due warning to plaintiff's counsel, (2) district courts need not repeat their dismissal warnings, and (3) the district court "was on solid ground" in dismissing a case when counsel failed to appear at court date following issuance of dismissal warning); *Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003)*; *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984)*.

/s/ Robert M. Dow

*2*



**Fox Valley Construction vs. G.M. Randa, Inc.**

**09 C 3038**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*2010 U.S. Dist. LEXIS 96785*

**September 15, 2010, Decided**
**September 15, 2010, Filed**

**COUNSEL:** [*1] For Fox Valley Construction Workers Fringe Benefits Funds, Michael T. Kucharski, as Administrative Manager, Plaintiffs: Catherine Marie Chapman, Jennifer L. Dunitz-Geiringer, Patrick N. Ryan, Baum, Sigman, Auerbach, & Neuman, Ltd., Chicago, IL.

**JUDGES:** Robert M. Dow, Jr., Judge.

**OPINION BY:** Robert M. Dow, Jr.

**OPINION**

For the reasons stated below, Plaintiff's oral motion for entry of an order of default is respectfully denied without prejudice. Withdrawing counsel for Defendant is again directed to serve a copy of the Court's July 29 minute order [36] -- as well as a copy of this minute order -- on Defendant by registered mail and file a document confirming compliance with the Court's order. Counsel for Plaintiff is requested to do the same. Defendant is cautioned that failure to obtain counsel may result in the entry of an order of default and ultimately a default judgment against Defendant. In the event that Defendant received timely notice of the July 29 order and the absence of confirmation on the docket sheet was simply an oversight by withdrawing counsel, Plaintiff may file a renewed motion for entry of an order of default. In the event that Defendant did not receive timely notice of the July 29 order (or it [*2] is unclear whether such notice was received), the deadline for obtaining substitute

counsel will be extended to and including October 22, 2010. Please see below for further details.

[#x25a0] [For further details see text below.]

Docketing to mail notices.

**STATEMENT**

On July 21, 2010, counsel for Defendant G.M. Randa, Inc. filed a motion for leave to withdraw as attorney [33]. In that motion, counsel represented that Defendant's lack of communication and cooperation over an extended period of time rendered it impossible for counsel to represent Defendant in this litigation. On July 29, 2010, the Court granted counsel's motion for leave to withdraw, contingent upon counsel's serving a copy of the Court's minute order [36] on Defendant by registered mail and filing a document confirming compliance with the Court's order and set the matter for further status on September 14. In the minute order, the Court advised Defendant that if it wishes to litigate this matter, it must retain substitute counsel and gave Defendant until August 31, 2010, to do so if it wishes to further litigate this matter. The Court also noted that if Defendant did not retain substitute counsel by that date, the Court would assume [*3] that Defendant no longer wishes to litigate this matter and Plaintiffs will be free to seek appropriate relief. Finally, the Court cited a number of cases holding that the failure to retain substitute counsel could (and

often does) lead to the entry of default judgment against Defendant.

As of the September 14 status date, Defendant had not retained substitute counsel, prompting Plaintiff to make an oral motion for entry of default, which the Court took under advisement. However, the Court's review of the docket sheet reveals that withdrawing counsel has not placed on the docket sheet any document confirming that Defendant was even served with the Court's July 29 minute order setting forth the instructions and advising of the consequences for non-compliance. Accordingly, the Court must deny the oral motion for entry of default without prejudice. To ensure that Defendant (1) has notice of the Court's ruling on the motion for leave to withdraw, (2) understands its obligation to obtain substitute counsel, and (3) is apprised of the consequences of failing to obtain new counsel, the Court directs withdrawing counsel to serve a copy of the Court's July 29 minute order [36] and this minute [*4] order on Defendant by registered mail and file a document confirming compliance with the Court's order. In addition, the Court requests that counsel for Defendant also serve a copy of both today's minute order and the July 29 minute order on Defendant by registered mail at Defendant's last known address (available on the notice of motion [34]) and to file a document confirming compliance with that request.

Finally, Defendant is cautioned that failure to obtain

substitute counsel may lead to the entry of an order of default and ultimately to entry of a default judgment against Defendant. See, *e.g.*, *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, *310 F.3d 537, 541 (7th Cir. 2002)* (noting that withdrawal of counsel most likely "would leave [corporate entities] unrepresented, leading to default judgments against the three corporations (which can appear *only* by counsel)") (emphasis in original); *Scandia Down, 772 F.2d at 1427* (noting that the "upshot" of a corporate defendant's failure to retain substitute counsel ordinarily is "entry of a default judgment for [the plaintiff], unless the district court was required to give [the defendant] more time to obtain counsel"); [*5] see also *Memon v. Allied Domecq QSR, 385 F.3d 871, 874-75 (9th Cir. 2004)* (observing that "[i]n virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case"). In the event that Defendant received timely notice of the July 29 order and the absence of confirmation on the docket sheet was simply an oversight by withdrawing counsel, Plaintiff may file a renewed motion for entry of an order of default. In the event that Defendant did not receive timely notice of the July 29 order (or it is unclear whether such notice was received), the deadline for obtaining substitute counsel will be extended to and including October 22, 2010.

**3**



**BOBBY L ADDISON, JR., et al, Plaintiffs, v. ASPLUNDH TREE EXPERT COMPANY, Defendant.**

**CASE NO. 4:04-cv-00521-AK**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION**

*2005 U.S. Dist. LEXIS 35518*

**June 29, 2005, Decided**
**June 30, 2005, Filed**

**COUNSEL:** [*1] For BOBBY L ADDISON, JR JOSEPH AUSTIN, JULIAN M FOGLE, DEMETRIUS FRYSON, THEODORE HENDERSON, JIMMY MCCALLISTER, RODGEOUS PARKER, CALVIN A RILEY, CHARLES SAYLOR, KARON STRONG, KELVIN PADEN, Plaintiffs: FRED EUGENE PEARSON, JR, PEARSON & WATERS PA - TALLAHASSEE FL, TALLAHASSEE, FL.

For ASPLUNDH TREE EXPERT COMPANY A FOREIGN CORPORATION AUTHORIED TO CONDUCT BUSINESS IN THE STATE OF FLORIDA, Defendant: ANGELIQUE GROZA LYONS, CONSTANCY BROOKS & SMITH LLC - TAMPA FL, TAMPA, FL; JACK RIGOLIZZO WALLACE, MARGARET PHILIPS ZABIJAKA, CONSTANGY BROOKS & SMITH LLC - JACKSONVILL FL, JACKSONVILLE, FL.

**JUDGES:** ALLAN KORNBLUM, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** ALLAN KORNBLUM

**OPINION**

**ORDER**

This matter is before the Court on Defendant's Partially Unopposed Motion for *Rule 37* Sanctions against Plaintiff Kelvin Paden (doc. 22) and Plaintiff Kelvin Paden's Notice of Voluntary Dismissal (doc. 25), which the Court construes as a motion to dismiss, and to which Defendant objects. (Doc. 23). Plaintiff has responded to the motion for sanctions and Defendant's objection to his dismissal without prejudice. (Doc. 35).

**DISMISSAL**

*Rule 41(a)(2), Federal Rules of Civil Procedure*, provides that [*2] after an answer has been filed an action may not be dismissed by a plaintiff without a court order and "upon such terms and conditions as the court deems proper." Such dismissals, unless otherwise specified, are considered "without prejudice." *Rule 41(b), Federal Rules of Civil Procedure*, also provides for involuntary dismissal where a plaintiff has failed to prosecute his action or comply with an order of the court and specifies that such dismissals operate as an adjudication upon the merits unless the court otherwise specifies.

In response to Defendant's objections, counsel for Plaintiff Paden states that he moved for dismissal without prejudice because he had been unable to contact Paden or to obtain his cooperation in discovery. This begs this question then as to how counsel obtained Paden's

authorization to dismiss his claims. An attorney may not voluntarily dismiss a client's case without permission. See *The Florida Bar v. Nemec, 390 So. 2d 1190 (Fla. 1980)* (attorney subject to disciplinary action for signing voluntary dismissal of lawsuit without client's permission); and *The Florida Bar v. Fitos, 522 So.2d 369 (Fla. 1988)* [*3] (same). The notice of dismissal is signed by counsel *only* and the certificate of service does not indicate that it was served on Paden at his home address. If counsel cannot obtain Paden's express authorization to dismiss his claims, he should file a motion to dismiss on grounds of Paden's failures to cooperate and serve it on Paden at his last known address. If no response is made to the motion within the time allowed or if Paden otherwise fails to object to dismissal, then the motion may be granted. Until this is done, the Court cannot dismiss Paden's claims. Consequently, with the present state of the record Paden's notice/motion to dismiss (doc. 25) is **DENIED.** [1]

> 1 The Court has recently granted motions to dismiss the claims of Plaintiffs Brenton Hayes (doc. 20), Calvin Smith and George Wilson (doc. 36), on the assumption that counsel had authorization from these plaintiffs to dismiss their claims. If the basis for dismissal was also that counsel had lost contact with them, then counsel shall alert the Court to this so that the orders dismissing their claims can be vacated and counsel shall serve them in the same manner as herein required for Plaintiff Paden.

[*4] **SANCTIONS**

The Court has already entered an order regarding Paden's failure to respond to written discovery and ordered that fees and expenses be awarded to Defendant. (Doc. 21). Defendant further moves for additional fees and expenses associated with Paden's failure to appear at his deposition and the fees and expenses incurred in preparing the motion for sanctions. (Doc. 22). Counsel for Paden's response is that he made every effort to contact Paden for his deposition, but he was not able to produce him. Based on counsel's representations, it is

clear that counsel is not responsible for causing Defendant extra and wasted expense, but Plaintiff Paden clearly is responsible, and *Rule 37, Federal Rules of Civil Procedure,* authorizes an award of sanctions in such an instance. Therefore, Defendant shall file an Affidavit of fees and expenses resulting from the aborted deposition and incurred in filing the present motion. [2] After this affidavit is filed, the Court will address it and the other pending affidavit seeking fees and expenses of $ 607.20 (doc. 27) by separate order.

> 2 The Court declines to award fees and expenses incurred by Defendant in defending this entire lawsuit since *Rule 37* does not specifically provide for such sanctions with regard to discovery failures and Defendant has provided no authority for such an award which would more appropriately be sought under *Rule 11, Federal Rules of Civil Procedure.*

[*5] Accordingly, it is

**ORDERED:**

1. Plaintiff Kelvin Paden's motion to dismiss (doc. 25) is **DENIED.**

2. Defendant's Partially Unopposed Motion for *Rule 37* Sanctions against Kelvin Paden is **GRANTED,** and Defendant shall on or before July 15, 2005, file an Affidavit of fees and expenses incurred in preparing for and attending Paden's aborted deposition, as well as fees and expenses incurred in preparing the motion for sanctions. Plaintiffs may respond thereto to object to the reasonableness of the fees and expenses sought within ten days of the filing of Defendant's affidavit.

**DONE AND ORDERED** at Gainesville, Florida, this 29th day of June, 2005.

**s/ A. KORNBLUM**

**ALLAN KORNBLUM**

**UNITED STATES MAGISTRATE JUDGE**

4



**ALLIANCE FOR GLOBAL JUSTICE et al., Plaintiffs, v. DISTRICT OF COLUMBIA, et al., Defendants.**

**Civil Action No. 01-0811 (PLF/JMF)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*2005 U.S. Dist. LEXIS 2855*

**February 7, 2005, Decided**

**SUBSEQUENT HISTORY:** Motion granted by *Alliance for Global Justice v. District of Columbia, 2005 U.S. Dist. LEXIS 15190 (D.D.C., July 29, 2005)*

**PRIOR HISTORY:** *Fifty Years Is Enough v. D.C., 2002 U.S. Dist. LEXIS 16415 (D.D.C., Sept. 4, 2002)*

**DISPOSITION:** Recommended minute order of voluntary dismissal be vacated. It is further recommended a new order voluntarily dismissing plainitff Justin Jones without any conditions and voluntarily dismissing organizational defendants with condition all discovery requests served prior to dismissal order be answered.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, individuals and organizations, filed suit against defendants, the District of Colombia and others. One of the individuals and three of the organizations filed a *Fed. R. Civ. P. 41(a)* motion requesting that they be dismissed from the suit. The motion was granted. Defendants contended that the dismissed plaintiffs were still required to respond to discovery requests. The matter was referred to a magistrate for report and recommendation.

**OVERVIEW:** After the individual and the three organizations were voluntarily dismissed from the suit, some 22 plaintiffs remained. The minute order of dismissal did not subject the dismissed plaintiffs to any conditions. Defendants argued that they still required the information that they had requested from the individual and the three organizations prior to their dismissal. The magistrate treated this as a request for reconsideration of the minute order of dismissal. The magistrate held that the individual plaintiff who was dismissed had also dismissed his claims, and as such, defendants did not need the information that they had originally sought from him. However, defendants would be prejudiced if they were denied the information they had sought from the three organizations, as this information was necessary for defendants to put forth a complete defense in the action. The magistrate opined that it would be unfair to allow the three organizations to walk away from their discovery obligations via voluntary dismissal while the case was pending against defendants. Further, defendants were not required to undertake the burdensome task of trying to obtain the information from other sources.

**OUTCOME:** The magistrate recommended that the minute order of dismissal be vacated and a new order be issued. The new order would dismiss the individual without any conditions and dismiss the three organizational plaintiffs on the condition that they respond to all discovery requests that were served on them prior to their dismissal.

**LexisNexis(R) Headnotes**

*Civil Procedure > Dismissals > Voluntary Dismissals > General Overview*
[HN1] See *Fed. R. Civ. P. 41(a)*.

*Civil Procedure > Dismissals > Voluntary Dismissals > Court Orders > Conditions*
*Civil Procedure > Dismissals > Voluntary Dismissals > Court Orders > Motions*
*Civil Procedure > Pretrial Judgments > Nonsuits > General Overview*
[HN2] *Fed. R. Civ. P. 41(a)(2)* applies when defendants have already filed an answer or motion for summary judgment. At that point, the plaintiffs may not unilaterally dismiss their claims, and they must seek an order of the court. In deciding whether to grant such motions, the court must focus primarily on protecting the interests of the defendant. Thus, courts should impose terms and conditions when granting motions for voluntary dismissals in order to protect the defendants from undue prejudice or inconvenience. In addition, a court should deny a motion for voluntary dismissal if such a dismissal will inflict clear legal prejudice on a defendant. Legal prejudice includes effort and expense in preparing for trial, excessive delay and lack of diligence in prosecuting the action, insufficient explanation for taking nonsuit, and the filing of motions for summary judgment.

*Civil Procedure > Dismissals > Voluntary Dismissals > General Overview*
[HN3] Under *Fed. R. Civ. P. 41(a)(2)*, a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits.

**COUNSEL:** For FIFTY YEARS IS ENOUGH, MOBILIZATION FOR GLOBAL JUSTICE, L.L.C., ALLIANCE FOR GLOBAL JUSTICE, SEEDS OF PEACE, INC., ELIZABETH T. BUTLER, KIMBERLY GRIER, ROBERT FISH, BRIAN EDWARDS-TIEKERT, SASHA KELLER WRIGHT, JOSEPH CATRON, MARTIN F. THOMAS, CHARLES E. SIPPEL, ADAM R. EIDINGER, BRIAN BECKER, BENJAMIN BECKER, LAWRENCE HOLMES, JAMES ERICH KELLER, PATRICIA DOYLE MOHAMMADI, MITRA MOHAMMADI, by and through her guardian Patricia A. Doyle Mohammadi, STEVEN R. OLSON, HEATHER A. CHAPLIN, ANN

FLENER, ISAAC HENRY GITTLEN, CARL DILLINGER, MARSHA KAY DILLINGER, on behalf of themselves and all others similarly situated, JULIE FRY, MONICA MOOREHEAD, SARAH SLOAN, plaintiffs: Carl L. Messineo, Mara Elizabeth Verheyden-Hilliard, Merrilyn Anne Onisko, PARTNERSHIP FOR CIVIL JUSTICE, INC., Washington, DC; Leonard I. Weinglass, New York, NY.

For DISTRICT OF COLUMBIA GOVERNMENT, CHARLES H. RAMSEY, individually and in his official capacity as Chief, District of Columbia Metropolitan Police Department, TERRANCE W. GAINER, individually and in his official capacity as Executive Assistant Chief of Opperations, D.C. Metopolitan Police Department, defendants: Thomas L. Koger, Richard Stuart Love, Martha J. Mullen, Lori S. Parris, Robert C. Utiger, OFFICE OF CORPORATION COUNSEL, Washington, DC.

For UNITED STATES OF AMERICA, BRADLEY A. BUCKLES, in official capacity as Director Bureau of Alcohol, Tobacco and Firearms, DONNIE R. MARSHALL, in official capacity as Adminstrator, Drug Enforcement Administration, LOUIS J. FREEH, in official capacity as Director, Federal Bureau of Investigation, JAMES LEE WITT, in official capacity as Director, Federal Emergency Management Agency, DENIS GALVIN, JAMES J. VAREY,in official capacity as Chief, United States Park Police, BRIAN L. STAFFORD, in official capacity as Director, United States Secret Service, UNKNOWN FEDERAL AGENTS in their individual capacities, defendants: Robert Ernest Leidenheimer, Jr, Edith M. Shine, Peter S. Smith , U.S. ATTORNEY'S OFFICE, Washington, DC.

**JUDGES:** [*1] JOHN M. FACCIOLA, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** JOHN M. FACCIOLA

**OPINION**

**REPORT AND RECOMMENDATION**

This case was referred to me by Judge Friedman for discovery. In a joint conference call to chambers and in a status hearing held on December 21, 2004, the parties informed the court that there is a dispute regarding outstanding discovery in this case. This report addresses

2005 U.S. Dist. LEXIS 2855, *1

that dispute.

## I. Background

Defendants complain that plaintiffs have failed to comply with Judge Friedman's order requiring them to respond to written discovery by November 15, 2004. Plaintiffs explain that they have complied with the majority of their discovery obligations, but they acknowledge that there are three groups of discovery responses that they have not yet produced: (1) documents from plaintiffs who voluntarily dismissed themselves from the case, (2) responses to document requests and interrogatories that have not yet been produced because of logistical problems, and (3) responses to accompany the documents that plaintiffs have already produced to defendants. Plaintiffs agreed to provide the second and third categories of documents and information to defendants within one week of the [*2] status hearing, but they argued that the plaintiffs who had voluntarily dismissed themselves from the case had no obligation to provide further discovery responses, especially because they had already provided thousands of pages of documents to defendants.

Thus, the issue for the court is whether the plaintiffs who have voluntarily dismissed themselves from this case must respond to discovery requests that were served upon them while they were still parties to the case. At the outset, it is important to note that three organizational plaintiffs and one individual plaintiff have been dismissed from the case. As for the discovery requests served on the individual plaintiff, Justin Jones, the information sought is no longer relevant because Jones' individual claims have been dismissed. As for the discovery requested from the organizational plaintiffs, plaintiffs maintain that the information sought is cumulative because the two organizers, Holmes and Becker, have either been deposed or will be deposed.

Defendants argue, however, that the organizers are fact witnesses, not 30(b)(6) witnesses, and thus their depositions will not take the place of any discovery [1] served upon the organizational [*3] defendants because defendants want to ascertain the organizations' positions regarding various issues still being litigated. Accordingly, producing the organizers in lieu of the organizations is insufficient. In addition, although defendants acknowledge that the former plaintiffs could be served with Rule 45 subpoenas because the information they seek is clearly relevant to the case, it would be

burdensome to require defendants to do so.

1 The outstanding discovery includes interrogatories, document requests, and 30(b)(6) depositions.

## II. Legal Standards

On December 13, 2004, Judge Friedman issued a minute order granting plaintiffs Alliance for Global Justice, International Action Center, Mobilization for Global Justice, and Justin Jones' unopposed motion for voluntary dismissal. [2] The plaintiffs had moved for voluntary dismissal pursuant to *Federal Rule of Civil Procedure 41(a)*, which states, in pertinent part:

[HN1] (1) ... An action may be dismissed [*4] by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or ... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . .

(2) Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

*Fed. R. Civ. P. 41(a).* In granting plaintiffs' motion, Judge Friedman did not specify any terms or conditions, although the parties had noted their disagreement as to whether the dismissed plaintiffs would be obliged to respond to the outstanding discovery requests.

2 After the motion was granted, 22 plaintiffs remained in the case.

Although the parties frame their current dispute as a discovery dispute, given the procedural [*5] history of this case, defendants' request is truly a motion for reconsideration of Judge Friedman's order granting the motion for dismissal without imposing any terms or conditions. In essence, defendants seek a ruling that certain terms and conditions (namely, that the plaintiffs must respond to outstanding discovery) are implicit in, or should be made part of, Judge Friedman's order.

Accordingly, I will deem defendants' request a motion for reconsideration, and I will issue a Report and Recommendation to Judge Friedman concerning this issue.

As indicated above, [HN2] *Rule 41(a)(2)* applies when defendants have already filed an answer or motion for summary judgment. At that point, plaintiffs may not unilaterally dismiss their claims, and they must seek an order of the court. In deciding whether to grant such motions, the court must focus "primarily on protecting the interests of the defendant." *Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)* (internal quotations omitted). Thus, courts should impose terms and conditions when granting motions for voluntary dismissals in order to "protect ... defendants from undue prejudice or inconvenience. [*6] " *Gossard v. Washington Gas Light Co., 217 F.R.D. 38, 40 (D.D.C. 2003)* (quoting *Collins v. Baxter Healthcare Corp., 200 F.R.D. 151, 152 (D.D.C. 2001))*. In addition, a court should deny a motion for voluntary dismissal if such a dismissal "will inflict clear legal prejudice on a defendant." *Id*. (internal quotations and citations omitted). Legal prejudice includes "effort and expense in preparing for trial, excessive delay and lack of diligence in prosecuting the action, insufficient explanation for taking nonsuit, and the filing of motions for summary judgment." *Piedmont Resolution L.L.C. v. Johnston, Rivlin & Foley, 178 F.R.D. 328, 331 (D.D.C. 1998)* (citations omitted).

### III. Analysis

Defendants' main concern is that the dismissal of the organizational plaintiffs - without the imposition of any conditions regarding outstanding discovery - prevents them from accessing information to which they are entitled via the interrogatories, document requests, and notices of 30(b)(6) depositions they served during the discovery period. Thus, the prejudice to defendants is not purely financial; it is the loss of relevant information [*7] and the burden of seeking the information they already demanded via other means, such as Rule 45 subpoenas.

In *Ellis v. Merrill Lynch & Co., 1989 U.S. Dist. LEXIS 14720, CIV. A. No. 86-2865, 86-3375, 1989 WL 149757 (E.D. Pa. Dec. 6, 1989)*, the parties and the court agreed that the case needed to be dismissed because there was no longer a basis for federal court jurisdiction, and plaintiffs would pursue their claims in state court. However, the parties disagreed as to several

consequences that would flow from that dismissal, including its effect on outstanding discovery. By the time plaintiffs moved to voluntarily dismiss their case, the discovery period had closed, but plaintiffs had not responded to defendants' discovery requests despite the fact that they had been timely served and despite a court order requiring them to do so. Plaintiffs argued that defendants would not be harmed by lack of discovery from plaintiffs because they could pursue discovery in an action that was pending in another court. Defendants complained that plaintiffs' motion to dismiss was "little more than a thinly disguised attempt to avoid ... their obligation to comply with [the court's] discovery order." *Ellis, 1989 U.S. Dist. LEXIS 14720, 1989 WL 149757, [*8] at *3*.

After considering the parties' arguments, the court granted plaintiffs' request for voluntary dismissal "provided that plaintiffs comply with conditions designed to prevent legal prejudice to defendants." *1989 U.S. Dist. LEXIS 14720, [WL] at *6*. As one of the conditions, the court ordered plaintiffs to respond to defendants' outstanding discovery requests so that defendants would not have to duplicate their efforts to obtain discovery in another court. *Id*.

In the case at bar, the voluntary dismissal of Justin Jones, Alliance for Global Justice, International Action Center, and Mobilization for Global Justice will not end the case. Thus, even though defendants will not be faced with a similar lawsuit in state court, as were the defendants in *Ellis*, they are still in the process of defending the federal court action that was filed against them. Accordingly, permitting plaintiffs to avoid their discovery obligations would cause undue prejudice to the defendants, and conditions must be imposed on their voluntary dismissal in order to protect their interests. [3]

3  It should be noted that both the District and the federal defendants agreed to the voluntary dismissal of the organizational plaintiffs, but as they noted in the consent motion, they both "believe they are entitled to discovery production from these parties." *Motion for Voluntary Dismissal of Plaintiffs Alliance for Global Justice, International Action Center, Mobilization for Global Justice, and Justin Jones; and for Removal of Steven Olson, Who Is Now Deceased, as a Class Representative* ("Mot.") at 3. Thus, I am only considering whether certain conditions

should be imposed on plaintiffs, and not whether plaintiffs are entitled to voluntary dismissal at all.

[*9] It bears emphasis that plaintiffs, represented by sophisticated counsel, surely had to appreciate when they began this lawsuit that they would have to undertake significant discovery obligations. It is simply unfair to allow plaintiffs to walk away from these obligations when it appears that they have information pertinent to the case that they initiated and that defendants must continue to defend. Additionally, while I acknowledge that defendants could seek much of the information via other means, it is unfair to place this burden upon defendants when plaintiffs admittedly sought voluntarily dismissal to avoid complying with discovery and "before expending additional resources in ongoing protracted litigation, including attorney and judicial resources to adjudicate objections and privileges related to discovery." Mot. at 2.

Accordingly, I recommend that Judge Friedman vacate his minute order of December 13, 2004 and issue a new order voluntarily dismissing Justin Jones without any conditions $^{4}$ and voluntarily dismissing the organizational defendants with the condition that they respond to all discovery requests that were served prior to December 13, 2004. At that point, plaintiffs [*10] will be

"free to reject" the terms of the court's conditioned grant of [their] motion. *Gossard, at 42*. [HN3] Under *Rule 41(a)(2)*, "a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." *Id*. (quoting *GAF Corp. V. Transamerica Ins. Co., 214 U.S. App. D.C. 208, 665 F.2d 364, 367-68 (D.C. Cir. 1981)*).

    4    As noted above, because Jones' individual claims have been dismissed, the information sought from this individual plaintiff is no longer relevant to the case.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. *See Thomas v. Arn, 474 U.S. 140, 88 L. Ed. 2d 435, 106 S. Ct. 466 (1985)*.**

JOHN M. FACCIOLA

 [*11] UNITED STATES MAGISTRATE JUDGE

February 7, 2005