IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIAN ARRINGTON, DEREK OWENS and ANGELA PALACIOS, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>    vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>                      Defendant. | Case No. 11-cv-06356<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown<br><br>JURY DEMAND |

**INITIAL REASSIGNMENT JOINT STATUS REPORT**

I.   NATURE OF CASE

   A.   Attorneys of Record.

      1.   **Interim Lead Counsel for Plaintiffs**

| | |
|---|---|
| Steve W. Berman<br>HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>1918 Eighth Ave., Ste. 3300<br>Seattle, WA  98101 | Joseph J. Siprut<br>Aleksandra M.S. Vold<br>SIPRUT PC<br>122 S. Michigan Ave.,<br>Ste. 1850<br>Chicago, Illinois  60603 |
| Elizabeth A. Fegan<br>Daniel J. Kurowski<br>Thomas E. Ahlering<br>HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>1144 W. Lake St., Ste. 400<br>Oak Park, IL 60301 | |

      2.   **Attorneys for Defendant**

| | |
|---|---|
| Sean M. Berkowitz<br>Mark S. Mester<br>Johanna M. Spellman<br>Katherine Walton<br>LATHAM & WATKINS LLP<br>233 S. Wacker Dr., Ste. 5800<br>Chicago, IL  60606 | Christian Word<br>LATHAM & WATKINS LLP<br>555 11th Street NW, Ste. 1000<br>Washington, D.C. 20004 |

   B.   **Basis for Federal Jurisdiction.**

Plaintiffs allege that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). *See generally* [Corrected] Consolidated Class Action Complaint, ¶ 7 (Dkt. # 25.)

   C.   **Nature of the Claims Asserted in the Complaint and Any Counterclaims.**

Plaintiffs allege that the NCAA has failed to meet its responsibility to safeguard student-athletes through negligence and inaction regarding student-athlete concussions and concussion-related maladies, while profiting from those same student-athletes.  Specifically, Plaintiffs allege that the NCAA has failed to, *inter alia*: (1) address and/or correct the coaching of tackling, checking or playing methodologies that cause head injuries; (2) educate coaches, trainers and

student athletes as to the symptoms indicating possible concussions; (3) implement system-wide "return to play" guidelines for student-athletes who have sustained concussions; (4) implement system-wide guidelines for the screening and detection of head injuries; (5) implement legislation addressing the treatment and eligibility of student-athletes who have sustained multiple concussions in the course of play; and (6) implement a support system for student-athletes who, after sustaining concussions, are left unable to either play their sport or even lead a normal life. Individually, and on behalf of all others similarly situated, Plaintiffs assert claims for negligence, fraudulent concealment, unjust enrichment and medical monitoring. Plaintiffs also seek to certify a defendant class comprising the NCAA and NCAA members that have sports teams in which student-athletes participate.[1]

On December 21, 2011, Defendant filed its Answer and Affirmative Defenses (Dkt. # 31). Defendant has not asserted any counterclaims but has interposed a number of affirmative defenses and respectfully submits that Plaintiffs cannot meet the requirements of Fed. R. Civ. P. 23 for either of the two classes on whose behalf Plaintiffs purport to assert claims. Certification requires Plaintiffs to prove the existence of questions of law or fact common to the classes, but the Complaint includes personal injury and fraudulent concealment claims, which will necessarily involve individualized inquiries into numerous factual issues, including (1) the circumstances surrounding each Plaintiff's alleged injury, (2) each Plaintiff's knowledge regarding concussion risks and (3) each Plaintiff's alleged reliance on the NCAA's supposed fraudulent concealment of concussion information. Defendant further argues that Plaintiffs' inclusion of a putative defendant class raises significant due process concerns, as Plaintiffs seek certification under Rule 23(b),

---

[1] Defendant argues that among the many issues posed by the proposed Defendant class, many of the members of that proposed class would not be subject to personal or subject-matter jurisdiction in this Court. *See* Answer and Affirmative Defenses (Dkt. #31) at 61 (Twenty-Ninth Affirmative Defense).

which does not permit opt outs.[2]

### D. Relief Sought by the Plaintiffs.

Plaintiffs seek compensatory and declaratory relief requiring the NCAA to adopt certain corrective measures, as well as financial recovery for Plaintiffs' and class members' long-term and chronic injuries, including their financial losses and expenses, and the establishment of a medical monitoring program that includes, among other things: (1) establishing a trust fund to pay for the medical monitoring of all past, current and future NCAA student-athletes, (2) notifying all medical monitoring class members in writing that they may require frequent medical monitoring, and (3) providing information to treating team physicians to aid them in detecting concussions or sub-concussions and to assist them in determining when the player is subjected to an increased risk of harm. Plaintiffs further seek award of prejudgment interest, costs and attorneys' fees. And, since this case is a putative nationwide class action, Plaintiffs seek certification under Rule 23.

### E. Names of Any Parties Who Have Not Been Served.

All parties have been served.

## II. PENDING MOTIONS AND CASE PLAN

### A. Description of All Pending Motions, Date of Filing and Briefing Schedule.

On June 13, 2012, Plaintiffs filed their Fed. R. Civ. P. 72(a) and 28 U.S.C. 636(b)(1)(A) Objections to Court Order Regarding Protocol for Electronically Stored Information. *See* Dkt. # 90. Defendant's response to Plaintiffs' Objections is due on or before June 27, 2012.

### B. The Status of Discovery.

Discovery is ongoing. On January 24, 2012, Plaintiffs issued their First Requests for

---

[2] Plaintiffs disagree and respectfully suggest this Court should pay no attention to Defendant's "glowing assessment of its own arguments -- namely, that class certification will fail or be substantially narrowed… ." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 175 (D.D.C. 2009) (internal quotations omitted).

3

Production of Documents. Defendant served its Objections and Responses to Plaintiffs' First Set of Requests for Production on February 27, 2012. On April 17, 2012, Plaintiffs also issued interrogatories, which the NCAA responded to on May 21, 2012. To date, Defendant has produced approximately 8,000 pages in response to Plaintiffs' document requests. Defendant has not produced the majority of its anticipated production because of the parties' negotiations, then motion practice, regarding the appropriate format for production of electronically stored information. *See generally* Dkt. # 69-74, 77-81. *See also* Dkt. # 77-1 (anticipating collection and review of approximately 150 gigabytes of data). This matter was recently ruled upon, however, by Magistrate Judge Brown, resulting in the June 12, 2012 entry of the Order Establishing Document Production Protocol (the "June 12 ESI Order"). *See* Dkt. # 89. Defendant states that Plaintiffs' objections to the June 12 ESI Order will further delay the remainder of Defendant's production. Defendant has a large amount of electronically stored information ("ESI") that is ready to be produced once the Court addresses Plaintiffs' objections. Plaintiffs disagree that any delay of production is appropriate considering the scope of Plaintiffs' objections.

On February 17, 2012, Defendant issued interrogatory and document requests, which Plaintiffs answered on April 5, 2012. Plaintiffs have produced approximately 4,200 pages in response to NCAA's document requests. Plaintiffs' document production is largely complete. Plaintiffs have objected to producing any documents in response to certain of Defendant's requests. In their April 2012 production, Plaintiffs also produced ESI in pdf format, including electronic copies of certain pdf files in a .pst file. Defendant intends to request that Plaintiffs provide ESI in accordance with the Document Production Protocol subsequently entered in this case. The parties will meet and confer on these issues.

No oral discovery has taken place. On May 11, 2012, Plaintiffs issued a Rule 30(b)(6)

4

notice of deposition to NCAA, and NCAA's designees are currently scheduled to be deposed in July and August 2012. Defendant intends to take the depositions of the persons identified in the Complaint as representatives of the proposed class.

The parties have further issued numerous subpoenas to various non-parties. The parties also anticipate engaging in expert discovery.

### C. Case Scheduling.

Plaintiffs believe that the prior agreed date for discovery completion, October 9, 2012, is no longer feasible given that, as a result of the dispute over ESI protocol Defendant has not yet produced its ESI. Defendant believes that until this Court rules on Plaintiffs' objections to the June 12 ESI Order, Defendant is not in a position to produce its ESI. Because the previously agreed class certification briefing schedule assumed a discovery completion date of October 9, 2012, Plaintiffs proposed revising the schedule and the parties suggest that the deadlines for briefing on class certification be revised as follows:

1. Deadline for completion of fact discovery: Plaintiffs have suggested, and Defendant agrees, to a fact discovery deadline of six months after Defendant has completed its production of electronically-stored information.

2. Plaintiffs' motion(s) for class certification, together with any expert reports in support of Plaintiffs' motion for class certification, shall be filed and served on or before the deadline for completion of fact discovery. To the extent Plaintiffs identify any experts in support of their motion, Defendant shall have 45 days after service of Plaintiffs' motion(s) for class certification to take the depositions of any experts Plaintiffs identify in support of their motion.

3. Defendant's opposition to Plaintiffs' motion(s) for class certification, together with any expert reports in support, shall be served 75 days after service of Plaintiffs' motion(s) for class certification. To the extent Defendant identifies any experts in support of its opposition, Plaintiffs

shall have 45 days after service of Defendant's opposition to take the depositions of the experts.

      4.      Plaintiffs' reply in support of their motion for class certification, together with any rebuttal expert reports, shall be due 75 days after service of Defendant's opposition. To the extent Plaintiffs identify any experts in rebuttal, Defendant shall have 15 days after service of Plaintiffs' reply, to take the depositions of the rebuttal experts.

      5.      Hearing on Plaintiffs' motion for class certification based on the Court's request and schedule.

      6.      Within 30 days of the Court's decision on Plaintiffs' motion for class certification, or within 30 days of a decision on a party's appeal of the Court's class certification decision if an appeal is taken, the parties shall confer in good faith regarding any remaining discovery to be conducted in light of the Court's decision, as well as deadlines for dispositive motions, service of Rule 26(a)(2) expert reports, and the pre-trial order.

      **D.**      **Previous Motions.**

In addition to the pending Objections described in Part II (A) and the Motion for Entry of An Electronic Discovery Protocol described in Part II (B), Plaintiffs filed a Joint Motion for Appointment of Interim Class Counsel on October 17, 2011 (Dkt. #19), which was granted on October 19, 2011 (Dkt. #22). On January 11, 2012, Plaintiffs filed a Motion to Strike Defendant's Affirmative Defenses (Dkt. #32). That motion was denied on April 5, 2012 (Dkt. #63). On March 30, 2012, Plaintiff Mark Turner filed a motion to be voluntarily dismissed from the case, and his counsel filed a motion to withdraw (Dkt. # 58, 60). Over Defendant's opposition, Plaintiff Turner's motion (Dkt. # 62), was granted on April 5, 2012 (Dkt. #63). On June 7, 2012, Defendant filed a Motion for Order to Issue a Subpoena and for Access to Confidential Records (Dkt. # 86). Magistrate Judge Brown granted this unopposed motion on June 15, 2012 (Dkt. # 93-94).

### E. Anticipated Motions.

Plaintiffs anticipate filing a Motion for Class Certification and propose that their motion be filed within six months of Defendant completing its ESI production. Defendant intends to oppose that motion. Should the motion be granted in whole or in part, Defendant anticipates filing a motion for summary judgment.

### F. Trial

Plaintiffs have requested a jury trial. At this time, Plaintiffs estimate that their case in chief would take approximately three weeks. Defendant estimates that should the case go before a jury, its defense of Plaintiffs' individual claims would take approximately two to four weeks. In contrast, the trial of the claims of the members of the classes as proposed would take several years at a minimum. At this time, the parties do not have a trial ready date and will be able to evaluate providing such a date only after a ruling on class certification.

## III. REFERRALS AND SETTLEMENT

### A. Magistrate Judge Referral

This matter has been referred to Magistrate Judge Geraldine Soat Brown for discovery supervision.

### B. Settlement Discussions

At this time, the parties have not conducted any settlement discussions.

### C. Settlement Conference

At this time, the parties do not request a settlement conference.

### D. Consent to Proceed Before a Magistrate Judge

At this time, the parties do not consent to proceed before a Magistrate Judge.

Dated: June 15, 2012            Respectfully submitted,

By: /s/ Johanna M. Spellman
Sean M. Berkowitz
Mark S. Mester
Johanna M. Spellman
Katherine Walton
LATHAM & WATKINS LLP
233 S. Wacker Dr., Ste. 5800
Chicago, IL 60606
312.876.7700
312.993.9767 (F)
sean.berkowitz@lw.com
mark.mester@lw.com
johanna.spellman@lw.com
katherine.walton@lw.com

Christian Word
LATHAM & WATKINS LLP
555 11th Street NW, Ste. 1000
Washington, D.C. 20004-1304
christian.word@lw.com

*Attorneys for Defendant*

By: /s/ Daniel J. Kurowski
Elizabeth A. Fegan
Daniel J. Kurowski
Thomas E. Ahlering
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Ste. 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com
toma@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Ste. 3300
Seattle, WA 98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Joseph J. Siprut
Aleksandara M.S. Vold
SIPRUT PC
122 S. Michigan Ave., Ste. 1850
Chicago, Illinois 60603
312.588.1440
312.878.1342 (F)
jsiprut@siprut.com

*Interim Lead Counsel for Plaintiffs*