# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADRIAN ARRINGTON, DEREK OWENS and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | Case No. 11-cv-06356 |
| Plaintiffs, | Judge John Z. Lee |
| vs. | Magistrate Judge Geraldine Soat Brown |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | JURY DEMAND |
| Defendant. | |

## **PROPOSED JOINT DISCOVERY PLAN**

**I.     STATUS OF DISCOVERY.**

    **A.     Written Discovery Issued by Plaintiffs to Defendant NCAA**

Discovery is ongoing. On January 24, 2012, Plaintiffs issued their First Requests for Production of Documents ("First RFPs"). Defendant served its Objections and Responses to Plaintiffs' First Set of Requests for Production on February 27, 2012.

As part of their First RFPs, Plaintiffs sought production of electronically-stored information ("ESI") in "native" format. The NCAA generally opposed Plaintiffs' request and sought production of ESI in "TIFF" format. The parties met and conferred but were unable to come to an agreement on the format in which ESI would be produced. On May 2, 2012, Plaintiffs filed a Motion for Entry of Document Production Protocol (Dkt. # 69-70) before Magistrate Judge Brown. After receipt of NCAA's opposition brief (Dkt. # 77) and an evidentiary hearing on May 30, 2012 (Dkt. # 81), Magistrate Judge Brown entered an Order Establishing Document Production Protocol. *See* Dkt. # 81, 89. Plaintiffs timely objected pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) and in an order issued on September 13, 2012, this Court overruled Plaintiffs' objections to the May 30, 2012 Order.

Prior to this Court's September 13, 2012 Order, the NCAA produced approximately 19,500 pages of documents in response to Plaintiffs' First RFPs. The NCAA waited for the Court to issue its order resolving Plaintiffs' objections prior to producing responsive documents from the initial 100 GB of ESI collected in response to Plaintiffs' First RFPs. The NCAA began producing ESI immediately following issuance of the Court's September 13 Order. On October 1, 2012, the parties agreed to a rolling production schedule under which the NCAA would complete its production from this initial document collection on or before Friday, October 26, 2012. To date, the NCAA has produced approximately 133,000 pages of documents in response to Plaintiffs' document requests. Additionally, on October 18, 2012, Plaintiffs requested that NCAA produce

responsive documents related to three additional custodians, NCAA employees identified in the NCAA's initial disclosures and interrogatory responses.

On April 17, 2012, Plaintiffs also issued interrogatories, which the NCAA responded to on May 21, 2012.

### B. Written Discovery Issued by Defendant NCAA to Plaintiffs

On February 17, 2012, Defendant issued its First Set of Document Requests to each Plaintiff, which Plaintiffs answered on April 5, 2012. To date, Plaintiffs have produced approximately 4,200 pages in response to NCAA's document requests. Regarding one request, on October 1, 2012, the NCAA provided further clarification as to the documents it sought in connection with Plaintiffs' alleged academic decline, identifying the following categories of documents:

- High school transcripts
- College transcripts
- Standardized test results (SAT/ACT/etc.)
- College Admission applications
- Academic scholarship offers
- Graded college level work (including homework assignments, problem sets, papers and tests)
- Documents regarding the use of tutors in high school or college
- Documents relating to any academic counseling Plaintiff received during high school or college
- Reports or statements from teachers, professors, counselors, and other professionals regarding scholastic aptitude or academic performance
- Any IQ tests or aptitude tests
- Any Individualized Education Program or other academic accommodations provided to Plaintiffs during high school or college

Plaintiffs' counsel have reached out to each Plaintiff to determine whether Plaintiffs possess any documents responsive to most of these requests. However, Plaintiffs have objected to "Graded college level work (including homework assignments, problem sets, papers and tests)," because (1) complying with the request would cause daily stress on the very persons that have suffered the

2

traumatic brain injuries at issue and thus is unduly burdensome and harassing, (2) complying with the request on a daily basis will unnecessarily cause further interference in the Plaintiffs' attempts get through each school day despite their brain injuries, and (3) the information sought is unnecessary, duplicative, and unreasonably cumulative, given the myriad other types of relevant information Plaintiffs have agreed to provide.

The NCAA seeks Plaintiffs' "graded college level work" because Plaintiffs claim in the [Corrected] Consolidated Class Action Complaint that their alleged concussions have caused them to suffer adverse academic consequences. *See, e.g.*, Compl. ¶¶ 15, 28, 30 (Dkt. # 25). "Graded college level work" directly bears on those allegations. To the extent Plaintiffs possess such documents, it is not unduly burdensome, and certainly not harassing, for Plaintiffs' counsel to collect such documents and produce these relevant materials to the NCAA.

On February 17, 2012, the NCAA also issued its First Set of Interrogatories to each named Plaintiff. Plaintiffs responded with objections in April 2012, agreeing to respond to some topics, but objecting to others. Regarding Plaintiffs' objections, the NCAA has requested, and Plaintiffs have agreed, to supplement their answers to certain interrogatories, specifically Arrington Interrogatories # 6 – 11 and Owens Interrogatory # 4. Plaintiffs' counsel supplemented Owens Interrogatory # 4 on October 10, 2012 and will provide the supplement to Arrington Interrogatories # 6 – 11 shortly. The NCAA has also requested that Plaintiffs supplement certain interrogatory responses relating to Plaintiffs' claimed damages in this matter (specifically Arrington Interrogatories # 12 and 14, Owens Interrogatories # 7 and 9, and Palacios Interrogatories # 7 and 9). Plaintiffs have objected to these requests as premature, among other reasons. These requests seek information that will be the subject of expert reports and testimony that are not yet completed or due pursuant to Rule 26(a)(2) or the schedule for Plaintiffs' Rule 23

3

Motion For Class Certification. Nonetheless, Plaintiffs have produced, and continue to produce, information related to their medical bills, out-of-pocket tuition costs, and lost scholarships.

It is NCAA's position that the amount of damages Plaintiffs seek and the basis for such damages is relevant not only because it bears on Plaintiffs' individual claims, but because it has important implications for class certification as the individualized inquiry associated with damages calculations may weigh against certification. Further, Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires Plaintiffs to disclose "a computation of each category of damages claimed" as well as "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Thus, under the Federal Rules, Plaintiffs are obligated to disclose this information now, not at some later date of their choosing

### C. Oral Discovery

On May 11, 2012, Plaintiffs issued a Rule 30(b)(6) notice of deposition to NCAA and the NCAA designated three witnesses to testify regarding the topics in Plaintiffs' notice. The depositions of two of the three witnesses took place on July 24, 2012. The deposition of the third witness was scheduled to take place in early August 2012 but Plaintiffs later asked to defer the deposition. The deposition of the third designee is scheduled to take place on November 8, 2012. Plaintiffs intend to take additional depositions but were waiting for the NCAA's document production in order to identify appropriate deponents.

Defendant intends to take the depositions of the persons identified in the Complaint as representatives of the proposed class and Plaintiffs await proposed dates for scheduling the depositions.

The parties have agreed that the depositions will take place near the locations of the witnesses.

D.     **Non-Party Discovery**

The parties have further issued numerous subpoenas to various non-parties, including Plaintiffs' schools, medical providers and athletic conferences. The parties also anticipate engaging in expert discovery.

II.    **CASE SCHEDULING.**

Plaintiffs believe that the current date for discovery completion, February 29, 2013 (Dkt. # 98), is no longer feasible given that, as a result of the dispute over ESI protocol, Defendant is scheduled to complete its production of ESI collected and responsive to Plaintiffs' First RFPs on or before October 26, 2012. Plaintiffs have already received more than hundred thousand pages from the NCAA. The NCAA has produced approximately 133,000 pages of documents, which constitutes the majority of its responsive documents. The NCAA anticipates that it will produce several thousand additional pages in completing its production. Plaintiffs will need to review these documents before they can identify the witnesses to be deposed. Because the previously agreed class certification briefing schedule assumed a discovery completion date of February 29, 2013, Plaintiffs propose revising the schedule as follows:

1.     Deadline for completion of fact discovery: April 26, 2013.[1]

---

[1]     The parties originally agreed on a deadline for the close of fact discovery of October 9, 2012. *See* Dkt. # 35-1. On June 18, 2012, the Court extended the deadline for the close of fact discovery until February 29, 2013. *See* Dkt. # 98. The NCAA believes that it is premature at this point to extend again the deadline for closure of fact discovery. In meeting and conferring on the issue, the NCAA indicated it would agree to Plaintiffs' requested extension if Plaintiffs agreed not to seek additional extensions. The NCAA takes this position because the discovery delays caused by Plaintiffs' challenges to the ESI production protocol have already unnecessarily prolonged the discovery process, and the vast amount of the discovery burdens in this case fall on the NCAA, positions with which Plaintiffs disagree.

Plaintiffs explained that it is in all parties' interest to reach finality in discovery and they support a discovery close date. However, Plaintiffs were not willing agree in the abstract because unforeseeable case events could arise (for example, Plaintiffs still don't know the final volume of production). Should Plaintiffs (or Defendant) seek any additional extensions, the parties will meet and confer, and the parties can agree or oppose. Plaintiffs require six months to review defendant's document production, which is rolling and is not complete.

2. Plaintiffs' motion(s) for class certification, together with any expert reports in support of Plaintiffs' motion for class certification, shall be filed and served on or before the deadline for completion of fact discovery. To the extent Plaintiffs identify any experts in support of their motion, Defendant shall have 45 days after service of Plaintiffs' motion(s) for class certification to take the depositions of any experts Plaintiffs identify in support of its motion.

3. Defendant's opposition to Plaintiffs' motion(s) for class certification, together with any expert reports in support, shall be served 75 days after service of Plaintiffs' motion(s) for class certification. To the extent Defendant identifies any experts in support of its opposition, Plaintiffs shall have 45 days after service of Defendant's opposition to take the depositions of the experts.

4. Plaintiffs' reply in support of their motion for class certification, together with any rebuttal expert reports, shall be due 75 days after service of Defendant's opposition. To the extent Plaintiffs identify any experts in rebuttal, Defendant shall have 15 days after service of Plaintiffs' reply, to take the depositions of the rebuttal experts.

5. Regarding a hearing on Plaintiffs' motion for class certification, the parties offer the following proposals for the Court's consideration:

   a. Plaintiffs' Proposal: Hearing on Plaintiffs' motion for class certification based on the Court's request and schedule.

   b. Defendant's Proposal: Oral argument and an evidentiary hearing on Plaintiffs' motion for class certification shall be scheduled based on the Court's schedule.

6. Within 30 days of the Court's decision on Plaintiffs' motion for class certification, or within 30 days of a decision on a party's appeal of the Court's class certification decision if an appeal is taken, the parties shall confer in good faith regarding any remaining discovery to be conducted in light of the Court's decision, as well as deadlines for dispositive motions, service of

Rule 26(a)(2) expert reports, and the pre-trial order.

Dated: October 19, 2012

Respectfully submitted,

By: /s/ Johanna M. Spellman\_\_\_\_\_
Sean M. Berkowitz
Mark S. Mester
Johanna M. Spellman
Katherine Walton
LATHAM & WATKINS LLP
233 S. Wacker Dr., Ste. 5800
Chicago, IL  60606
312.876.7700
312.993.9767 (F)
sean.berkowitz@lw.com
mark.mester@lw.com
johanna.spellman@lw.com
katherine.walton@lw.com

Christian Word
LATHAM & WATKINS LLP
555 11th Street NW, Ste. 1000
Washington, D.C. 20004-1304
christian.word@lw.com

*Attorneys for Defendant*

By: /s/ Daniel J. Kurowski_____
Elizabeth A. Fegan
Daniel J. Kurowski
Thomas E. Ahlering
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., Ste. 400
Oak Park, IL 60301
708.628.4960
708.628.4950 (F)
beth@hbsslaw.com
dank@hbsslaw.com
toma@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Ave., Ste. 3300
Seattle, WA  98101
206.623.7292
206.623.0594 (F)
steve@hbsslaw.com

Joseph J. Siprut
Aleksandara M.S. Vold
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois  60602
312.236.0000
312.948.9212 (F)
jsiprut@siprut.com

*Interim Lead Counsel for Plaintiffs*