**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN ARRINGTON, DEREK** | ) | |
| **OWENS, ANGELA PALACIOS, and** | ) | |
| **KYLE SOLOMON individually and on** | ) | **Case No. 1:11-cv-06356** |
| **behalf of all others similarly situated,** | ) | |
| | ) | **Judge John Z. Lee** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Magistrate Judge Geraldine Soat Brown** |
| | ) | |
| **NATIONAL COLLEGIATE** | ) | **JURY DEMAND** |
| **ATHLETIC ASSOCIATION,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S MOTION TO
COMPEL RULE 26(a)(1) DISCLOSURES AND INTERROGATORY ANSWERS**

Pursuant to FED. R. CIV. P. 37(a)(3)(A) and 37(a)(3)(B)(iii), Defendant National Collegiate Athletic Association hereby respectfully moves for an order compelling plaintiffs Adrian Arrington, Derek Owens, Angela Palacios, and Kyle Solomon (each a "Plaintiff" and collectively, the "Plaintiffs") to provide full and complete Rule 26(a)(1)(A)(iii) disclosures and full and complete responses to Defendant's Interrogatories as follows: (a) Interrogatory Nos. 12 and 14 to Plaintiff Arrington; (b) Interrogatory Nos. 7 and 9 to Derek Owens; (c) Interrogatory Nos. 6 and 8 to Plaintiff Palacios; and (d) Interrogatory Nos. 9 and 11 to Kyle Solomon. In support of its motion, Defendant states as follows:

1.  On February 9, 2012 and March 15, 2013, Plaintiffs served their Rule 26(a)(1) Disclosures (Ex. A to Memorandum in Support). Plaintiffs' Rule 26(a)(1) Disclosures failed to provide "a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii).

2.  On February 17, 2012, Defendant propounded its First Set of Interrogatories upon Plaintiffs Arrington, Owens, and Palacios. Defendant received Plaintiffs' Responses and

Objections to Defendant's First Set of Interrogatories on April 5, 2012 (Plaintiffs' Responses to Defendant NCAA's First Set of Interrogatories, Exs. B-D to Memorandum In Support).

3.      Plaintiff Arrington's responses to Interrogatory Nos. 12 and 14, Plaintiff Owens' responses to Interrogatory Nos. 7 and 9, and Plaintiff Palacios's responses to Interrogatory Nos. 6 and 8 were incomplete and nonresponsive.

4.      On February 26, 2013, Defendant propounded its First Set of Interrogatories upon Plaintiff Solomon.  Defendant received Plaintiff Solomon's Responses and Objections to Defendant's First Set of Interrogatories on April 1, 2013 (Ex. E to Memorandum In Support).

5.      Plaintiff Solomon's responses to Interrogatory Nos. 9 and 11 were incomplete and nonresponsive.

6.      Defendant satisfied Rule 37(a)(2), Local Rule 37.2 and this Court's Case Management Procedures for Discovery Motions and Motion Practice by meeting and conferring in good faith with Plaintiffs' counsel by telephone on August 8, 2012 and on April 4, 2013.  *See* Declaration of Johanna M. Spellman (Ex. A hereto).  As Ms. Spellman's declaration indicates, Defendant was unable to resolve these issues through no fault of its own.

7.      A supporting memorandum is submitted herewith.

WHEREFORE, Defendant respectfully requests that this Court (a) grant this Motion To Compel Interrogatory Answers; (b) order Plaintiff Arrington to submit full and complete responses to Interrogatory Nos. 12 and 14; (c) order Plaintiff Owens to submit full and complete responses to Interrogatory Nos. 7 and 9; (d) order Plaintiff Palacios to submit full and complete responses to Interrogatory Nos. 6 and 8; (e) order Plaintiff Solomon to submit full and complete responses to Interrogatory Nos. 9 and 11; (f) order Plaintiffs to submit a computation of each

category of damages as required by Rule 26(a)(1)(A)(iii); and (g) pursuant to Rule 37(a)(5),

award Defendant its costs and fees incurred in filing this motion.

Dated:  April 19, 2013                     Respectfully submitted,

                                           /s/  Johanna M. Spellman
                                           One of the Attorneys for Defendants

Sean M. Berkowitz
  sean.berkowitz@lw.com
Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
Katherine Walton
  katherine.walton@lw.com
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

J. Christian Word
  christian.word@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN ARRINGTON, DEREK OWENS, ANGELA PALACIOS, and KYLE SOLOMON individually and on behalf of all others similarly situated,** | ) ) ) ) ) | **Case No. 11-cv-06356** |
| | ) | **Judge John Z. Lee** |
| **Plaintiffs,** | ) | |
| **v.** | ) ) | **Magistrate Judge Geraldine Soat Brown** |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,** | ) ) ) | **JURY DEMAND** |
| **Defendant.** | ) ) | |

**DECLARATION OF JOHANNA M. SPELLMAN IN SUPPORT OF
DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S
MOTION TO COMPEL**

Pursuant to 28 U.S.C. § 1746, I, Johanna M. Spellman, declare as follows:

1.       I am over the age of 18 and an attorney at the law firm of Latham & Watkins LLP ("Latham & Watkins").  I am a member of the State Bar of Illinois and have entered my appearance as counsel for Defendant National Collegiate Athletic Association ("NCAA") in the above-captioned case.  I am submitting this declaration pursuant to Local Rule 37.2 and this Court's Case Management Procedures for Motion Practice.

2.       On February 17, 2012, the NCAA propounded its First Set of Interrogatories to Plaintiffs Arrington, Owens, and Palacios.

3.       On April 5, 2012, Plaintiffs Arrington, Owens, and Palacios served their Responses/Objections to the NCAA's First Set of Interrogatories.

4.       On August 6, 2012, I sent an e-mail to Plaintiffs' counsel requesting that the parties meet and confer telephonically regarding Plaintiffs' refusal to respond to a number of the

NCAA's interrogatories. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 1.

5. On August 8, 2012, Katherine Walton and I met and conferred telephonically with Daniel Kurowski and Thomas Ahlering, counsel for Plaintiffs, regarding Plaintiffs' incomplete responses to several of the NCAA's interrogatories. During the August 8, 2012 meet and confer telephone call, I stated that Plaintiffs' responses to Interrogatory Nos. 12 and 14 of Defendant's First Set of Interrogatories to Plaintiff Adrian Arrington, Interrogatory Nos. 7 and 9 of Defendant's First Set of Interrogatories to Plaintiff Derek Owens, and Interrogatory Nos. 6 and 8 of Defendant's First Set of Interrogatories to Plaintiff Angela Palacios are insufficient as they fail to provide the damages information Fed. R. Civ. P. 26(a)(1)(A)(iii) requires Plaintiffs to disclose at this time. Counsel for Plaintiffs responded that Plaintiffs intend to rest on their objections with respect to these interrogatories and will not produce any responsive information at this time. The substance of that discussion is summarized in my confirmatory letter of August 13, 2012. A true and correct copy of this email correspondence is attached hereto as Exhibit 2.

6. On February 26, 2013, the NCAA propounded its First Set of Interrogatories to Plaintiff Kyle Solomon.

7. On April 1, 2013, Plaintiff Solomon served his Objections and Responses to the NCAA's First Set of Interrogatories.

8. On April 3, 2013, Katherine Walton sent an e-mail to Plaintiffs' counsel requesting that the parties meet and confer telephonically regarding Plaintiffs' refusal to respond to a number of the NCAA's interrogatories. A true and correct copy of this e-mail correspondence is attached hereto as Exhibit 3.

9.      On April 4, 2013, Katherine Walton and I met and conferred telephonically with Daniel Kurowski and Thomas Ahlering, counsel for Plaintiffs, regarding Plaintiffs' incomplete responses to several of the NCAA's interrogatories.  During the April 4, 2013 meet and confer telephone call, I stated that Plaintiff Solomon's responses to Interrogatory Nos. 9 and 11 of Defendant's First Set of Interrogatories are insufficient as they fail to provide the damages information Fed. R. Civ. P. 26(a)(1)(A)(iii) requires Plaintiffs to disclose at this time.  Counsel for Plaintiffs responded that Plaintiffs intend to rest on their objections with respect to these interrogatories and will not produce any responsive information at this time.  The substance of that discussion is summarized in Ms. Walton's confirmatory letter of April 8, 2013.  A true and correct copy of this email correspondence is attached hereto as Exhibit 4.

10.      The parties conferred in good faith and attempted to resolve their differences but were unable to reconcile their opposing positions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on:  April 19, 2013                    /s/  Johanna M. Spellman
                                                Johanna M. Spellman

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ADRIAN ARRINGTON, DEREK** | ) | |
| **OWENS, ANGELA PALACIOS, and** | ) | |
| **KYLE SOLOMON individually and on** | ) | **Case No. 1:11-cv-06356** |
| **behalf of all others similarly situated,** | ) | |
| | ) | **Judge John Z. Lee** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Magistrate Judge Geraldine Soat Brown** |
| | ) | |
| **NATIONAL COLLEGIATE** | ) | **JURY DEMAND** |
| **ATHLETIC ASSOCIATION,** | ) | |
| **Defendant.** | ) | |

**EXHIBITS TO DECLARATION OF JOHANNA M. SPELLMAN IN SUPPORT OF**
**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S**
**MOTION TO COMPEL**

| Exhibit 1 | August 6, 2012 email correspondence from J. Spellman to Plaintiffs' counsel requesting telephonic meet-and-confer session |
|---|---|
| Exhibit 2 | August 13, 2012 email attaching letter summarizing telephonic meet-and-confer session between counsel for the parties |
| Exhibit 3 | April 3, 2013 email from K. Walton to Plaintiffs' counsel requesting telephonic meet-and-confer session |
| Exhibit 4 | April 8, 2013 email attaching letter summarizing telephonic meet-and-confer session between counsel for the parties |

1

**Mellen, Andrew (CH)**

| | |
|---|---|
| **From:** | Spellman, Johanna (CH) |
| **Sent:** | Monday, August 06, 2012 12:25 PM |
| **To:** | Dan Kurowski; Walton, Katherine (CH) |
| **Cc:** | Mester, Mark (CH); Berkowitz, Sean (CH); Word, Christian (DC); Mellen, Andrew (CH); Beth Fegan; Tom Ahlering; Steve Berman; jsiprut@siprut.com; avold@siprut.com |
| **Subject:** | RE: Arrington v. NCAA - Search Terms |
| **Attachments:** | Arrington v. NCAA |

Hi Dan,

We are available for a call Wednesday at 10:00 a.m.  Please let us know if that works for you.  We can use the following dial-in information: 1-866-222-7056, pass code 7777039.

Regarding the injury surveillance database, we responded to your March 21 letter on March 28, 2012 and provided an exemplar report as well as information on fields in the database.  I have reattached that email.

In addition to the issues you raise below, we would like to discuss Plaintiffs' refusal to respond to a number of the NCAA's interrogatories:

Arrington, Interrogatory Nos. 6-12, 14
Owens, Interrogatory Nos. 7, 9
Palacios, Interrogatory Nos. 6, 8

Regards,

Johanna

---

**From:** Dan Kurowski [mailto:dank@hbsslaw.com]
**Sent:** Friday, August 03, 2012 10:52 AM
**To:** Walton, Katherine (CH)
**Cc:** Mester, Mark (CH); Berkowitz, Sean (CH); Word, Christian (DC); Mellen, Andrew (CH); Spellman, Johanna (CH); Beth Fegan; Tom Ahlering; Steve Berman; jsiprut@siprut.com; avold@siprut.com
**Subject:** RE: Arrington v. NCAA - Search Terms

Katie,

Thank you for the information below.  At this time, we do not have any follow-up points regarding search terms.  However, we'd like to set up a teleconference for next week to discuss the status of NCAA's non-ESI document and database information production.  Right now, Tuesday afternoon or Wednesday morning is open.

While we do not believe that the NCAA's refusal to produce ESI production until Judge Lee rules on Plaintiffs' Objections to Magistrate Judge Brown's order is appropriate and this position merely serves to delay production of relevant information, there is no dispute among the parties regarding how paper documents should be produced.  It is Plaintiffs' position that they should be produced now.  So, we'd like to speak about (and agree to set a reasonable deadline for) when Plaintiffs will receive non-ESI sources for responsive documents (e.g., physical files maintained by custodians, libraries, paper archives).

In addition, we'd also like to speak about the Injury Surveillance Database. After NCAA identified the database, Plaintiffs requested basic information, such as the search capabilities and fields of information available, as well as an exemplar report. *See* Letter dated March 9, 2012 from Johanna Spellman to Daniel Kurowski; Letter dated March 21, 2012 from Daniel Kurowski to Johanna Spellman. We would like to discuss that information and in advance of our call we would like the exemplar report we requested back in the spring.

Thank you and please let us know your availability,

Dan

Daniel J. Kurowski, Esq. | **Hagens Berman Sobol Shapiro LLP** | Direct: 708-628-4963

---

**From:** Katherine.Walton@lw.com [mailto:Katherine.Walton@lw.com]
**Sent:** Wednesday, July 11, 2012 7:00 PM
**To:** Dan Kurowski; Beth Fegan; Tom Ahlering; Steve Berman; jsiprut@siprut.com; avold@siprut.com
**Cc:** MARK.MESTER@lw.com; Sean.Berkowitz@lw.com; Christian.Word@LW.com; Andrew.Mellen@lw.com; Johanna.Spellman@lw.com
**Subject:** Arrington v. NCAA - Search Terms

Counsel-

Please find a modified deleted search term list chart. Please note that we inadvertently failed to exclude some reviewed documents from our initial searches, so some of the numbers may be a bit different from the previous chart we sent you.

The searches for which you asked us to run tests are in the chart, but please see below for a summary (in red):

- Plaintiffs originally asked for "loss or lost or level or regain w/3 conscious!" as a term. "Level" was excluded in the modification, so we request that "Level w/4 conscious*" be added back. Our list already contains the work "*conscious*", so these documents will be picked up.

**Revisions to Terms Deleted by NCAA**

- Revise "head NOT ahead or heading" to: "(head w/4 hit) OR (head w/4 blow) OR (head w/4 target*) OR (head w/4 or impact*)" We already have "head /5 hit" and "head /5 blow," but will add "head /4 impact" and "head /4 blow."

- Revise "CR" to: "CR w/15 brain" No results that did not appear with other search terms

- Revise "MEG" to: "(MEG w/4 scan) OR (MEG w/4 brain)" No results that did not appear with other search terms

- Revise "GRE" to: "(GRE w/4 scan) OR (GRE w/4 image)" No results that did not appear with other search terms

**Modification to Unchanged Term**

Please modify the following term: "Glasgow coma score" to simply "Glasgow coma." Two results that appear responsive and will be reviewed

**Additions**

Please add these additional terms:

- "unconscious" <span style="color:red">Included in the term *conscious*</span>

- Maddox w/4 (score or scale) <span style="color:red">No results that did not appear with other search terms</span>

- SCAT <span style="color:red">See result list</span>

- BESS OR "balance error scoring system" <span style="color:red">We will add this term but exclude "Bess Barnes" and "Bess Bowers" (names that appear in emails and cause mishits).</span>

- Accelerometer! <span style="color:red">See result list</span>

- Guskiewicz OR Gilchrist OR Echenedia OR Hipskind OR Lund OR Putukian <span style="color:red">See result list</span>

In short, based on the test results, we will plan on adding:

- "head /4 impact*" or "head /4 target*"

- "Glasgow coma"

- BESS (excluding Bess Bower and Bess Barnes)

Please let me know if you have questions.

Thanks,

Katie

<<1382313_5.DOC.doc>>

**Katherine S. Walton**

**LATHAM & WATKINS** LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Direct Dial: +1.312.777.7199
Fax: +1.312.993.9767
Email: katherine.walton@lw.com
http://www.lw.com

*2*

**Mellen, Andrew (CH)**

| | |
|---|---|
| **From:** | Spellman, Johanna (CH) |
| **Sent:** | Monday, August 13, 2012 2:14 PM |
| **To:** | dank@hbsslaw.com |
| **Cc:** | Beth Fegan <beth@hbsslaw.com> (beth@hbsslaw.com); Steve@hbsslaw.com; Tom Ahlering; jsiprut@siprut.com; Aleksandra M. S. Vold (avold@siprut.com); Mester, Mark (CH); Word, Christian (DC); Berkowitz, Sean (CH); Mellen, Andrew (CH); Walton, Katherine (CH) |
| **Subject:** | Arrington v. NCAA |
| **Attachments:** | Arrington v. NCAA, Aug. 13, 2012 letter to D. Kurowski.pdf |

Counsel,

Please see the attached correspondence.

Regards,

Johanna


**Johanna Spellman**

**LATHAM & WATKINS LLP**
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Direct Dial: +1.312.777.7039
Fax: +1.312.993.9767
Email: johanna.spellman@lw.com
http://www.lw.com

Johanna M. Spellman
Direct Dial: +1.312.777.7039
E-mail: johanna.spellman@lw.com

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

August 13, 2012

**BY E-MAIL**

Daniel J. Kurowski, Esq.
Hagens Berman Sobol Shapiro LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301

Re:     Arrington, et al. v. NCAA
         Case No. 1:11-cv-06356 (N.D. Ill.)

Dear Dan:

I am writing to summarize the parties' meet and confer call held on August 8, 2012. Katie Walton and I attended for the NCAA, and you and Tom Ahlering attended for Plaintiffs.

## A.     Hard Copy Document Production

You asked about the status of our hard copy document production. We stated that, in addition to the hard copy documents we have already produced, we will continue to produce additional hard copy documents over the next month. We indicated that we anticipate producing additional hard copy documents sometime this week and expect to complete our production of hard copy documents by the end of the month.

You also stated that some of the hard copy documents we previously produced appear to be missing custodian information. We asked that you provide the Bates number ranges of the documents in question so that we can look into this issue. You agreed to do so.

## B.     Datalys Data

You asked for more information about the NCAA Injury Surveillance System data maintained by Datalys. Specifically, you asked whether it is possible to export the underlying data from the final data set fields identified in Exhibit D to our March 28, 2012 letter. See March 28, 2012 Letter from J. Spellman to D. Kurowski ("March 28 Letter"). We stated we would look into this issue. You also asked for a description of the data fields for non-final data sets, as referenced in our March 28 Letter. See March 28 letter ("The Datalys Center ... has other data sets with fields that are different from those in the final data sets. However, it is difficult to generate reports from some of those sets and may not be possible to generate reports from others at all."). We stated we would look into this as well. Finally, you asked us what reports the NCAA regularly receives from Datalys. We explained that any reports related to concussions that the NCAA receives from Datalys would likely fall within the scope of

Daniel J. Kurowski, Esq.
August 13, 2012
Page 2

**LATHAM&WATKINS**LLP

Plaintiffs' document requests and would be included in the NCAA's document production, but agreed to look into the issue.

### C.    Production of Electronically Stored Information ("ESI")

You asked us to confirm our position that we will not be producing ESI until Judge Lee rules on Plaintiffs' pending Objections to Court Order Regarding Protocol for Electronically Stored Information. (Dkt. #90). We confirmed that is correct. We also stated that we continue to review documents for responsiveness and privilege and will be in a position to begin producing electronic documents on a rolling basis within a reasonable time after Judge Lee issues his ruling.

### D.    Insurance Policies

You asked about the status of our production of insurance policies covering the years 1996 to 2011. We confirmed that we are working on this issue, have located some of the policies and are waiting to receive others from our client. Per our correspondence dated August 9, 2012, we have since produced some of those additional policies.

### E.    Depositions

You asked us about the status of re-scheduling Plaintiffs' Rule (30)(b)(6) deposition of David Klossner, which had been scheduled to take place on August 1, 2012, but which Plaintiffs requested be rescheduled for an undetermined future date. We stated that we are working with our client to identify possible dates. We agreed to try to provide suggested dates by the end of this week.

We asked you to provide possible locations for Plaintiffs' depositions. You stated that you are continuing to consult with your clients regarding potential locations but that it is your understanding that since both Plaintiff Palacios and Plaintiff Owens reside in Arkansas, Little Rock, Arkansas and Fayetteville, Arkansas are possible locations for those depositions. You also indicated that Plaintiffs would likely have more flexibility as to deposition dates if the depositions were held in Fayetteville. You stated that Plaintiff Arrington could probably travel to Chicago for his deposition, but that he would have more date flexibility if the deposition were held in Bloomington-Normal, Illinois.

### F.    Plaintiffs' Interrogatory Responses

We asked about Plaintiffs' refusal to respond to several of the interrogatories in Defendant's First Set of Interrogatories. First, we discussed Plaintiffs' objections and responses to Interrogatory Nos. 6 through 11 of Defendant's First Set of Interrogatories to Plaintiff Adrian Arrington. You stated that you expect to supplement your responses to those interrogatories within two weeks.

We also asked about Plaintiffs' responses to Interrogatory Nos. 7 and 9 of Defendant's First Set of Interrogatories to Plaintiff Derek Owens, Interrogatory Nos. 6 and 8 of Defendant's First Set of Interrogatories to Plaintiff Angela Palacios, and Interrogatory Nos. 12 and 14 of

**LATHAM&WATKINS**LLP

Defendant's First Set of Interrogatories to Plaintiff Adrian Arrington, all of which request information relating to Plaintiffs' claimed damages sought in this action. We stated that Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires Plaintiffs to disclose this information. You stated that you intend to rest on the objections set forth in Plaintiffs' responses and will not provide any responsive information at this time. Despite having met and conferred on this dispute, the parties are at an impasse. We intend to seek the Court's assistance to resolve this dispute.

We also raised Plaintiff Owens' response to Interrogatory No. 4 of Defendant's First Set of Interrogatories to Plaintiff Derek Owens, which asked that Plaintiff Owens "identify all persons involved in the 'voluntary practices' in which [he] participated in the summer of 2008." Plaintiffs Owens' response identified only one other person involved in those practices but also stated that your investigation continues. See Plaintiff Derek Owens' Responses and Objections to Defendant NCAA's First Set of Interrogatories, at response to Interrogatory Nos. 1, 4. You stated that you would follow up to see if Plaintiff Owens is able to supplement that response.

## G.    Defendant's Document Requests

We next discussed outstanding items relating to Plaintiffs' document production, which were addressed in our letter dated June 20, 2012, our June 25, 2012 meet and confer call, and your letter dated July 10, 2012. See June 20, 2010 Letter from J. Spellman to D. Kurowski; and July 10, 2012 Letter from D. Kurowski to J. Spellman.

In your July 10 letter, you stated that you would be willing to provide Plaintiffs' retainer agreements with counsel in response to our requests for documents related to Plaintiffs' selection of class counsel. See Def.'s First Set Doc. Requests to Plaintiff Adrian Arrington at Request No. 3; Def.'s First Set Doc. Requests to Plaintiff Derek Owens at Request No 3; Def.'s First Set of Doc. Requests to Plaintiff Angela Palacios at Request No. 4; see also Pl.' Arrington's Responses/Objections to Def.'s First of Doc. Requests at Resp. to Request No. 3; Pl. Palacios' Responses/Objections to Def.'s First of Doc. Requests at Resp. to Request No. 3; Pl.' Owens' Responses/Objections to Def.'s First of Doc. Requests at Resp. to Request No. 3. You stated Plaintiffs would agree to produce the retainer agreements if the NCAA would agree that their production does not waive the attorney client-privilege with respect to other communications between named Plaintiffs and Plaintiffs' counsel. We, in turn, agreed, but asked that you provide a privilege log for any documents responsive to this request that you withhold. You agreed to do so.

In your July 10 letter, you asked us to clarify the NCAA's request for documents related to Plaintiffs' alleged academic decline. See Def.'s First Set Doc. Requests to Plaintiff Adrian Arrington at Request No. 17; Def.'s First Set of Doc. Requests to Plaintiff Derek Owens at Request No. 15. During our August 8, 2012 call, we confirmed that our requests cover any and all documents relating to Plaintiffs' claimed academic decline, including, but not limited to, homework assignments, tests, grades, progress reports, and communications with professors or others about Plaintiffs' academic performance. You agreed to produce those documents.

LATHAM&WATKINS LLP

We asked about the status of documents related to Plaintiff Arrington's ongoing medical expenses. See Def.'s First Set Doc. Requests to Plaintiff Adrian Arrington at Request No. 18. You confirmed that Plaintiff Arrington currently has no additional documents responsive to that request but that you have asked Plaintiff Arrington to provide you with documentation of his continued medical expenses going forward and will supplement your production accordingly.

Finally, you stated that you are still working to produce certain documents in the format ordered in the Order Regarding Protocol for Electronically Stored Information, entered on June 12, 2012 (Dkt. # 88-89), as requested in our June 20, 2012 letter.

## H.     UCA Document Follow Up

In addition to Plaintiffs' responses to the issues discussed during our August 8, 2012 call, we request clarification on Plaintiffs' production of documents received pursuant to a subpoena issued to the University of Central Arkansas ("UCA"). On May 14, 2012, UCA Associate General Counsel Katie Henry stated in a letter to Thomas Ahlering that "the UCA Athletic Department is making copies of its video footage of Mr. Owens and will forward those copies to you as soon as possible." See Letter dated May 14, 2012 from Katie Henry to Thomas Ahlering, attached as Ex. A. Please advise whether you have received the referenced video footage and, if so, when you plan on producing that to Defendant.

Sincerely,

Johanna M. Spellman
of LATHAM & WATKINS LLP

cc:     Elizabeth A. Fegan
        Steve W. Berman
        Thomas Ahlering
        Joseph J. Siprut
        Aleksandra M.S. Vold

# Exhibit A



**University of
Central Arkansas**

OFFICE OF THE
PRESIDENT

May 14, 2012

Mr. Thomas Ahlering
Hagens Berman Sobol Shapiro, LLP
1144 Lake Street, Suite 400
Oak Park, IL 60301

     Re: Subpoena – Adrian Arrington, et al. v. National Collegiate Athletic
         Association
         United States District Court for the Eastern District of Arkansas,
         Civil Action No. 11-cv-06356

Dear Mr. Ahlering:

Enclosed please find additional documents from the University of Central
Arkansas's in regard to the above-referenced subpoena. The UCA Athletic
Department is making copies of its video footage of Mr. Owens and will forward
those copies to you as soon as possible.

If you have any questions, please feel free to contact me at khenry@uca.edu or (501)
450-5007.

               Sincerely,

               Katie L. Henry
               Associate General Counsel

OWENS_UCA200000483

**3**

## Mellen, Andrew (CH)

| | |
|---|---|
| **From:** | Walton, Katherine (CH) |
| **Sent:** | Wednesday, April 03, 2013 12:39 PM |
| **To:** | 'Dan Kurowski' |
| **Cc:** | 'Tom Ahlering'; 'Steve Berman'; 'avold@siprut.com'; 'jsiprut@siprut.com'; 'Nick Styant-Browne'; 'Beth Fegan'; Mellen, Andrew (CH); Word, Christian (DC); Mester, Mark (CH); Spellman, Johanna (CH) |
| **Subject:** | Arrington v. NCAA |

Dan,

Are you available to meet and confer tomorrow afternoon regarding Plaintiff Solomon's discovery responses and regarding the parties' Requests for Admission?

Thanks,
Katie

**Katherine S. Walton**

**LATHAM & WATKINS LLP**
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Direct Dial: +1.312.777.7199
Fax: +1.312.993.9767
Email: katherine.walton@lw.com
http://www.lw.com

**4**

## Mellen, Andrew (CH)

| | |
|---|---|
| **From:** | Walton, Katherine (CH) |
| **Sent:** | Monday, April 08, 2013 3:37 PM |
| **To:** | 'Dan Kurowski' |
| **Cc:** | Spellman, Johanna (CH); Mellen, Andrew (CH); 'Tom Ahlering'; 'jsiprut@siprut.com'; 'avold@siprut.com'; Mester, Mark (CH); Word, Christian (DC); Berkowitz, Sean (CH); 'Nick Styant-Browne'; 'Beth Fegan' |
| **Subject:** | Arrington v. NCAA |
| **Attachments:** | DOC.PDF |

Dan,

Please see the attached correspondence.

**Katherine S. Walton**

**LATHAM & WATKINS LLP**
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Direct Dial: +1.312.777.7199
Fax: +1.312.993.9767
Email: katherine.walton@lw.com
http://www.lw.com

Katherine S. Walton
Direct Dial: (312) 777-7199
katherine.walton@lw.com

233 S. Wacker Drive, Suite 5800
Chicago, Illinois 60606
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 8, 2013

## VIA EMAIL

Daniel J. Kurowski, Esq.
Hagens Berman Sobol Shapiro LLP
1144 W. Lake Street, Ste. 400
Oak Park, IL 60301

File No. 049742-0004

Re:     Arrington, et al. v. NCAA
        Case No. 1:11-cv-06356 (N.D. Ill.)

Dear Dan:

We write to summarize the parties' meet and confer call, held on April 4, 2013. Tom Ahlering and you attended for Plaintiffs. Johanna Spellman and I attended for the NCAA.

You stated that you received our April 2, 2013 email in which we requested that Plaintiffs re-produce their recent document productions in the format required by the June 12, 2012 Order Establishing Electronic Discovery Protocol (the "ESI Order"). You stated that Plaintiffs would reproduce most of the documents referenced in that email, as well as the documents produced on April 3 and 4 (NCAAPLS000554-622, ARRINGTON003363-77 and SOLOMON000628-94) in the format required by the ESI Order. You noted that Plaintiffs' recent productions include some oversized hard copy documents that cannot be rendered in TIFF format as required under the ESI Order.

We asked about Plaintiff Solomon's refusal to provide damages information in response to Interrogatory Nos. 9 and 11 of Defendant NCAA's First Set of Interrogatories (as well as in his Rule 26(a) disclosures). We stated that Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires Plaintiff to disclose this information. You stated that you intend to rest on the objections set forth in Plaintiff Solomon's responses and will not provide any responsive information at this time. Despite having met and conferred on this dispute, the parties are at an impasse. We intend to seek the Court's assistance to resolve this dispute.

We also have confirmed that Kyle Solomon's deposition will take place on April 16, 2013. We asked if you have completed your production of Mr. Solomon's documents. You stated that you are still in the process of reviewing Mr. Solomon's emails but hope to provide those by early this week. You also stated that you are waiting to receive documents responsive to your subpoena to the University of Maine. We received those documents from you this morning.

April 8, 2013
Page 2

**LATHAM&WATKINS**LLP

       Finally, we discussed the parties' recently-served requests for admission. We stated that Plaintiff Adrian Arrington's First and Second Set of Requests for Admission ("RFAs") and corresponding interrogatories served are overbroad and unduly burdensome as they request that the NCAA admit to the authenticity and admissibility of thousands of documents. We further stated that in serving interrogatories that ask the NCAA to explain any denials as to the authenticity or admissibility of thousands of documents, Plaintiffs have exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure. You stated that it is your practice to issue such RFAs prior to class certification, but said that you would be open to an alternative means of establishing the authenticity and admissibility of documents. We proposed that the parties enter a joint stipulation as to the authenticity and admissibility of certain documents for the purposes of class certification briefing. You stated that Plaintiffs were willing to consider a mutual stipulation, but were unwilling to commit to reducing the number of documents subject to any such stipulation. You suggested we that we draft a proposal for Plaintiffs' review. We agreed to draft a proposed mutual stipulation.

       Sincerely,

Katherine S. Walton
of LATHAM & WATKINS LLP

cc:    Elizabeth A. Fegan
       Nicholas Styant-Browne
       Thomas Ahlering
       Aleksandra M.S. Vold
       Joseph Siprut