# Exhibit A

## Table 1:  Jurisdictions with Four Basic Elements of Negligence

| Jurisdiction | Authority |
|---|---|
| Alabama | *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001) ("[t]he elements of a negligence claim are a duty, a breach of that duty, causation, and damage"). |
| Alaska | *Parks v. Hiway Enters., LLC v. CEM Leasing, Inc.*, 995 P.2d 657, 667 (Alaska 2000) ("[t]he tort of negligence consists of four separate and distinct elements:  (1) duty, (2) breach of duty, (3) causation, and (4) harm"). |
| Arizona | *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) ("[t]o establish a claim for negligence, a plaintiff must prove four elements:  (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages"). |
| Arkansas | *Arkansas Kraft v. Cottrell*, 855 S.W.2d 333, 336 (Ark. 1993) ("To establish a prima facie case of negligence, the plaintiff must show that he sustained damages, that the defendant was negligent, and that such negligence was a proximate cause of the damages.") (note:  duty is subsumed within the negligence element as per Ark. Model Jury Instruct. 305). |
| California | *Merrill v. Navegar, Inc.*, 28 P.3d 116, 123 (Cal. 2001) ("[t]o prevail on their negligence claim, plaintiffs must show that [defendant] owed them a legal duty, that it breached the duty, and that the breach was a proximate or legal cause of their injuries"). |
| Colorado | *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992) ("[t]he elements of a claim of negligence consist of the following: a duty owed by the defendant to the plaintiff, a breach of that duty, injury to the plaintiff, and a proximate cause relationship between the breach and the injury"). |
| Connecticut | *Estate of Lepage v. Horne*, 809 A.2d 505, 510 (Conn. 2002) ("[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury …") (citation omitted). |
| Delaware | *Jones v. Crawford*, 1 A.3d 299, 302 (Del. 2010) ("[t]o prove negligence, [plaintiff] was required to establish, by a preponderance of the evidence, that the defendants failed to meet their respective legal standard of care, and that the defendants' misconduct proximately harmed her; that is; she must prove the elements of duty, breach, causation, and harm"). |

010270-11  623220 V1

| Jurisdiction | Authority |
|---|---|
| District of Columbia | *Woods v. District of Columbia*, 63 A.3d 551, 553 (D.C. Ct. App. 2013) ("[t]he elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach") (citation omitted). |
| Florida | *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) ("Traditionally, a cause of action based on negligence comprises four elements: '1. A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks. 2. A failure on the defendant's part to conform to the standard required: a breach of the duty…. 3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as 'legal cause,' or 'proximate cause,' and which includes the notion of cause in fact. 4. Actual loss or damage ….'" (quoting *W. Page Keeton, Prosser and Keaton on the Law of Torts* 164-65 (5th ed. 1984)). |
| Georgia | *Sutter v. Hutchings*, 327 S.E.2d 716, 718 (Ga. 1985) ("[t]he traditional formula setting forth the elements of negligence are: '1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. 2. A failure on his part to conform to the standard required …. 3. A reasonable close causal connection between the conduct and the resulting injury …. 4. Actual loss or damage resulting to the interests of another'" (quoting *Prosser, Law of Torts*, 4th ed., § 30 (1971)), *abrogated on other grounds by statute as stated in Riley v. H & H Operations*, 436 S.E.2d 659, 660-61 (Ga. 1993). |
| Hawaii | *Kaho'Ohanohano v. Dep't of Human Servs.*, 178 P.3d 538, 563 n.31 (Haw. 2008) ("[i]t is well-established that, in order for a plaintiff to prevail on a negligence claim, the plaintiff is required to prove all four of the necessary elements of negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages"). |
| Idaho | *Schmechel v. Dille, M.D.*, 219 P.3d 1192, 1203 (Idaho 2009) ("[t]he elements of negligence are a duty the defendant owes to the plaintiff, a breach of that duty by the defendant, a causal connection between the breach and the plaintiff's injury, and actual injury") (quoting 57A *Am. Jur.* 2d *Negligence* § 71). |
| Illinois | *Choate v. Ind. Harbor Belt R.R. Co.*, 980 N.E.2d 58, 64 (Ill. 2012) ("[t]o succeed in an action for negligence, the plaintiff must establish that the defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach proximately caused injury to the plaintiff"). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| Indiana | *Robertson v. B.O.*, 977 N.E.2d 341, 344 (Ind. 2012) ("[t]raditionally, negligence consists of '(1) a duty owed by the tortfeasor to the tort victim, (2) a breach of that duty, and (3) an injury to the tort victim proximately caused by the breach'") (citation omitted). |
| Iowa | *Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009) ("[a]n actionable claim of negligence requires 'the existence of a duty to conform to a standard of conduct to protect others, a failure to conform to that standard, proximate cause, and damages'") (citation omitted). |
| Kansas | *Hale v. Brown*, 197 P.3d 438, 440 (Kan. 2008) ("[i]n order to establish a negligence claim, the plaintiff must establish the existence of a duty, a breach of that duty, an injury, and proximate cause, which means a causal connection between the duty breached and the injury"). |
| Kentucky | *Osborne v. Keeney*, 2012 Ky. LEXIS 203, at *38 (Ky. Dec. 20, 2012) ("[T]he recognized elements of a common law negligence claim [are]: (1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury.") |
| Louisiana | *Hanks v. Entergy Corp.*, 944 So. 2d 564, 579 (La. 2006) ("[u]nder Louisiana jurisprudence, most negligence cases are resolved by employing a duty/risk analysis, which entails five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element)"). |
| Maine | *Gray v. TD Bank, N.A.*, 45 A.3d 735, 740 (Me. 2012) ("[a] claim of negligence requires proof of a duty owed, breach of that duty, and an injury proximately caused by the breach"). |
| Maryland | *Barclay v. Briscoe*, 47 A.3d 560, 574 (Md. Ct. App. 2012) ("[i]n order to prevail on a claim of negligence in Maryland, a plaintiff must prove the existence of: (a) a duty owed by the defendant to the plaintiff, (b) a breach of that duty, and (c) injury proximately resulting from that breach"). |

| Jurisdiction | Authority |
|---|---|
| Massachusetts | *Go-Best Assets, Ltd. v. Citizens Bank*, 972 N.E.2d 426, 431 (Mass. 2012) ("[t]o make out a claim for negligence, the plaintiff must show that the defendant 'owed him a duty of reasonable care, that the [defendant] committed a breach of that duty, that damage resulted, and that there was a causal relation between the breach of duty and the damage'") (citation omitted). |
| Michigan | *Hill v. Sears, Roebuck & Co*., 822 N.W.2d 190, 195 (Mich. 2012) ("[t]o establish a prima facie case of negligence, a plaintiff must prove that '(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages'"). |
| Minnesota | *Glorvigen v. Cirrus Design Corp*., 816 N.W.2d 572, 581-82 (Minn. 2012) ("[w]hen liability is based on a theory of negligence, 'a plaintiff must prove (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) that the breach of the duty of care was a proximate cause of the injury'") (citation omitted). |
| Mississippi | *Patterson v. T. L. Wallace Constr., Inc*., 2013 Miss. LEXIS 189, at *13-14 (Miss. May 2, 2013) ("[i]n order to prevail on a negligence claim, the plaintiff must prove by a preponderance of the evidence each element of negligence: duty, breach of duty, proximate cause, and damages"). |
| Missouri | *Hoffman v. Union Elec. Co*., 176 S.W.3d 706, 708 (Mo. 2005) ("[i]n order for a plaintiff to make a submissible case of negligence, a plaintiff must establish that there was a duty and that the breach of that duty was the proximate cause of his injury"). |
| Montana | *Gatlin-Johnson v. City of Miles City*, 291 P.3d 1129, 1132 (Mont. 2012) ("[t]he plaintiff in a negligence case must establish that the defendant had a legal duty; that the defendant breached that duty; and that the breach caused injury and damages"). |
| Nebraska | *Olson v. Wrenshall*, 822 N.W.2d 336, 340-41 (Neb. 2012) ("[i]n order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty"). |
| Nevada | *Foster v. Costco Wholesale Corp*., 291 P.3d 150, 153 (Nev. 2012) ("[t]o prevail on a traditional negligence theory, a plaintiff must demonstrate that '(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages'") (citation omitted). |

| Jurisdiction | Authority |
|---|---|
| New Hampshire | *Pesaturo v. Kinne*, 20 A.3d 284, 290 (N.H. 2011) ("[t]o recover for negligence, a plaintiff must demonstrate that the defendant has a duty, that he breached that duty, and that the breach proximately caused injury to the plaintiff"). |
| New Jersey | *Brunson v. Affinity Fed. Credit Union*, 972 A.2d 1112, 1122-23 (N.J. 2009) ("[I]n order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: '(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages[.]'") (citation omitted). |
| New Mexico | *Spencer v. Health Force, Inc.*, 107 P.3d 504, 510 (N.M. 2005) ("[a] negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages") (citation omitted). |
| New York | *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 958 N.E.2d 77, 83 (N.Y. 2011) ("[t]o establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages"). Proximate cause is also required. *Sheehan v. New York*, 354 N.E.2d 832, 834 (N.Y. 1976). |
| North Carolina | *Stein v. Asheville City Bd. of Educ.*, 626 S.E.2d 263, 267 (N.C. 2006) ("[t]o state a claim for common law negligence, a plaintiff must allege: (1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach"). |
| North Dakota | *Saltsman v. Sharp*, 803 N.W.2d 553, 557 (N.D. 2011) ("[a]n actionable negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge that duty, and a resulting injury proximately caused by the breach of the duty") (citation omitted). |
| Ohio | *Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 122-23 (Ohio 2009) ("[t]o prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured"). |
| Oklahoma | *Berman v. Lab. Corp. of Am.*, 268 P.3d 68, 72 (Okla. 2011) ("[t]he elements of a claim for negligence are: 1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care"). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| Oregon | *Stevens v. Bispham*, 851 P.2d 556, 560 (Or. 1993) ("in … tort actions in which there is a special relationship between the plaintiff and the defendant, the plaintiff usually must allege and prove (1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, *i.e.*, a causal link between the breach of duty and the harm"). |
| Pennsylvania | *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 596 (Penn. 2012) ("[g]enerally, to state a cause of action for negligence, a plaintiff must allege facts which establish the breach of a legally recognized duty or obligation of the defendant that is causally connected to actual damages suffered by the plaintiff"). |
| Rhode Island | *Berard v. HCP, Inc.*, 64 A.3d 1215, 2013 R.I. LEXIS 75, at *7 (R.I. 2013) ("[i]n setting forth a negligence claim, 'a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage'") (citation omitted). |
| South Carolina | *Savannah Bank, N.A. v. Stalliard*, 734 S.E.2d 161, 163-64 (S.C. 2012) ("[t]o state a cause of action for negligence, the plaintiff must allege facts which demonstrate:  (1) a duty of care owed by the defendant; (2) a breach of that duty by a negligent act or omission; (3) a negligent act or omission resulted in damages to the plaintiff; and (4)  that damages proximately resulted from the breach of duty"). |
| South Dakota | *Bernie v. Catholic Diocese of Sioux Falls*, 821 N.W.2d 232, 240 (S.D. 2012) ("[i]n order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury") (citation omitted). |
| Tennessee | *Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011) ("[i]n order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements:  '(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause'") (citation omitted). |
| Texas | *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) ("[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach") (citation omitted). |

| Jurisdiction | Authority |
|---|---|
| Utah | *Webb v. Univ. of Utah*, 125 P.3d 906, 909 (Utah 2005) ("[t]o establish a claim of negligence, the 'plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages'") (citation omitted). |
| Vermont | *Fagnant v. Foss*, 2013 VT 16, 2013 Vt. LEXIS 20, at *11-12 (Vt. 2013) ("[i]n the typical negligence case, a plaintiff needs to establish four things in order to recover damages: a legally cognizable duty owed by the defendant to the plaintiff, a breach of that duty, that the breach was a proximate cause of plaintiff's injury, and damages"). |
| Virginia | *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 537 (Va. 2012) ("to prevail in an action for negligence, a plaintiff must prove the existence of a legal duty, a breach of the duty, and that the breach of the duty proximately caused his injury"). |
| Washington | *Michaels v. CH2M Hill, Inc.*, 257 P.3d 532, 542 (Wash. 2011) ("[t]he plaintiffs brought a negligence suit, requiring them to 'establish the existence of a duty, a breach thereof, a resulting injury, and proximate causation between the breach and the resulting injury'") (citation omitted). |
| West Virginia | *Jackson v. Putnam Cnty. Bd. of Educ.*, 653 S.E.2d 632, 641-642, (W. Va. 2007) ("'[i]n order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff [and] that such negligence is a proximate cause of the injury'") (citations omitted). |
| Wisconsin | *Hoida, Inc. v. M&I Midstate Bank*, 717 N.W.2d 17, 26-27 (Wis. 2006) ("[f]or decades, Wisconsin courts have engaged a four-element analysis to determine whether an actionable claim for negligence has been stated. We require a plaintiff to plead facts, which if proved true, would establish the following four elements: '(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the [breach].'") (citation omitted). |
| Wyoming | *Hatton v. Energy Elec. Co.*, 148 P.3d 8, 13 (Wy. 2006) ("[t]he elements of a negligence cause of action are: '(1) The defendant owed the plaintiff a duty to conform to a specified standard of care, (2) the defendant breached the duty of care, (3) the defendant's breach of the duty of care proximately caused injury to the plaintiff, and (4) the injury sustained by the plaintiff is compensable by money damages'") (citation omitted). |

**Table 2a:  Jurisdictions that Recognize Duty Arising from (i) Special Relationships and (ii) Undertaking a Duty**

| Jurisdiction | Authority |
|---|---|
| Alabama | *Rudolph v. First Southern Fed. Sav. & Loan Assn.*, 414 So. 2d 64, 67 (Ala. 1982) ("It is a clearly established doctrine in this jurisdiction that one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting reasonably, and is liable in damages for injury resulting from a breach of that duty…. Likewise, consistent with the Restatement's expression of the common law rule, a course of dealing which results in a special relationship between the parties can give rise to the duty to use that degree of care and skill which would be reasonably necessary under the circumstances[.]") |
| Alaska | *Anderson v. PPCT Mgmt. Sys.*, 145 P.3d 503, 511 (Alaska 2006) ("undertakings can create a duty of care and that one who voluntarily assumes a duty must then perform that duty with reasonable care") (quotation marks omitted); *Bryson v. Banner Health Sys.*, 89 P.3d 800, 805 (Alaska 2004) (applying Restatement § 315 and extending beyond four relationships enumerated in § 314A). |
| Arizona | *Lips v. Scottsdale Healthcare Corp.*, 229 P.3d 1008, 1010 (Ariz. 2010) ("Duties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant," and from public policy considerations."  …  For example, the common law imposes a duty of reasonable care on a party who voluntarily undertakes to protect persons or property from physical harm.  See RESTATEMENT (SECOND) OF TORTS § 323 (1965)."); *Gipson v. Kasey*, 150 P.3d 228, 232 (Ariz. 2007) ("Relationships, however, have continued to provide a basis for identifying and defining duties of care"). |
| Arkansas | *Shepherd v. Washington Cty.*, 962 S.W.2d 779, 787 (Ark. 1998) ("This court has often stated that ordinarily one is not liable for the acts of another party unless a special relationship exists between the tortfeasor and the victim"); *Wilson v. Rebsamen Ins.*, 957 S.W.2d 678, 695 (Ark. 1997) ("Wilson argues that by contracting with Arkansas Oak Flooring to perform safety inspections of its facilities, Insurisk and Moorhead undertook a duty of care towards all of Arkansas Oak Flooring's employees to perform those inspections with reasonable care. We agree with this argument."; citing RESTATEMENT (SECOND) OF TORTS, § 324A (1965)); *Lawrence v. Francis*, 267 S.W.2d 306, 309 (Ark. 1954) ("where an insurance agent or broker undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the duty he has assumed"). |

| Jurisdiction | Authority |
|---|---|
| California | *Nally v. Grace Cmty. Church*, 763 P.2d 948, 968 (Cal. 1988) (Kaufman, J. concurring) ("[i]t is black-letter law that one may have an affirmative duty to protect another from harm where a "special relationship" exists…. In the special case of determining the existence of an affirmative duty to protect another, courts have traditionally looked to relationships where 'the plaintiff is typically in some respect particularly vulnerable and dependent upon the defendant who, correspondingly, holds considerable power over the plaintiff's welfare.' (Prosser & Keeton, *supra*, at p. 374.)"); *Lawson v. Superior Ct.*, 103 Cal. Rptr. 3d 834, 849 (Cal. App. 4th Dist. 2010) ("'An affirmative duty to protect another from harm may arise, however, where a "special relationship" exists. [Citations.] Such a special relationship is typically where the plaintiff is particularly vulnerable and dependent upon the defendant who, correspondingly, has some control over the plaintiff's welfare.'"). |
| Colorado | *Davenport v. Community Corrections*, 962 P.2d 963, 967-68 (Colo. 1998) (whether to impose duty "to prevent a third person from harming another" including "the existence of a special relationship between the parties"); *Mancuso v. United Bank of Pueblo*, 818 P.2d 732, 743 (Colo. 1991) ("if a bank undertakes to render services for another, it may assume a duty to exercise reasonable care if the other detrimentally relies upon the advice given"; citing RESTATEMENT (SECOND) OF TORTS § 323(b) (1965)); *Jefferson Cnty. School Dist. v. Justus*, 725 P.2d 767, 770 (Colo. 1986) ("in addition to those duties imposed by law solely on the basis of the relationship between parties, a separate and distinct body of law holds that a party may assume duties of care by voluntarily undertaking to render a service"; citing RESTATEMENT (2D) OF TORTS § 323 (1965)). |
| Connecticut | *Grenier v. Comm'r of Transp.*, 51 A.3d 367, 384 (Conn. 2012) ("'One who gratuitously undertakes a service that he has no duty to perform must act with reasonable care in completing the task assumed.' … 'If one undertakes to perform an act and performs it negligently … it makes no difference whether … the act was performed gratuitously'"; citing RESTATEMENT (2D) OF TORTS § 323 (1965)); *id.* at 380 ("'One exception to this general rule arises when a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or to protect another…. In delineating more precisely the parameters of this limited exception to the general rule, this court has concluded that, [in the absence of] a special relationship of custody or control, there is no duty to protect a third person …"; citing 2 RESTATEMENT (SECOND), TORTS §§ 314, 314A (1965)). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| District of Columbia | *Presley v. Commer. Moving & Rigging, Inc.*, 25 A.3d 873, 888-89 (D.C. 2011) ("a legal duty arises when a party undertakes to 'render[] services to another which he should recognize as necessary for the protection of a third person'"; citing *Restatement (Second) of Torts*, § 324A (1965)); *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 794 (D.C. 2011) (*en banc*) (""); *id.* ("We have described a court's examination of whether a duty exists as a 'foreseeability of harm test' that is determined, in large part, by the nature of the relationship between the parties …. Inherent also in the concept of duty is the relationship between the parties out of which the duty arises…. [T]he foreseeable risks associated with the defendant's failure to complete an undertaking provide the basis for the court's assessment of duty. Recently, we have even suggested that 'the relationship between the parties is the key to determining whether the defendant had a legally enforceable duty to the plaintiff ….'"). |
| Florida | *Wallace v. Dean*, 3 So. 3d 1035, 1050 (Fla. 2009) ("[i]n every situation where a man undertakes to act, or to pursue a particular course, he is under an implied legal obligation or duty to act with reasonable care"); *Reider v. Dorsey*, 98 So. 3d 1223, 1226 n.2 (Fla. Dist. Ct. App. 3d Dist. 2012) ("Florida has adopted the 'special relationship' test set forth in the RESTATEMENT (SECOND) OF TORTS, section 315 (2012)"); *Daly v. Denny's Inc.*, 694 So. 2d 775, 777 (Fla. Dist. Ct. App. 4th Dist. 1977) ("the duty to protect strangers against the tortious conduct of another can arise if, at the time of the injury, the defendant is in actual or constructive control of … the tort-feasor."). |
| Georgia | *Huggins v. Aetna Cas. & Sur. Co.*, 264 S.E.2d 191, 192 (Ga. 1980) ("We here adopt the majority rule as stated in the *Restatement 2d Torts* § 324A"); *Houston v. Bedgood*, 588 S.E.2d 437, 440 (Ga. Ct. App. 2003) ("two exceptions: a special relationship exists between the actor and another imposing a duty on the actor to control such person's conduct for the benefit of third persons, or a special relationship exists between the actor and another giving such person a right to protection"); *Bruscato v. Gwinnett-Rockdale-Newton Cmty. Serv. Bd.*, 660 S.E.2d 440, 444 n.7 (Ga. Ct. App. 2008) ("The special relations provided in these sections [*Restatement (Second) of Torts*, §§ 314A and 32] extend to common carriers, innkeepers, possessors of land, and individuals who are required by law or who voluntarily take custody of another. Although the *Restatement* provisions state that the special relationships are not limited to those specifically designated, the comments to those provisions otherwise suggest that special relationships are based upon a duty to control."). |

| Jurisdiction | Authority |
|---|---|
| Hawaii | *Touchette v. Ganal*, 922 P.2d 347, 353 (Haw. 1996) (adopting RESTATEMENT (SECOND) OF TORTS, §§ 314-325, including § 314A and its comments, and stating "this court has also recognized that the list of relationships delineated in section 314A is not exclusive or exhaustive"). |
| Idaho | *Baccus v. Ameripride Servs.*, 179 P.3d 309, 313 (Idaho 2008) ("a legal duty may arise if 'one voluntarily undertakes to perform an act, having no prior duty to do so'"); *Coghlan v. Beta Theta Pi Fraternity*, 987 P.2d 300, 311 (Idaho 1999) ("An affirmative duty to aid or protect arises only when a special relationship exists between the parties. *See* RESTATEMENT (SECOND) OF TORTS § 314A (1965).… [T]he relations listed are not intended to be exclusive. *See* RESTATEMENT (SECOND) OF TORTS § 314A cmt. b (1965)."). |
| Indiana | *Estate of Short v. Brookville Crossing 4060 LLC*, 972 N.E.2d 897, 901-902 (Ind. Ct. App. 2012) ("there are exceptions to this general rule and among them is a duty which arises from certain special relationships between the parties, described by § 314A of the *Restatement (Second) of Torts*"); *Kinsey v. Bray*, 596 N.E.2d 938, 940-941 (Ind. Ct. App. 1992) ("[t]he relations listed in this Section [§ 314A], however, are not intended to be exclusive and are not necessarily the only ones in which a duty of affirmative actions for the aid or protection of another may be found. *Id.* (Comment b)"); *Erwin v. HSBC Mortg. Servs., Inc.*, 983 N.E.2d 174, 181-82 (Ind. Ct. App. 2013) ("Our courts recognize the gratuitous assumption of duty by one who, through affirmative conduct or agreement, assumes and undertakes a duty to act.… For an actor to gratuitously assume a duty, the actor must specifically undertake to perform the task he is charged with having performed negligently."). |
| Iowa | *Hoyt v. Gutterz Bowl & Lounge L.L.C.*, 829 N.W.2d 772, 775 (Iowa 2013) (adopting the *Restatement (Third) of Torts* § 40, which replaces § 314A and states in comment o (*Nonexclusivity of relationships*) that "[t]he list of special relationships provided in this Section is not exclusive. Courts may, as they have since the *Second Restatement*, identify additional relationships that justify exceptions to the no-duty rule contained in § 37."); *McCormick v. Nikkel & Assocs.*, 819 N.W.2d 368, 375 (Iowa 2012) ("Iowa and other jurisdictions recognize the concept of an 'assumed duty.' [Citing RESTATEMENT (SECOND) OF TORTS § 323, at 135 (1965).] That is, a duty can be imposed on a defendant who 'undertakes' to render a service to another."). |

| Jurisdiction | Authority |
|---|---|
| Kentucky | *Morgan v. Scott*, 291 S.W.3d 622, 632 (Ky. 2009) ("[w]e have previously adopted *Restatement (Second) of Torts* § 324A regarding the elements necessary for liability for the breach of a voluntarily assumed duty"); *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 850 (Ky. 2005) ("The *Restatement*'s enumeration of special relationships is not exclusive…. 'The key in each [special relationship] is that the defendant's relationship with either the tortfeasor or the plaintiff places the defendant in the best position to protect against the risk of harm.'"); *Morgan v. Scott*, 291 S.W.3d 622, 632 (Ky. 2009) ("[w]e have previously adopted *Restatement (Second) of Torts* § 324A regarding the elements necessary for liability for the breach of a voluntarily assumed duty"); *Sheehan v. United Servs. Auto. Ass'n*, 913 S.W.2d 4, 6 (Ky. Ct. App. 1996) ("one who volunteers to act, though under no duty to do so, is charged with the duty of acting with due care"). |
| Maryland | *Krieger v. J. E. Greiner Co.*, 382 A.2d 1069, 1081 (Md. 1978) ("[i]t is settled tort law that once a person gratuitously embarks upon a course of conduct intended to protect another person or class of persons whom he was under no preexisting legal duty to protect, he must conduct himself in a reasonable and prudent fashion; and his failure to do so will subject him to liability for damages if injury proximately results"; citing § 323); *E.G. Rock, Inc. v. Danly*, 633 A.2d 485, 491 (Md. Ct. Spec. App. 1993) (closely related "Good Samaritan Doctrine" reflected in *Restatement (Second) of Torts*, § 324A, is "recognized as a part of Maryland law"); *Patton v. United States Rugby Football, Union, Ltd.*, 851 A.2d 566, 572-573 (Md. 2004) ("[W]e again approved the traditional 'special relationships' that consistently have been associated with the 'special relationship' doctrine …. We adopted previously as Maryland common law § 314A of the *Restatement*."). *Id*. at 573 ("[a]lthough the foregoing list is not exhaustive, our caselaw … consistently requires an element of dependence"). |

| Jurisdiction | Authority |
|---|---|
| Massachusetts | *Evans v. Lorillard Tobacco Co.*, 2013 Mass. LEXIS 460, at *66 (Mass. June 11, 2013) ("[i]f a person voluntarily assumes a duty or undertakes to render services to another that should have been seen as necessary for her protection, that person may be liable for harm caused because of the negligent performance of his undertaking"); *Cottam v. CVS Pharm.*, 764 N.E.2d 814, 821-22 (Mass. 2002) ("Massachusetts recognizes that 'a duty voluntarily assumed must be performed with due care,' and … [has] approved the principles pertaining to voluntary assumption of a duty as set forth in the *Restatement (Second) of Torts* § 323 (1965)"); *Kavanagh v. Trs. of Boston Univ.*, 795 N.E.2d 1170, 1176 (Mass. 2003) (citing with approval *Restatement (Second) of Torts* § 314A (1965)"); *Bash v. Clark Univ.*, 22 Mass. L. Rep. 84, at *9 (Mass. Super. Ct. Nov. 20, 2006) (quoting § 314A comment B that the listed relationships "are not intended to be exclusive, and are not necessarily the only ones in which a duty of affirmative action for the aid and protection of another may be found …"); *Shin v. Mass. Inst. of Tech.*, 2005 Mass. Super. LEXIS 333, at *32-33 (Mass. Super. Ct. June 27, 2005) (same). |
| Michigan | *Myers v. Muffler Man Supply Co.*, 2008 Mich. App. LEXIS 1930, at *4 (Mich. Ct. App. Sept. 23, 2008) ("Michigan has also adopted § 323 of the *Restatement*"; citing *Schanz v New Hampshire Ins Co.*, 418 N.W.2d 478, 482 (Mich. Ct. App. 1988)"); *Hickey v. Zezulka*, 487 N.W.2d 106, 119 (Mich. 1992) ("Generally, a person is under no duty to aid or protect another individual; however, a special relationship between the parties may give rise to such a duty. 2 RESTATEMENT TORTS, 2D, § 314A, p 118."); *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 178 (Mich. 1993) (court analysis indicates it extends "special relationship" beyond relationships specifically listed in *Restatement*). |
| Minnesota | *Funchess v. Cecil Newman Corp.*, 632 N.W.2d 666, 674 (Minn. 2001) ("[o]ne who voluntarily assumes a duty will be liable for damages resulting from failure to use reasonable care"; citing RESTATEMENT (SECOND) OF TORTS § 323 (1965)); *Donaldson v. YWCA*, 539 N.W.2d 789, 792 (Minn. 1995) ("[a] legal duty to act for the protection of another person arises when a special relationship exists between the parties," citing *Restatement (Second) of Torts* § 314A (1965)…. To reach the conclusion that a special relationship exists, it must be assumed that the harm to be prevented by the defendant is one that the defendant is in a position to protect against and should be expected to protect against."); |

| Jurisdiction | Authority |
|---|---|
| Mississippi | *Century 21 Deep South Props., Ltd. v. Corson*, 612 So. 2d 359, 368 (Miss. 1992) ("Century 21 assumed a limited duty of care to the Corsons when it gratuitously undertook the task of obtaining title work for them"); *Doe v. Hunter Oaks Apts., L.P.*, 105 So. 3d 422, 427 (Miss. Ct. App. 2013) ("[a] duty can be assumed … by a gratuitous promise that induces detrimental reliance"); *id.* at 426 (applying the *Restatement [(Second) of Torts*, § 314A, and stating that the four identified special relationships are "not exclusive"). |
| Missouri | *Bowan v. Express Med. Transporters, Inc.*, 135 S.W.3d 452, 457 (Mo. Ct. App. 2004) ("our Supreme Court has adopted section 323 from the *Restatement (Second) of Torts*, which imposes a duty on those who voluntarily render services to another"); *Stafford v. Drury Inns, Inc.*, 165 S.W.3d 494, 496 (Mo. Ct. App. 2005) ("the special relationship exception creates a duty based solely on the positions of the parties"). |
| Montana | *Lokey v. Breuner*, 243 P.3d 384, 385 (Mont. 2010) ("[t]his Court has recognized and adopted the 'long-standing principle of tort law that "one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all'" under *Restatement (Second) or Torts*, § 323)); *Krieg v. Massey*, 781 P.2d 277, 279 (Mont. 1989) ("Traditionally, a person is not liable for the actions of another and is under no duty to protect another from harm in the absence of a special relationship of custody or control.  If originally, no special relationship existed, but the defendant interjects himself into the situation so as to create a special relationship of control, a duty may be imposed.  *Prosser and Keeton on Torts*, § 56 at 375-377, (5th ed. 1984)."); *Graham v. Montana State Univ.*, 767 P.2d 301, 303-04 (Mont. 1988) (accepting that duty to plaintiff existed under *Restatement (Second) of Torts*, § 314A). |
| Nebraska | *Martensen v. Rejda Bros.*, 808 N.W.2d 855, 863 (Neb. 2012) ("[w]e have recognized that special relationships can give rise to a duty"); *Ehlers v. State*, 756 N.W.2d 152, 155-56 (Neb. 2008) ("The duty of reasonable care generally does not extend to third parties absent other facts establishing a duty.… The common law has traditionally imposed liability only if the defendant bears some special relationship to the potential victim."); *BSB Constr., Inc. v. Pinnacle Bank*, 776 N.W.2d 188, 195 (Neb. 2009) (adopting § 323-type duty in escrow); *Parrish v. Omaha Pub. Power Dist.*, 496 N.W.2d 902, 911 (Neb. 1993) ("'Where one person owes another a contractual duty to act, the law imposes upon the person owing that duty the further duty of acting with due care in the performance of his contract so as not to injure the contractee's person or property.'"). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| Nevada | *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 114 (Nev. 1998), *overruled in part on other grounds*, *GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001) (affirming use of jury instruction based on § 323); *Wiseman v. Hallahan*, 945 P.2d 945, 948 (Nev. 1997) ("we conclude that the district court's reliance on the *Restatement* [§ 323] is completely consistent with our prior holding in *Herndon*"); *Mangeris v. Gordon*, 580 P.2d 481, 483 (Nev. 1978) ("the common law has carved out an exception to this rule in cases where the defendant bears some special relationship to the dangerous person or to the potential victim"; citing *Restatement (Second) of Torts*, §§ 314A, 315)); *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 244-46 (Nev. 2011) ("[A] duty of care arises 'when (1) a special relationship exists between the parties …, and (2) the harm created by the defendant's conduct is foreseeable.' … 'We have previously concluded that special relationships giving rise to a duty of care include, but are not limited to, those between "an innkeeper-guest, teacher-student [and] employer-employee,' as well as 'a restaurateur and his patrons.'"). |
| New Hampshire | *Trull v. Town of Conway*, 669 A.2d 807, 810 (N.H. 1995) ("[t]his court has recognized 'the general tort principle that one who voluntarily assumes a duty thereafter has a duty to act with reasonable care'"; citing *Restatement (Second) of Torts*, § 323); *Berry v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 879 A.2d 1124, 1129 (N.H. 2005) (relying on *Restatement (Second) of Torts*, § 314A); *id.* at 1129-31 ("control" was relevant to whether relationship at issue comprised a "special relationship"). |
| New Jersey | *Pfenninger v. Hunterdon Cent. Reg'l High Sch.*, 770 A.2d 1126, 1132 (N.J. 2001) ("an individual may be liable in tort if he or she undertakes 'gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things'"; citing *Restatement (Second) of Torts* § 323 (1965)); *Poole v. Janeski*, 611 A.2d 169, 170 (Law Div. 1992) ("Traditionally, a person is under no duty to protect another person … unless a special relationship exists between the two. *Restatement (Second) of Torts*, § 314-320 (1965). Parties will be found to share a special relationship, thus giving rise to a duty, when one person has control of another …."); *Champion ex rel. Ezzo v. Dunfee*, 939 A.2d 825, 830 (App. Div. 2008) ("[a] special relationship exists where the occupant has some control over the driver …"); *Endre v. Arnold*, 692 A.2d 97, 101 (App. Div. 1997) (citing *Restatement (Second) of Torts*,§ 314A with approval). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| New Mexico | *Couch v. Astec Indus.*, 53 P.3d 398, 410 (N.M. Ct. App. 2002) (citing *Restatement (Second) of Torts, § 323* to affirm use of jury instruction); *Callahan v. N.M. Fedn. of Teachers-TVI*, 104 P.3d 1122, 1130-31 (N.M. Ct. App. 2005) (citing *Restatement (Second) of Torts*, § 323, and holding "the duty of fair representation arises from Defendants' undertaking to act as the exclusive bargaining agent of Plaintiffs"), *aff'd in part, rev'd in part on other grounds*, 131 P.3d 51 (N.M. 2006); *Davis v. Board of County Comm'rs*, 987 P.2d 1172, 1178 (N.M. Ct. App. 1999) ("[a]ssuming other policy considerations are satisfied, a duty to exercise ordinary care, where one otherwise would not exist, may arise when a person voluntarily undertakes a course of conduct which, in the absence of due care, may foreseeably injure others as a natural and probable consequence of the person's conduct"); *Baldonado v. El Paso Natural Gas Co.*, 176 P.3d 277, 281 n.3 (N.M. 2007) (citing with approval *Restatement (Second) of Torts*, § 314A); *Romero v. Giant Stop-N-Go of N.M., Inc.*, 212 P.3d 408, 410 (N.M. Ct. App. 2009) ("a duty may arise out of a special relationship"; citing cases and § 314A). |
| New York | *Heard v. City of New York*, 623 N.E.2d 541, 544 (N.Y. 1993) ("an 'assumed duty', or a 'duty to go forward', may arise once a person undertakes a certain course of conduct upon which another relies …. Put differently, the question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing …."); *Ruocco v L-K Bennett Enters., LLC*, 927 N.Y.S.2d 819, 2011 N.Y. Misc. LEXIS 1766, at *26 (N.Y. Sup. Ct. 2011) ("[w]hile it may be true that one initially has not duty to another, once a duty is assumed, it is incumbent upon the actor not to create a hazardous condition or exacerbate and already hazardous condition"); *Chanice v Federal Express Corp.*, 2013 N.Y. Misc. LEXIS 1559, at *9 (N.Y. Sup. Ct. Apr. 8, 2013) ("although there initially there may be no duty, a person may voluntarily assume a duty"); *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 750 N.E.2d 1097, 1101 (N.Y. 2001) ("[a] duty may arise from a special relationship that requires the defendant to protect against the risk of harm to plaintiff"); *Bethel v. New York City Transit Auth.*, 703 N.E.2d 1214, 1216 (N.Y. 1998) ("[t]he objective, reasonable person standard in basic traditional negligence theory, however, necessarily takes into account the circumstances with which the actor was actually confronted when the accident occurred, including … any special relationship of dependency between the victim and the actor"); *Schumacher v. Richards Shear Co.*, 451 N.E.2d 195, 199 (N.Y. 1983) ("[f]or the most part such a duty has been imposed where the relation is of some actual or potential economic advantage to the defendant, and the expected benefit justifies the requirement of special obligations (*Prosser, Torts* [4th ed], § 56, p 339)"). |

| Jurisdiction | Authority |
|---|---|
| North Carolina | *Lampkin v. Hous. Mgmt. Res.*, 725 S.E.2d 432, 438 (N.C. Ct. App. 2012) ("[t]his 'assumption of duty' theory, or 'voluntary undertaking' doctrine, which arises from 'the basic rule of the common law which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care,' … has been consistently recognized in North Carolina and is 'implicated when a defendant voluntarily undertakes to provide needed services to the plaintiff when otherwise she would have no obligation'"); *Davidson v. Univ. of N.C. at Chapel Hill*, 543 S.E.2d 920, 927 (N.C. Ct. App. 2001) ("[W]here the alleged negligence is premised on a defendant's failure to protect a plaintiff from a harm that the defendant did not directly create, … defendant may be held liable if a special relationship existed between the parties sufficient to impose upon the defendant a duty of care…. As a result of the special relationship between the parties in the instant case, defendant and its employees had an affirmative duty to exercise that degree of care which a reasonable and prudent person would exercise under the same or similar circumstances."); *id.* at 926-27 ("[i]n such relationships the plaintiff is typically in some respect particularly vulnerable and dependant upon the defendant who, correspondingly, holds considerable power over the plaintiff's welfare"; quoting *Prosser and Keeton on Torts*, § 56, at 373-34, 376-77 (5th ed. 1984)); *id.* at 927 ("[w]e also find it significant that UNC exerted a considerable degree of control over its cheerleaders"); *Multiple Claimants v. N.C. HHS, Div. of Facility & Detention Servs.*, 626 S.E.2d 666, 676 (N.C. Ct. App. 2006) (citing *Restatement (Second) of Torts*, § 314A as authority for existence of a special relationship). |
| North Dakota | *Champagne v. United States*, 513 N.W.2d 75, 80 (N.D. 1994) (acknowledging that assuming an obligation can create duty); *Clairmont v. State Bank of Burleigh County Trust*, 295 N.W.2d 154, 158 (N.D. 1980) (a person who voluntarily performs an affirmative act can thereby assume a legal duty of reasonable care; citing *Prosser, Handbook of Law and Torts* (4th ed. 1971), § 56; *Champagne v. United States*, 513 N.W.2d 75, 80 (N.D. 1994) (acknowledging that assuming an obligation can create duty); *Hoff v. Elkhorn Bar*, 613 F. Supp. 2d 1146, 1157 (D.N.D. 2009) (on diversity jurisdiction, court found that "North Dakota courts have not applied, considered, or discussed the *Restatement (Second) of Torts* § 314A"); *id.* at 1159 ("[t]he Court is persuaded by the majority of jurisdictions which have adopted the *Restatement (Second) of Torts* § 314A"); *Ficek v. Morken*, 685 N.W.2d 98, 102 (N.D. 2004) ("The special relationship rule is not only an exception to the public duty doctrine, but also to the tort principle that a person is not liable for the harm caused by others. Special duties can be grounded in reliance, dependence …."). |

| Jurisdiction | Authority |
|---|---|
| Ohio | *Mullins v. Comprehensive Pediatric & Adult Med., Inc*, 2009 Ohio App. LEXIS 1118, at *30 (Ohio Ct. App. Mar. 19, 2009) ("[a] voluntary act, gratuitously undertaken must be … performed with the exercise of due care under the circumstances"; quoting *Briere v. Lathrop Co.*, 258 N.E.2d 597, 602 (Ohio 1970), and citing *Restatement (Second) of Torts*, § 323); *Douglass v. Salem Cmty. Hosp.*, 794 N.E.2d 107, 122 (Ohio Ct. App. 2003) ("[a] voluntary act, gratuitously undertaken, must be performed with the exercise of due care under the circumstances"; quoting *Briere v. Lathrop Co.*); *id.* at 122 ("[t]he negligence action described in 2 *Restatement of the Law, Torts* (1965), Section 323(b) tort has been recognized in Ohio"; citing *McMullen v. Ohio State Univ. Hosps.*, 725 N.E.2d 1117, 1122 (Ohio 2000), *Brodie v. Summit County Children Servs. Bd.*, 554 N.E.2d 1301, 1305 (Ohio 1990)); *Douglass v. Salem Cmty. Hosp.*, 794 N.E.2d 107, 120 (Ohio Ct. App. 2003) ("[a] duty to act affirmatively for another's aid or protection does not exist absent some 'special relationship' between the parties which justifies the imposition of a duty"); *id.* at 121 (quoting with approval § 314A and quoting California decision that "[t]he trend has indeed been for courts to increase the number of instances in which a duty is imposed on the basis of special relationships"). |
| Oklahoma | *Teeter v. City of Edmond*, 85 P.3d 817, 823 (Okla. 2004) ("[t]his Court has previously noted the *Restatement (Second) of Torts* § 323 (1965),… and its standards for attaching liability based upon one who voluntarily assumes a duty"); *Jackson v. Mercy Health Ctr., Inc.*, 864 P.2d 839, 842 (Okla. 1993) ("[i]f one voluntarily undertakes to rescue a stranger, the rescuer is liable for physical harm that results from failure to exercise reasonable care"; citing *Restatement (Second) of Torts* § 323); *Brewer v. Murray*, 292 P.3d 41, 49-50 (Okla. Ct. App. 2012) (finding a special relationship based in part on *Restatement (Second) of Torts* § 314A); *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 561-62 (Okla. 2004) (finding special relationship based on factors including evidence of control and vulnerability); *GuideOne Am. Ins. Co. v. Shore Ins. Agency, Inc.*, 259 P.3d 864, 870-71 (Okla. Ct. App. 2011) (same, quoting *Wathor*). |

| Jurisdiction | Authority |
|---|---|
| Oregon | *Waldner v. Stephens*, 200 P.3d 556, 561-62, 565 (Or. 2008) (affirming common-law negligence claim based on voluntary assumption of obligation is independent of claims based on rental agreement); *Peterson v. Multnomah Cnty. Sch. Dist.*, 668 P.2d 385, 393-94(Or. Ct. App. 1983) (assumed duty to make safety recommendations to high school football coaches; citing *Restatement (Second) of Torts*, § 323) (school activities association voluntarily undertook to make safety recommendations, and its failure to follow national recommendations was negligent); *Peterson v. McCavic*, 277 P.3d 572, 577 (Or. Ct. App. 2012) ("although an escrow agent generally owes no duty to the parties other than to carry out the terms of the escrow instructions, when the escrow agent voluntarily chose to offer advice as to a party's responsibility for existing liens, it 'assumed a duty of exercising due care in the giving of that advice'"; quoting *McDonald v. Title Ins. Co. of Oregon*, 621 P.2d 654, 658 (Or. Ct. App. 1980)); *Lindstrand v. Transamerica Title Ins. Co.*, 874 P.2d 82, 85 (Or. Ct. App. 1994) (same); *Bennett v. Farmers Ins. Co.*, 26 P.3d 785, 799 (Or. 2001) (regarding special relationship, "the law implies a tort duty only when that relationship is of the type that, by its nature, allows one party to exercise judgment on the other party's behalf"). |
| Pennsylvania | *Gardner ex rel. Gardner v. CONRAIL*, 573 A.2d 1016, 1020 (Pa. 1990) ("[t]his section [323 of *Restatement (Second) of Torts*] has previously been adopted by this Court as representing an accurate statement of the law"); *Montagazzi v. Crisci*, 994 A.2d 626, 632 (Pa. Super. Ct. 2010) ("the Court recognized that a 'special relationship' between the parties (currently delineated in *Restatement (Second)* section 314A) may otherwise supersede the limitations of section 314"; explaining *Yania v. Bigan*, 155 A.2d 343 (Pa. 1959)). |
| Rhode Island | *Gushlaw v. Milner*, 42 A.3d 1245, 1258 (R.I. 2012) (embracing *Restatement (Second) of Torts*, § 314A and stating that "this list is not intended to be exclusive"); *id.* at 1259 ("[t]his Court has 'recognized the doctrine that one who assumes a duty to perform an act must do so with reasonable care whether or not that person had an obligation to perform the act … prior to assuming the duty'"). |

010270-11  623220 V1

| Jurisdiction | Authority |
|---|---|
| South Dakota | *Andrushchenko v. Silchuk*, 744 N.W.2d 850, 858 (S.D. 2008) ("South Dakota recognizes the common law doctrine of gratuitous duty…. The common law gratuitous duty rule is defined in *Restatement (Second) of Torts*, § 323, as adopted by this Court"); *Smith v. Lagow Constr. & Dev. Co.*, 642 N.W.2d 187, 191 (S.D. 2002) ("A special relationship can occur between common carriers and passengers, innkeepers and guests, business owners and invitees, and employers and employees. *See* RESTATEMENT (SECOND) OF TORTS § 314A (1965)."); *Erickson v. Lavielle*, 368 N.W.2d 624, 627 (S.D. 1985) ("Although it states a harsh rule, *Restatement (Second) of Torts* § 314 (1965) is, nevertheless, the majority rule. Certain special relationships between the parties, however, may create exceptions to the general rule. RESTATEMENT (SECOND) OF TORTS, § 314A, Comment B (1965)."); *State Auto Ins. Cos. v. B.N.C.*, 702 N.W.2d 379, 387 (S.D. 2005) ("'On the whole, we recognize no general duty to protect one's fellow human beings …. If a duty exists for such protection, it must originate from some special relationship imposing an obligation to protect another … based on a position of dependence intrinsic to the relationship.'" Citing *Smith v. Lagow*, 642 N.W.2d at 190-91). |
| Tennessee | *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) ("an individual may assume an affirmative duty by coming to the aid of or rescuing another individual. *See Lindsey*, 689 S.W.2d at 859; RESTATEMENT (SECOND) OF TORTS §§ 323 & 324."); *Marr v. Montgomery Elevator Co.*, 922 S.W.2d 526, 529 (Tenn. Ct. App. 1995) (one who acts for the welfare of another, even though gratuitously, may become subject to the duty of acting carefully.); *Downs*, 263 S.W.3d at 819-20 ("Tennessee courts have consistently recognized exceptions to this "no duty to act" rule"; citing *Restatement (Second) of Torts*, § 314A); *Collins v. Arnold*, 2007 Tenn. App. LEXIS 717, at *21-22 (Tenn. Ct. App. Nov. 20, 2007) ("[w]hile § 314A of the *Restatement (Second)* gives several examples of such special relationships,… that list is not exhaustive"). |
| Texas | *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) ("a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation"; citing *Restatement (Second) of Torts*, § 323); *Howell v. City Towing Assoc., Inc.*, 717 S.W.2d 729, 733 (Tex. App. 1986) ("Section 314A of the *Restatement (Second) of Torts* points out that a special relationship may give rise to the duty to aid or protect. The relationship must exist between the parties, and the risk of harm, or of further harm, must arise in the course of that relationship."). |

| Jurisdiction | Authority |
| --- | --- |
| Utah | *Nelson by & Through Stuckman v. Salt Lake City*, 919 P.2d 568, 573 (Utah 1996) ("The common law recognizes a duty of due care on the part of an individual or entity that undertakes, whether gratuitously or for consideration, to perform a duty. Breach of that duty may result in an actionable tort." Quoting *Restatement (Second) of Torts* § 323.); *id.* ("As stated by *Am. Jur. 2d Negligence* § 208, at 255 (1989), 'Where one undertakes an act which he has no duty to perform and another reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care.'"); *B.R. v. West*, 275 P.3d 228, 231 (Utah 2012) ("[s]pecial relationships 'arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection'"); *Webb v. Univ. of Utah*, 125 P.3d 906, 909 (Utah 2005) ("As we have explained, 'these relationships generally arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection.' *Beach v. Univ. of Utah*, 726 P.2d 413, 415 (Utah 1986). The 'essence of a special relationship is dependence by one party upon the other or mutual dependence between the parties." *Id.* (citations omitted)"). |
| Vermont | *Sabia v. State*, 669 A.2d 1187, 1194 (Vt. 1995) (*Restatement (Second) of Torts*, § 323 "applies whether the harm results from the defendant's negligent performance of the undertaking, or from the defendant's failure to exercise reasonable care to complete the undertaking…. *Restatement* § 323, cmt. a"); *O'Brien v. Island Corp.*, 596 A.2d 1295, 1296 (Vt. 1991) (defendant did not "undertake" to assume plaintiff's duty, as required by § 324A of *Restatement (Second) of Torts*, because it "did not contract *or promise* to inspect the premises"); *Lenoci v. Leonard*, 21 A.3d 694, 699 (Vt. 2011) ("A special relationship may arise between two people, such as between a parent and child or custodian and ward. *Cf. Restatement (Second) of Torts* § 314A(4) …. When such a relationship exists, it may impose a duty on one party to take affirmative action or precautions for the aid or protection of the other."); *O'Connell v. Killington, Ltd.*, 665 A.2d 39, 42 (Vt. 1995) ("[a]n exception to this rule may exist when there is some special relationship or duty arising from contract, statute or other special circumstance"). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| Virginia | *Kellermann v. McDonough*, 684 S.E.2d 786, 791 (Va. 2009) ("This Court has recognized on many occasions that '[i]t is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.' … [T]he common law principle of assumption of a duty is embodied in the *Restatement (Second) of Torts* § 323 …."); *A.H. v. Rockingham Publ'g Co.*, 495 S.E.2d 482, 485 (Va. 1998) ("Before any duty can arise with regard to the conduct of third persons, there must be a special relationship between the defendant and either the plaintiff or the third person…. Examples of such a relationship between a defendant and a plaintiff include common carrier-passenger, business proprietor-invitee, and innkeeper-guest…. And these examples are not exclusive."); *Yuzefovsky v. St. John's Wood Apts.*, 540 S.E.2d 134, 139-40 (Va. 2001) ("The necessary special relationship may be one that has been recognized as a matter of law, such as that between an innkeeper and guest, or it may arise from the factual circumstances of a particular case. Second, the plaintiff must establish that the special relationship creates a duty of care, such as to warn and/or protect the plaintiff, as a result of the particular circumstances of that special relationship …."). |
| Washington | *Folsom v. Burger King*, 958 P.2d 301, 311 (Wash. 1998) ("[L]iability can arise from the negligent performance of a voluntarily undertaken duty. A person who undertakes, albeit gratuitously, to render aid to or warn a person in danger is required by Washington law to exercise reasonable care in his or her efforts."); *Herskovits v. Group Health Coop.*, 664 P.2d 474, 476 (Wash. 1983) ("a person who negligently renders aid and consequently increases the risk of harm to those he is trying to assist is liable for any physical damages he causes"; quoting *Restatement (Second) of Torts* § 323 (1965)); *Folsom*, 958 P.2d at 310 ("An exception may create an affirmative duty to protect another from harm…. These special relationships typically arise when one party is entrusted with the well-being of the other party."); *Nivens v. 7-11 Hoagy's Corner*, 943 P.2d 286, 291-92 (Wash. 1997) ("Washington law has recognized a special relationship in a variety of factual circumstances"). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| West Virginia | *Lockhart v. Airco Heating & Cooling*, 567 S.E.2d 619, 623 (W. Va. 2002) ("'one who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm'"); *Eastern Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 272 (W. Va. 2001) ("'Absent some special relationship, the confines of which will differ depending upon the facts of each relationship, there simply is no duty.' …The Court further explained that the existence of a special relationship will be determined largely by the extent to which the particular plaintiff is affected differently from society in general.… Such special relationship may be proven through evidence of foreseeability of the nature of the harm to be suffered by the particular plaintiff or an identifiable class and can arise from contractual privity or other close nexus.") |
| Wyoming | *Berry v. Tessman,* 170 P.3d 1243, 1246-1247 (Wyo. 2007) ("[w]e have adopted the *Restatement* [§ 323] view of voluntary undertakings"); *Andersen v. Two Dot Ranch, Inc.*, 49 P.3d 1011, 1027 (Wyo. 2002) ("[a] person who voluntarily undertakes to render a service to another which he recognizes as necessary for the protection of a third person … is subject to liability to that person for physical harm resulting from the failure to exercise reasonable care"; citing *Restatement (Second) of Torts*, § 323 (1965)); *Daniels v. Carpenter*, 62 P.3d 555, 558 (Wyo. 2003) (accepting assertion of *Restatement (Second) of Torts*, § 314A (1965), that duty of care can arise from special relationships, and that the §314A list of relationships is "non-exclusive"). |

**Table 2b: Jurisdictions That Recognize Duty for Undertaking an Obligation But Do Not Recognize Duty Arising for a Special Relationship or That Narrowly Limit the Scope of "Special Relationships"**

| Jurisdiction | Authority |
|---|---|
| Delaware | *Price v. E. I. DuPont De Nemours & Co.*, 26 A.3d 162, 167 (Del. 2011) ("In the case of misfeasance, the party who 'does an affirmative act' owes a general duty to others 'to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the [affirmative] act.'" *See also id.* at 169 (limiting special relationships to the four relationships enumerated in RESTATEMENT (SECOND), TORTS § 314A (1965)). |
| Illinois | *Fichtel v. Bd. of Dirs.*, 907 N.E.2d 903, 911 (Ill. App. Ct. 2d Dist. 2009) ("[t]he voluntary undertaking theory is articulated in section 323 of the *Restatement (Second) of Torts* §323 (1965)) and has been adopted by our supreme court"); *Petersen v. U.S. Reduction Co.*, 641 N.E.2d 845, 849 (Ill. App. Ct. 1st Dist. 1994) ("Illinois courts have been extremely reluctant to expand the scope of section 314(A) beyond the four enumerated relationships."). |
| Kansas | *P.W. v. Kansas Dep't of Social & Rehabilitation Servs.*, 877 P.2d 430, 433-34 (Kan. 1994) (applying § 324A and citing cases that had previously done so); *D.W. v. Bliss*, 112 P.3d 232, 240 (Kan. 2004) (court was reluctant to extend special relationships outside the four listed at § 314A); *see also Hesler v. Osawatomie State Hosp.*, 971 P.2d 1169, 1175 (Kan. 1999) (explaining prior decisions refusing to extend § 314A). |
| Louisiana | *Hebert v. Rapides Parish Police Jury*, 974 So. 2d 635, 643 (La. 2008) ("[u]nder Louisiana law, one who does not owe a duty to act may assume such a duty by acting"); *Bujol v. Entergy Servs.*, 922 So. 2d 1113, 1129, 1130 (La. 2004) (applying *Restatement (Second) of Torts*, § 324A, a parallel provision to § 323, stating "a parent corporation can be held liable just as any other entity or person for its own acts of negligence … and can voluntarily assume a duty not otherwise owed"); no authorities found recognizing duty arising from a special relationship as reflected in *Restatement (Second) of Torts*, § 314A, or the scope of any such special relationships. |
| Maine | *Nichols v. Marsden*, 483 A.2d 341, 343 (Me. 1984) (duty may arise where landlord "gratuitously undertakes to make repairs and does so negligently"). <br><br> Maine courts have adopted *Restatement (Second) of Torts*, § 314A but limit to listed relationships: *Gniadek v. Camp Sunshine at Sebago Lake, Inc.*, 11 A.3d 308, 315 (Me. 2011) ("[a] duty exists only where the special relationship is intact and the risk of harm, or further harm, arises in the course of that relation"; citing *Restatement (Second) of Torts*, § 314A); *Bryan R. v. Watchtower Bible & Tract Soc'y, Inc.*, 738 A.2d 839, 844 (Me. |

| Jurisdiction | Authority |
|---|---|
| | 1999) (adopting *Restatement (Second) of Torts*, §§ 314 & 314A); *Estate of Cilley v. Lane*, 985 A.2d 481, 487 (Me. 2009) ("[c]ertain narrowly defined, special relationships give rise to an affirmative duty to aid and protect, such as the relationship between a common carrier and passenger, employer and employee, parent and [minor] child, or innkeeper and guest"). |
| South Carolina | *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 657 (S.C. 2006) (recognizing a duty may arise under § 323); *Sherer v. James*, 351 S.E.2d 148, 150 (S.C. 1986) ("'Section 323(a) simply establishes a duty on one who undertakes to render services for the protection of another to use due care to avoid increasing the risk of harm.' We agree with this rationale."; internal citation omitted); *Johnson v. Robert E. Lee Acad., Inc.*, 401 S.C. 500, 504 (S.C. Ct. App. 2012) ("The recognition of a voluntarily assumed duty in South Carolina jurisprudence is rooted in the *Restatement of Torts*…. Section 323(a) contemplates a party relying on the rendering of services to another for the other's protection."); *Cullum Mech. Constr., Inc. v. South Carolina Baptist Hosp.*, 544 S.E.2d 838, 842 & n.4 (S.C. 2001) ("[w]e find it is a factual issue whether these circumstances give rise to a special relationship") |
| South Dakota | *Casillas v. Schubauer*, 714 N.W.2d 84, 89 (S.D. 2006) ("the determination of whether a duty exists is a question of law for the courts"); *Erickson v. Lavielle*, 368 N.W.2d 624 (S.D. 1985) (relying on § 314A(4) of the *Restatement (Second) of Torts* to hold that it is a question for a jury whether two adults voluntarily assumed a duty to protect children not their own when they agreed to take the children on a boat ride without their parents); *Janis v. Nash Finch Co.*, 780 N.W.2d 497, 502 (S.D. 2010) ("[f]oreseeability … is the touchstone of the existence of the duty of reasonable or ordinary care"). |
| Wisconsin | *Hatleberg v. Norwest Bank Wis.*, 700 N.W.2d 15, 23 (Wis. 2005) (accepting statement that "Wisconsin has long recognized that liability may be imposed on one who, having no duty to act, gratuitously undertakes to act and does so negligently," but clarifying that it applies only to cases of physical harm); *Butler v. Advanced Drainage Sys.*, 717 N.W.2d 760, 773 (Wis. 2006) ("[t]he use of § 324A by Wisconsin courts appears in our attempts to sort out when circumstances that began with an undertaking of some sort, either gratuitous or for pay, could give rise to a tort"). Wisconsin courts have relied on *Restatement (Second) of Torts*, § 314A but limit to listed relationships: *Jankee v. Clark Cty.*, 612 N.W.2d 297, 322 (Wis. 2000); *Hofflander v. St. Catherine's Hosp., Inc.*, 664 N.W.2d 545 (Wis. 2003); *Hornback v. Archdiocese of Milwaukee*, 752 N.W.2d 862, 869-870 (Wis. 2008). |

**Table 3a:  Jurisdictions That Recognize the Existence of a Duty as a Legal Issue and Foreseeability as a Factor Thereof**

| Jurisdiction | Authority |
|---|---|
| Alabama | *DiBiasi v. Joe Wheeler Elec. Mbrshp. Corp.*, 988 So. 2d 454, 460 (Ala. 2008) ("the existence of a duty is a strictly legal question to be determined by the court"); *Ex parte Wild Wild W. Soc. Club, Inc.*, 806 So. 2d 1235, 1240 (Ala. 2001) ("The existence of a legal duty is a question of law for the court ….The question of the existence of a duty to use care is grounded in the concept of foreseeability. The ultimate test of a duty to use care is found in the foreseeability that harm may result if care is not exercised.") (citations and quotation marks omitted). |
| Alaska | *DeNardo v. Corneloup*, 163 P.3d 956, 961 (Alaska 2007) ("[w]hether there is a duty of care is a legal question"); *Winschel v. Brown*, 171 P.3d 142, 146 (Alaska 2007) ("a defendant owes a duty of due care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous") (quotation marks omitted); *Mesiar v. Heckman*, 964 P.2d 445, 450 (Alaska 1998) ("foreseeability of harm to the plaintiff" is a "public policy consideration" that is "relevant in determining if an actionable duty of care exists"). |
| Arkansas | *Young v. Gastro-Intestinal Ctr., Inc.*, 205 S.W.3d 741, 747 (Ark. 2005) ("[t]he issue of whether a duty exists is always a question of law, not to be decided by a trier of fact"); *Mans v. Peoples Bank of Imboden*, 10 S.W. 3d 885, 888-89 (Ark. 2000) ("[t]he question of the duty owed to the plaintiff alleging negligence is always one of law and never one for the jury"); *Ethyl Corp. v. Johnson*, 49 S.W.3d 644, 648-49 (Ark. 2001) (The duty owed is not without bounds; rather, it is limited to the risk of harm that is reasonably foreseeable… The concept of risk is thus an aspect of foreseeability."). |
| California | *O'Neil v. Crane Co.*, 266 P.3d 987, 1006 (Cal. 2012) ("the existence of duty is a pure question of law"); *Nally v. Grace Cmty. Church*, 763 P.2d 948, 968 (Cal. 1988) ("[c]ourts of this state have traditionally considered several factors in determining the existence and scope of duty: 'the foreseeability of harm to the plaintiff …'"). |

| Jurisdiction | Authority |
|---|---|
| Colorado | *Hesse v. McClintic*, 176 P.3d 759, 762 (Colo. 2008) ("[t]he existence and scope of a legal duty is a question of law"); *A.C. Excavating v. Yacht Club II Homeowners Ass'n*, 114 P.3d 862, 868 (Colo. 2005) ("[W]e formulated a non-exclusive list of factors courts ought to consider when determining whether a defendant owes a plaintiff a duty of care…. Included among such factors is the risk involved, the foreseeability and likelihood of injury …."). |
| Connecticut | *Grenier v. Comm'r of Transp.*, 51 A.3d 367, 379 (Conn. 2012) ("existence of a duty is a question of law"); *Sic v. Nunan*, 54 A.3d 553, 558 (Conn. 2012) ("Duty is a legal conclusion about relationships between individuals …. [O]ur threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised."). |
| Delaware | *Price v. E. I. DuPont De Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) ("[w]hether a duty exists is a question of law for this Court"); *Matthews v. Food Lion, L.L.C.*, 970 A.2d 257, 2009 Del. LEXIS 148, at *7 (Del. 2009) ("The second issue is whether the Superior Court erroneously held that Matthews' injuries were unforeseeable, and that therefore, Food Lion owed him no duty of care. Both are issues of law."); *Harris v. Carter*, 582 A.2d 222, 234 (Del. Ch. 1990) ("each person owes a duty to those who may foreseeably be harmed by her action"). |
| District of Columbia | *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 811 (D.C. 2011) (*en banc*) ("the issue addressed in *Williams* and that we further refine today is one of duty *vel non*, an issue of law to be determined by the court as a necessary precondition to the viability of a cause of action for negligence"); *id.* at 793 ("courts rely on the concept of "foreseeability" to determine whether the defendant owed a duty to the claimant"). |
| Florida | *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 204-05 (Fla. 2007) ("while breach, causation, and damages are ordinarily questions for the jury, 'duty exists as a matter of law and is not a factual question for the jury to decide'"); *Fla. Power & Light Co. v. Periera*, 705 So. 2d 1359, 1361 (Fla. 1998) ("There are two distinct issues in this case, duty and proximate cause. Foreseeability can be relevant both to the element of duty and the element of proximate cause…. The issue of duty is a question of law."). |

| Jurisdiction | Authority |
|---|---|
| Georgia | *Rasnick v. Krishna Hospitality, Inc.*, 713 S.E.2d 835, 837 (Ga. 2011) ("[t]he existence of a legal duty is a question of law for the court"); *Hodges v. Putzel Elec. Contrs., Inc.*, 580 S.E.2d 243, 247 (Ga. Ct. App. 2003) ("To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; …. Thus, the legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from such conduct."). |
| Hawaii | *Touchette v. Ganal*, 922 P.2d 347, 352 (Haw. 1996) ("A prerequisite to any negligence action is the existence of a duty owed by the defendant to the plaintiff…. Whether such a duty exists is a question of law."); *Pulawa v. GTE Hawaiian Tel.*, 143 P.3d 1205, 1215 (Haw. 2006) ("in the context of determining the existence and scope of a duty, foreseeability is a question of law for the court to resolve"). |
| Idaho | *Stephen v. Sallaz & Gatewood, Chtd.*, 248 P.3d 1256, 1261 (Idaho 2011) ("'[t]he existence of a duty of care is a question of law over which this Court exercises free review'"); *Baccus v. Ameripride Servs.*, 179 P.3d 309, 313 (Idaho 2008) ("Several factors are considered when determining whether a duty existed:  [T]he foreseeability of harm to the plaintiff …"). |
| Illinois | *Choate v. Ind. Harbor Belt R.R. Co.*, 980 N.E.2d 58, 64 (Ill. 2012) ("[t]he existence of a duty under a particular set of circumstances is a question of law for the court to decide"); *Washington v. City of Chi.*, 720 N.E.2d 1030, 1032-33 (Ill. 1999) ("Whether a duty exists is a question of law for the court to decide…. The factors relevant to the courts' imposition of a duty include the reasonable foreseeability of injury …."). |
| Kansas | *Berry v. Nat'l Med. Servs.*, 257 P.3d 287, 288 (Kan. 2011) ("The existence of a legal duty is a question of law …. To find a legal duty to support a negligence claim, (1) the plaintiff must be a foreseeable plaintiff and (2) the probability of harm must be foreseeable." |
| Kentucky | *Bartley v. Commonwealth*, 2013 Ky. LEXIS 291, at *34 (Ky. June 20, 2013) ("existence of the duty is a question of law"); *Louisville Gas & Elec. Co. v. Roberson*, 212 S.W.3d 107, 112 (Ky. 2006) ("[t]his Court's previous cases have established a universal duty of care, providing that 'every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury'"). |
| Louisiana | *Ponceti v. First Lake Props.*, 93 So. 3d 1251, 1252 (La. 2012) ("[w]hether a duty is owed is a question of law"); *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1092 (La. 2009) ("[a] risk may not be within the scope of a duty where the circumstances of the particular injury to the plaintiff could not be reasonably foreseen") |

- 28 -

| Jurisdiction | Authority |
|---|---|
| Maine | *Davis v. R C & Sons Paving, Inc.*, 26 A.3d 787, 790 (Me. 2011) ("[w]hether a plaintiff is owed a duty of care and the scope of that duty are questions of law"); *Alexander v. Mitchell*, 930 A.2d 1016, 1020 (Me. 2007) ("[a]lthough the foreseeability of an injury is a foundational consideration, it is never the sole determinant of duty"). |
| Maryland | *McNack v. State*, 920 A.2d 1097, 1107 (Md. 2007) (in a negligence action, whether the defendant owed a duty to the plaintiff is a question of law, to be decided by the court); *Horridge v. St. Mary's County Dep't of Soc. Servs.*, 854 A.2d 1232, 1238 (2004) ("foreseeability of harm to the plaintiff" is a factor in determining existence of a duty). |
| Massachusetts | *Lev v. Beverly Enterprises-Massachusetts*, 929 N.E.2d 303, 309 (Mass. 2010) ("[t]he existence of a duty of care is a question of law"); *Commerce Ins. Co. v. Ultimate Livery Serv.*, 897 N.E.2d 50, 58 (Mass. 2008) ("'a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous'"). |
| Michigan | *Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C.*, 809 N.W.2d 553, 556 (Mich. 2011) ("[w]hether a defendant is under a legal obligation to act for a plaintiff's benefit – *i.e.*, whether a defendant owes a particular plaintiff a duty – is a question of law"); *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 178 (Mich. 1993) ("[a]nother important variable in determining whether defendant owed a duty is foreseeability – 'whether it is foreseeable that the actor's conduct may create a risk of harm to the victim …'"). |
| Minnesota | *Donaldson v. YWCA*, 539 N.W.2d 789, 792 (Minn. 1995) ("[t]he existence of a legal duty to protect another person generally presents an issue for the court to decide as a matter of law"); *Domagala v. Rolland*, 805 N.W.2d 14, 26-27 (Minn. 2011) ("[f]oreseeability of injury is a threshold issue related to duty that is ordinarily 'properly decided by the court prior to submitting the case to the jury'"). |
| Mississippi | *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004) ("duty is an issue of law"); *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004) ("the important component of the existence of the duty is that the injury is 'reasonably foreseeable,' "and thus it is appropriate for the trial judge to decide"). |
| Missouri | *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. 2005) ("[w]hether a duty exists is purely a question of law"); *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. 2005 ) ("[i]n considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury"). |

| Jurisdiction | Authority |
|---|---|
| Montana | *Steichen v. Talcott Props., LLC*, 292 P.3d 458, 463 (Mont. 2013) ("[t]he 'existence of a legal duty is a question of law to be determined by the court'"); *Gatlin-Johnson v. City of Miles City*, 291 P.3d 1129, 1132 (Mont. 2012) ("[d]uty turns primarily upon foreseeability, which depends upon whether or not the injured party was within the scope of risk created by the action of the alleged tortfeasor; that is, whether the injured party was a foreseeable plaintiff"); *Estate of Donald v. Kalispell Reg'l Med. Ctr.*, 258 P.3d 395, 401 (Mont. 2011) ("whether a 'special relationship' exists such as would give rise to a fiduciary duty is also a question of law, not fact, 'for the relationship and the duty are two sides of the same coin'"). |
| New Hampshire | *Mikell v. Sch. Admin. Unit #33*, 972 A.2d 1050, 1056 (N.H. 2009) ("[t]he existence of a duty in a particular case is a question of law"); *Id.* ("[i]n general, the concept of duty arises out of the relationship between the parties and protection against reasonably foreseeable harm"). |
| New Jersey | *Carvalho v. Toll Bros. & Developers*, 675 A.2d 209, 212 (N.J. 1996) (whether defendant owes a legal duty to plaintiff is a question of law); *Estate of Desir ex. rel. Estiverne v. Vertus*, 2013 N.J. LEXIS 432, at *25 (N.J. May 20, 2013) (foreseeability is a factor for determining existence of duty). |
| New Mexico | *Herrera v. Quality Pontiac*, 73 P.3d 181, 186 (N.M. 2003) ("[w]hether a duty exists is a question of law for the courts to decide"); *Edward C. v. City of Albuquerque*, 241 P.3d 1086, 1091 (N.M. 2010) ("[f]oreseeability … is but one factor to consider when determining duty"). |
| North Carolina | *Stein v. Asheville City Bd. of Educ.*, 626 S.E.2d 263, 267 (N.C. 2006) ("the threshold question is whether plaintiffs successfully allege defendant had a legal duty to avert the attack on Stein"); *Stein v. Asheville City Bd. of Educ.*, 626 S.E.2d 263, 267 (N.C. 2006) ("[n]o legal duty exists unless the injury to the plaintiff was foreseeable and avoidable through due care"). |
| Ohio | *Wallace v. Ohio DOC*, 773 N.E.2d 1018, 1026 (Ohio 2002) ("[t]he duty element of negligence … is a question of law for the court to determine"); *id.* ("the existence of a duty depends upon the foreseeability of harm"). |
| Oklahoma | *Scott v. Archon Group, L.P.*, 191 P.3d 1207, 1211 (Okla. 2008) ("the question of whether a duty exists to a particular plaintiff on the part of an alleged tortfeasor is properly a question of law for the court"); *Morales v. City of Okla. City ex rel. Okla. City Police Dep't*, 230 P.3d 869, 878 (Okla. 2010) ("[o]ne of the most important considerations used in determining whether a duty exists is the foreseeability of injury to the plaintiff"). |

010270-11 623220 V1

| Jurisdiction | Authority |
|---|---|
| Pennsylvania | *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005) ("[t]he existence of a duty is a question of law for the court to decide"); *Seebold v. Prison Health Servs.*, 57 A.3d 1232, 1249 & n.26 (Pa. 2012) ("[f]oreseeability … is not alone determinative of the duty question"). |
| Rhode Island | *Vasquez v. Sportsman's Inn, Inc.*, 57 A.3d 313, 319 (R.I. 2012) ("we first must determine whether Sportsman's Inn owed Vasquez a duty of care, the existence of which is a question of law"); *Gushlaw v. Milner*, 42 A.3d 1245, 1261 (R.I. 2012) ("we consider the foreseeability issue in tandem with all factors germane to the duty analysis"). |
| Tennessee | *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 365 (Tenn. 2009) ("[t]raditionally, the question of whether a defendant owes a duty of care to the plaintiff is a question of law to be determined by the courts"); *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) ("foreseeability alone does not create a duty to exercise reasonable care"). |
| Texas | *Del Lago Ptnrs. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) ("[w]hether a duty exists is a question of law for the court and turns 'on a legal analysis balancing a number of factors'"); *City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009) ("our traditional, common-law duty analysis consider[s] several interrelated factors, including … foreseeability"). |
| Utah | *Reighard v. Yates*, 285 P.3d 1168, 1173 (Utah 2012) ("'[t]he question of whether a duty exists is a question of law' involving an 'examination of the legal relationships between the parties'"); *B.R. v. West*, 275 P.3d 228, 235 (Utah 2012) ("[i]n duty analysis, foreseeability … relates to 'the general relationship between the alleged tortfeasor and the victim' and 'the general foreseeability' of harm"). |
| Washington | *Kaltreider v. Lake Chelan Cmty. Hosp.*, 224 P.3d 808, 810 (Wash. Ct. App. 2009) ("[t]he existence of a legal duty is a question of law"); *Youngblood v. Schireman*, 765 P.2d 1312, 1314 (Wash. Ct. App. 1988) ("'[f]oreseeability determines the extent and scope of duty'"). |
| Wyoming | *Lucero v. Holbrook*, 288 P.3d 1228, 1231 (Wyo. 2012) ("[t]he existence of duty is a question of law"); *Natrona Cnty. v. Blake*, 81 P.3d 948, 963 (Wyo. 2003) ("[w]hether and to whom a duty of care exists under a given set of circumstances is a question of law to be answered by the Court"); *Lucero*, 288 P.3d at 1233 ("[m]any factors inform the duty analysis, but the most important consideration is foreseeability"). |

**Table 3b: Jurisdictions That Recognize the Existence of a Duty as a Legal Issue but Deem Assumption of Duty, Special Relationship, or Foreseeability to Be a Factual Determination for the Jury**

| Jurisdiction | Authority |
|---|---|
| Indiana | *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011) ("[t]he determination of whether a duty exists is generally an issue of law to be decided by the court"); *Erwin v. HSBC Mortg. Servs., Inc.*, 983 N.E.2d 174, 181-82 (Ind. Ct. App. 2013) ("[w]hether a defendant has assumed a duty is ordinarily a question of fact"); *Kroger Co. v. Plonski*, 930 N.E.2d 1, 7 (Ind. 2010) ("in the context of duty – which is a question of law – ... reasonable foreseeability is determined by the court"). |
| Nevada | *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 244 (Nev. 2011) ("the question of whether the defendant owes the plaintiff a duty of care is a question of law"); *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 133 n.2 (Nev. 1998) ("[a] basic tenet of tort negligence law is that foreseeability, while a predicate of negligence liability, is insufficient by itself to establish duty")' *id*. at 114-15 ("Although 'the "precise nature and extent" of [an alleged section 324A] duty "is a question of law … it depends on the nature and extent of the act undertaken, a question of fact."' … [W]e conclude that the type and extent of Dow Chemical's undertaking was properly and necessarily submitted to the jury. In other words, the jury was required to consider the nature and scope of Dow Chemical's undertaking so that its concomitant duty, if any, could be determined."), *overruled in part on other grounds*, *GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). |
| New York | *Sanchez v. State*, 784 N.E.2d 675, 678 (N.Y. 2002) ("[t]he existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts"); *AFA Protective Sys. v. AT&T*, 442 N.E.2d 1268, 1270 (N.Y. 1982) ("[t]he issue of whether a 'special relationship' exists sufficient to make out a cause of action for negligent misrepresentation should also be left to the finder of fact"); *Mark G. v. Sabol*, 677 N.Y.S.2d 292, 301 (N.Y. App. Div. 1st Dep't 1998) ("whether plaintiffs can establish their claim of a special relationship with or a duty owed to them by defendants is generally a question for a jury to decide"); *Hamilton v. Beretta U.S.A. Corp.*, 750 N.E.2d 1055, 1060 (N.Y. 2001) ("[f]oreseeability, alone, does not define duty – it merely determines the scope of the duty once it is determined to exist"). |
| North Dakota | *Botner v. Bismarck Parks*, 782 N.W.2d 662, 665 (N.D. 2010) ("[g]enerally, the existence of a duty is a preliminary question of law for the court to decide"); *Saltsman v. Sharp*, 803 N.W.2d 553, 558 (N.D. 2011) ("[G]enerally, the existence of a duty is a preliminary question of law for the court to decide…. If determining the existence of a duty depends on resolving factual issues, the facts must be resolved by the trier of fact."); *Hurt v. Freeland*, 589 N.W.2d 551, 555 (N.D. 1999) ("foreseeability of |

| Jurisdiction | Authority |
|---|---|
| | harm to plaintiff" is a factor to determining existence of duty to plaintiff). |
| Oregon | *Lindstrand v. Transamerica Title Ins. Co.*, 874 P.2d 82, 85 (Or. Ct. App. 1994) (determining assumption of duty for jury); *Peterson v. Multnomah Cnty. Sch. Dist.*, 668 P.2d 385, 393 (Or. Ct. App. 1983) (same). |
| South Carolina | *Doe v. Greenville Cnty. Sch. Dist.*, 651 S.E.2d 305, 309 (S.C. 2007) (recognizing that whether a duty exists is a question of law for the courts); *Cullum Mech. Constr., Inc. v. South Carolina Baptist Hosp.*, 544 S.E.2d 838, 842 & n.4 (S.C. 2001) ("We find it is a factual issue whether these circumstances give rise to a special relationship .... In addition to determining whether a duty existed in this case, the jury must still determine whether Cullum will prevail on the other elements of negligence."); *Bass v. Gopal, Inc.*, 716 S.E.2d 910, 915 (S.C. 2011) ("[D]uty can be a flexible concept. As the foreseeability of potential harm increases, so, too, does the duty to prevent against it."); *Bass v. Gopal, Inc.*, 716 S.E.2d 910, 915 (S.C. 2011) ("[D]uty can be a flexible concept. As the foreseeability of potential harm increases, so, too, does the duty to prevent against it."). |
| Vermont | *Rubin v. Town of Poultney*, 721 A.2d 504, 506 (Vt. 1998) (noting "the general principle that duty is a question of law" but that plaintiff cited *Derosia v. Liberty Mut. Ins. Co.*, 583 A.2d 881, 888 (Vt. 1990), as holding that existence of undertaking constitutes question of fact for jury); *Fagnant v. Foss*, 2013 Vt. LEXIS 20, at *12 (Vt. 2013) ("foreseeability of the consequences of a defendant's actions is relevant to the question of whether the defendant had … a legal duty to the plaintiff"). |
| Virginia | *Volpe v. City of Lexington*, 708 S.E.2d 824, 827 (Va. 2011) ("[t]he issue whether a legal duty in tort exists is a pure question of law"); *Dudas v. Glenwood Golf Club*, 540 S.E.2d 129, 133 (Va. 2001) ("whether a duty of care arises from a special relationship … involves a fact specific determination"); *Yuzefovsky v. St. John's Wood Apts.*, 540 S.E.2d 134, 139-40 (Va. 2001) (same); *Kellermann v. McDonough*, 684 S.E.2d 786, 803 (Va. 2009) (imposing a duty depends in part on foreseeability). |
| West Virginia | *Marcus v. Staubs*, 736 S.E.2d 360, 370 (W. Va. 2012) ("[T]he determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law…. This Court found that existence of duty is in fact one for the court, but that in making such a determination, the court must leave room for the fact-finder to determine the issue of foreseeability …. In summary, we stated that '[w]hen the facts are in dispute, the court identifies the existence of the duty conditioned upon the jury's possible evidentiary finding.'"). |

**Table 4:  Jurisdictions that Recognize Medical Monitoring as a
Remedy for Negligence in the Absence of Physical Injury**

| Jurisdiction | Authority |
|---|---|
| Arizona | *Burns v. Jaquays Mining Corp.*, 156 Ariz. 375, 380 (Ariz. Ct. App. 1987). |
| Arkansas | *Baker v. Wyeth-Ayerst Lab. Div.*, 992 S.W.2d 797, 799 (Ark. 1999); *BPS, Inc. v. Richardson*, 341 Ark. 834, 839 (Ark. 2000). |
| California | *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1006-07 (Cal. 1993). |
| District of Columbia | *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 824-26 (D.C. Cir. 1984). |
| Illinois | *Lewis v. Lead Indus. Ass'n*, 342 Ill. App. 3d 95, 101-02 (Ill. App. Ct. 1t Dist. 2003); *Carey v. Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1119-20 (N.D. Ill. 1998). |
| Indiana | *Allgood v. GMC*, 2006 U.S. Dist. LEXIS 70764, at *7 (S.D. Ind. Sept. 18, 2006); *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 54 (Ind. Ct. App. 1993). |
| Maryland | *Exxon Mobil Corp. v. Albright*, 2013 Md. LEXIS 78, at *127 (Md. Ct. App. Feb. 26, 2013). |
| Missouri | *Meyer v. Fluor Corp.*, 220 S.W.3d 712, 717 (Mo. 2007). |
| New Jersey | *Theer v. Philip Carey Co.*, 133 N.J. 610, 627 (N.J. 1993); *Ayers v. Jackson*, 106 N.J. 557, 606 (N.J. 1987). |
| New York | *Caronia v. Philip Morris USA, Inc.*, 2013 U.S. App. LEXIS 8861, at *47-53 (2d Cir. May 1, 2013). |
| Ohio | *Mann v. CSX Transp., Inc.*, 2009 U.S. Dist. LEXIS 106433, at *7 (N.D. Ohio Nov. 10, 2009); *Day v. NLO*, 851 F. Supp. 869, 879 (S.D. Ohio 1994). |

010270-11  623220 V1

**Table 5:  Jurisdictions that Recognize Medical Monitoring as an
Independent Cause of Action in the Absence of Physical Injury**

| Jurisdiction | Authority |
|---|---|
| Colorado | *Cook v. Rockwell Int'l Corp.*, 755 F. Supp. 1468, 1477 (D. Colo. 1991). |
| Florida | *Petito v. A.H. Robins Co.*, 750 So.2d 103, 104 (Fla. Dist. Ct. App. 3d Dist. 1999); *Swartout v. Raytheon Co.*, 2008 U.S. Dist. LEXIS 65724 (M.D. Fla. July 16, 2008). |
| Massachusetts | *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 902-03 (Mass. 2009). |
| Montana | *Lamping v. American Home Prods.*, 2000 Mont. Dist. LEXIS 2580, at *13-14 (Mont. Dist. Ct. 2000). |
| Pennsylvania | *Redland Soccer Club v. Dep't of the Army*, 548 Pa. 178, 195-96 (Pa. 1997). |
| Utah | *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 979 (Utah 1993). |
| West Virginia | *Bower v. Westinghouse Elec. Corp.*, 206 W. Va. 133, 141-42 (W. Va. 1999). |

010270-11  623220 V1