# Exhibit B

**PLAINTIFFS' PROPOSED SPECIAL VERDICT FORMS**

**NEGLIGENCE**

*ARRINGTON V. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION*

*Set forth below are suggested interrogatories to be presented on Special Verdict Forms at Trial. This form is meant to be illustrative only, and not comprehensive. Plaintiffs may suggest changes to the special interrogatories herein.*

## NEGLIGENCE

Negligence is a failure to exercise reasonable care that causes damage, injury or other harm to a person in breach of a duty to that person to exercise reasonable care. Specifically, the four elements of a negligence claim are (i) a duty, (ii) a breach of that duty, (iii) causing (iv) injury or harm to a person. You, the jury, will address all four elements for plaintiffs Adrian Arrington, Derek Owens, and Angelica Palacios on behalf of the Negligence/Medical Monitoring Class, and only the first two elements for plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, and Kyle Solomon on behalf of the Core-Issues Class.

*Element One – Duty*

A person's duty to exercise reasonable care towards another person can arise from various sources. Here, plaintiffs assert that the NCAA owed them a duty of reasonable care arising from two sources: whether the NCAA (i) assumed an obligation to issue and enforce regulations protecting plaintiffs from repetitive concussions or (ii) had a special relationship with plaintiffs requiring it to issue and enforce regulations protecting plaintiffs from repetitive concussions. All states and the District of Columbia recognize the first source, *i.e.*, assuming an obligation, as a viable source duty. The District of Columbia and all but seven states recognize the second source, *i.e.*, a special relationship, as a source of duty.

Here is a description of the circumstances under which an undertaking or action by the NCAA could giving rise to a duty:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

For all plaintiffs and class members in all states (and the District of Columbia), do you find by a preponderance of the evidence that the NCAA undertook a service to each plaintiff that the NCAA should have reasonably recognized was necessary to protect plaintiffs from physical injury?

Yes ☐            No ☐

Second, here is a description of the circumstances under which a special relationship between the NCAA and plaintiffs/class members could give rise to a duty by the NCAA to protect them from harm:

> A special relationship creating a duty by an organization to take action to protect a person from physical harm can spring from such circumstances as the organization's control over the person, its policies and programs regulating the person's safety and physical well-being, economic benefit that it obtains from the person, the person's dependency on the institution, and the person's vulnerability to physical harm and need for protection.

For plaintiffs Derek Owens and Angelica Palacios on behalf of class members in the District of Columbia and all states except Delaware, Illinois, Kansas, Louisiana, Maine, South Carolina, South Dakota, and Wisconsin in view of all the circumstances of the NCAA's relationship with plaintiffs, do you find by a preponderance of the evidence that there was a special relationship between the NCAA and plaintiffs such that the NCAA had a duty to exercise reasonable care to protect plaintiffs from physical harm resulting from repetitive concussive or sub-concussive hits?

Yes ☐                             No ☐

*Element Two – Breach of Duty*

For all plaintiffs and class members in all states and the District of Columbia, do you find by a preponderance of the evidence that the NCAA failed to exercise reasonable care in undertaking a service to each plaintiff?

Yes ☐                             No ☐

For plaintiffs Derek Owens and Angelica Palacios on behalf of class members in the District of Columbia and all states except Delaware, Illinois, Kansas, Louisiana, Maine, South Carolina, South Dakota, and Wisconsin, do you find by a preponderance of the evidence that the NCAA failed to exercise reasonable care to protect plaintiffs from physical harm?

Yes ☐                             No ☐

*Element Three – Causation*

A cause of harm is something that is a substantial factor in bringing about the harm. To find causation, the NCAA's negligence need not be the only cause of any increase in plaintiffs' risk of injury. The NCAA's negligence, if any, is not a cause of any harm to plaintiffs unless injury to a person in plaintiffs' situation was a reasonably foreseeable result of that negligence. Plaintiffs' specific injury need not have been foreseeable. It is enough if a reasonably careful person, under the same or similar circumstances, would have anticipated that injury to a person in plaintiffs' situations might result from the NCAA's conduct.

For plaintiffs Adrian Arrington, Derek Owens, and Angelica Palacios, do you find by a preponderance of the evidence that the NCAA's breach of its duty to exercise reasonable care in undertaking a service caused an increase in their risk of physical injury?

Yes ☐                          No ☐

For plaintiffs Derek Owens and Angelica Palacios on behalf of class members in the District of Columbia and all states of the Negligence/Medical-Monitoring Class except Illinois, do you find by a preponderance of the evidence that the NCAA's breach of its duty to exercise reasonable care to protect them from physical harm caused an increase in their risk of physical injury?

Yes ☐                          No ☐

### *Element Four – Injury and Remedy*

For plaintiffs Adrian Arrington, Derek Owens, and Angelica Palacios, do you find by a preponderance of the evidence that the NCAA's breach of its duty to exercise reasonable care in undertaking a service substantially increased their risk of physical injury?

Yes ☐                          No ☐

For plaintiffs Derek Owens and Angelica Palacios, do you find by a preponderance of the evidence that the NCAA's breach of its duty to exercise reasonable care to protect them from physical harm substantially increased their risk of physical injury?

Yes ☐                          No ☐