Filed: 12/18/13
Judge: John Z. Lee
Magistrate: Geraldine Soat Brown
Lead Case: 13cv9116
Dmk

Case: 1:11-cv-06356 Document #: 206 Filed: 12/18/13 Page 1 of 3 PageID #:4774

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION STUDENT-ATHLETE
CONCUSSION INJURY LITIGATION

| | |
|---|---|
| Adrian Arrington, et al. v. National Collegiate Athletic Association, et al., N.D. Illinois, C.A. No. 1:11-06356 | |
| Chris Walker, et al. v. National College Athletic Association, et al., E.D. Tennessee, C.A. No. 1:13-00293  N.D.IL 1:13cv9117 | MDL No. 2492 |

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Northern District of Illinois *Arrington* action move to centralize this litigation in that district. This litigation currently consists of two actions pending in two districts.[1] Common defendant National Collegiate Athletic Association (the NCAA) does not oppose the motion. Plaintiffs in the Northern District of Georgia *Caldwell* potential tag-along action suggest centralization in the Northern District of Georgia or, alternatively, the Southern District of Indiana.

Plaintiffs in the Eastern District of Tennessee *Walker* action and potential tag-along actions pending in the Southern District of Indiana and the Western District of Missouri oppose the motion.[2] The Southern District of Indiana *DuRocher* potential tag-along plaintiffs alternatively suggest centralization in the Southern District of Indiana. Helmet manufacturer defendants in the *DuRocher* potential tag-along action[3] oppose centralization and request, if centralization is granted, the claims

---

[*] Judge Marjorie O. Rendell did not participate in the disposition of this matter.

[1] The Panel has been notified of eight related actions pending in the Northern District of Florida, the Northern District of Georgia, the Southern District of Indiana, the District of Minnesota, the Eastern District of Missouri, the Western District of Missouri, the District of South Carolina, and the Western District of Tennessee. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The *Walker* plaintiffs opposed centralization in their briefs, but at oral argument, argued in favor of centralization in the Southern District of Indiana.

[3] Kranos Corp. d/b/a Schutt Sports (Schutt Sports); and Riddell, Inc.; All American Sports Corporation; Riddell Sports Group, Inc.; Easton-Bell Sports, Inc.; Easton-Bell Sports, LLC; EB Sports Corp.; and RBG Holdings Corp. (collectively, Riddell).

-2-

against them be severed and remain in the Southern District of Indiana. They support centralization in the Southern District of Indiana, in the alternative.

The actions before the Panel seek medical monitoring for putative classes of former student-athletes at NCAA-member schools who allege they suffered concussions. Plaintiffs allege that the NCAA concealed information about the risks of the long-term effects of concussion injuries. Opponents to centralization argue, *inter alia*, that (1) the putative classes and claims alleged in these actions do not sufficiently overlap; and (2) given the small number of actions pending, alternatives to centralization are preferable. Opponents' arguments, while persuasive when the Section 1407 motion was first filed, are less compelling now given the current state of the litigation. Since the motion for centralization was filed, an additional eight related actions have been filed, most alleging overlapping putative classes of former football players at NCAA-member schools. The Northern District of Illinois *Arrington* action involves student-athletes who participated in additional sports, and the putative class alleged in that action is more limited in scope. Most of the actions now pending, however, involve nearly completely overlapping putative classes and claims. Moreover, we are persuaded that the overlap between *Arrington* and the remaining actions is sufficient to warrant centralization. Regardless of the scope of the putative classes alleged, all actions share common factual questions concerning the NCAA's knowledge of the risks of concussions in football players and its policies governing the protection of players from such injuries. Plaintiffs in all actions seek medical monitoring for putative class members.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations against the NCAA stemming from injuries sustained while playing sports at NCAA-member institutions, including damages resulting from the permanent long-term effects of concussions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The parties to the *DuRocher* potential tag-along action request exclusion of their action from centralized proceedings, and alternatively, the helmet manufacturer defendants seek separation and remand of the products liability claims against them. The *DuRocher* action presently is not before the Panel, as it is not part of the motion for centralization. Nevertheless, the Panel did discuss whether the liability claims against the helmet manufacturers should be centralized with the NCAA cases. We conclude that they should not be included. Therefore, we will place the NCAA claims in the *DuRocher* action on a conditional transfer order for centralized proceedings, but we will leave the claims against the helmet manufacturers in the transferor court.[4]

The Panel included similar products liability claims against Riddell in MDL No. 2323 – *In re National Football League Players' Concussion Injury Litigation*. *See* 842 F. Supp. 2d 1378

---

[4] The parties may oppose the conditional transfer order, consistent with Panel Rule 7.1.

-3-

(J.P.M.L. 2012). In that situation, however, the claims were pending in more than one action against only Riddell—the official helmet manufacturer of the National Football League (NFL). Moreover, plaintiffs in those actions suggested that Riddell and the NFL may have acted in concert in concealing the long-term effects of concussion injuries. Here, only one action brings claims against competing manufacturers, and plaintiffs do not allege any concerted action. It seems unlikely that the products liability claims would share sufficient overlap with the common claims against the NCAA to warrant inclusion in centralized proceedings.

We are persuaded that the Northern District of Illinois is the most appropriate transferee district. The *Arrington* action has been pending there for more than two years and is far more advanced than the other recently-filed actions. This district also is reasonably close to the NCAA's headquarters in Indiana, where relevant documents and witnesses will be located.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John Z. Lee for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro     Charles R. Breyer
Lewis A. Kaplan     Sarah S. Vance
Ellen Segal Huvelle